# Exhibit B



Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 646-217-7525
gcasamento@lockelord.com

February 14, 2019

**VIA EMAIL**

Adam R. Shaw
Boies Schiller Flexner LLP
30 South Pearl St., 11th Floor
Albany, NY 12207
ashaw@bsfllp.com

Re: Golden v. JP Morgan Chase, et al., No. 1:17-ap-01005-ESS (Bankr. E.D.N.Y.)

Mr. Shaw:

I write on behalf of National Collegiate Student Loan Trust 2006-4 (the "2006-4 Trust") in response to your February 4, 2019 letter following up on certain issues discussed during our recent discovery meet and confer call.[1]

First, your letter specifies a request for "every single guaranty agreement, purchase agreement, origination agreement, and all other documents incorporated by reference into the Deposit and Security Agreement, National Collegiate Student Loan Trust 2006-4 and the Deposit and Sale Agreement, National Collegiate Student Loan Trust 2006-4." The 2006-4 Trust has agreed to search for and produce guaranty agreements, purchase agreements, origination agreements, and similar documents incorporated by reference into the Deposit and Security Agreement and/or Deposit and Sale Agreement. The 2006-4 Trust has already produced a number of those documents. See Bates Nos. Golden_2006-4_000001 - Golden_2006-4_001138; Golden_2006-4_001264 – Golden_2006-4_001399. We continue to search for responsive documents and will continue to make productions on a rolling basis as additional responsive materials are identified.

Your letter also requests, "[i]n light of TERI's bankruptcy," various documents relating to proceedings in the TERI bankruptcy or orders issuing from that bankruptcy. These requests are irrelevant to plaintiff's claims at issue in this case, and therefore the 2006-4 Trust will not search for and/or produce such documents, if any exist.

Plaintiff's loan that is held by the 2006-4 Trust is non-dischargeable because it falls under Section 523(a)(8)(A)(i). That section provides that an educational loan is not dischargeable in

---

[1] The 2006-4 Trust incorporates into this letter by reference all of its General Objections and Specific Objections to Requests Nos. 2, 8, and 11 in response to Plaintiff's Second Request for the Production of Documents. This letter does not waive any of the 2006-4 Trust's objections raised therein.

Adam R. Shaw
February 14, 2019
Page Two

bankruptcy if it is "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution . . . ." 11 U.S.C. § 523(a)(8)(A)(i). Plaintiff obtained her loan in September 2006. The loan was made under the Bank One Education One Loan Program (the "Loan Program"). At the time the loan was made, the Loan Program was guaranteed by TERI, a non-profit institution. As such, Plaintiff's loan is subject to Section 523(a)(8)(A)(i) because it was "made under [a] program funded in whole or in part by a ... nonprofit institution." That TERI filed for bankruptcy in 2008, almost two years after the loan was funded, does not change this.

The 2006-4 Trust's position is supported by a plain reading of the statute. If you believe there is caselaw that supports a view that events occurring years after the loan closed are somehow relevant to the application of Section 523(a)(8)(A)(i), please provide it to us and we will consider it. In any event, and as the various items you enclosed with your letter demonstrate, the record of those proceedings is public and equally available to plaintiff.

As agreed, the 2006-4 Trust will produce documents showing that plaintiff's loan was made in 2006, that it was made as part of the Bank One Education One Loan Program, and that the Loan Program was guaranteed by TERI at the time the loan was made. Plaintiff's request for any TERI-related documents reflecting events that took place *subsequent* to the origination of the loan, such as the 2008 TERI bankruptcy, modifications and/or terminations of any TERI-related agreements as a result, communications made to noteholders regarding the same, or payments made from TERI to the 2006-4 Trust under any bankruptcy order or agreement, are both temporally and substantively irrelevant to the issues in this case.

We would be happy to discuss these issues further when convenient.

Regards,

*Gregory T. Casamento*

Gregory T. Casamento, Esq.

cc: to All Counsel of Record