# Exhibit H

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  EASTERN DISTRICT OF NEW YORK
3  Case No. 16-40809-ess
4  Adv. Case No. 17-01005
5  - - - - - - - - - - - - - - - - - - - - - - - - - -x
6  In the Matter of:
7
8  TASHANNA B GOLDEN
9
10         Debtor.
11  - - - - - - - - - - - - - - - - - - - - - - - - - -x
12  TASHANNA B GOLDEN
13
14             Plaintiff,
15         v.
16  NATIONAL COLLEGIATE TRUST ET AL
17
18             Defendants.
19  - - - - - - - - - - - - - - - - - - - - - - - - - -x
20
21
22
23
24
25

```
 1              United States Bankruptcy Court
 2              271-C Cadman Plaza East
 3              Brooklyn, NY 11201
 4
 5              August 27, 2019
 6              3:24 PM
 7
 8
 9  B E F O R E :
10  HON ELIZABETH S. STONG
11  U.S. BANKRUPTCY JUDGE
12
13  ECRO:   UNKNOWN
14
15
16
17
18
19
20
21
22
23
24
25
```

1  HEARING re Adjourned Pre-Trial Conference re [1] Complaint
2  [32] Amended Complaint
3  Adjourned from: 3/9/17 4/18/17 7/19/17 8/30/17 10/24/17
4  1/9/18 1/30/18 3/8/18 5/14/18 7/26/18 10/3/18 11/28/18
5  1/31/19 3/7/19 4/23/19 7/15/19

25  Transcribed by:  Sonya Ledanski Hyde

Case 1-17-01005-ess    Doc 186-9    Filed 10/10/19    Entered 10/10/19 22:37:52

Page 4

```
 1   A P P E A R A N C E S :
 2
 3   JONES, SWANSON, HUDDELL & GARRISON, LLC
 4        Attorney for Tashanna B. Golden
 5        601 Pydras Street
 6        Suite 2655
 7        New Orleans LA 70130
 8
 9   BY:   LYNN E. SWANSON
10
11   SMITH LAW GROUP
12        Attorney for Tashanna B. Golden
13        3 Mitchell Place Suite 5
14        New York, NY 10017
15
16   BY:   AUSTIN C. SMITH
17
18   BOIES SCHILLER FLEXNER LLP
19        Attorney for Tashanna B. Golden
20        30 South Pearl Street
21        Albany, NY 12207-3427
22
23   BY:   ADAM SHAW
24
25
```

Veritext Legal Solutions
212-267-6868    www.veritext.com    516-608-2400

```
 1   BALLANRD SPAHR
 2         Attorney for Citibank, N.A.
 3         1675 Broadway, 19th Floor
 4         New York, NY 10019
 5
 6   BY:   MARJORIE J. PEERCE
 7
 8   PERRY GUTHERY HAASE & GESSFORD PC
 9         Attorney for Firstmark Services
10         233 South 13th Street
11         Lincoln NE 68508
12
13   BY:   CHARLES KAPLAN
14
15   THE SENIAWKI LAW FORM PLLC
16         Attorney for Firstmark Services
17         1460 Broadway, 4th Floor
18         New York, NY 10036
19
20   BY:   BARBARA SENIAWSKI
21
22
23
24
25
```

```
 1   PEPPER HAMILTON LLP
 2         Attorney for Pennsylvania Higher Education
 3         Assistance Agency
 4         620 Eighth Avenue
 5         37th Floor
 6         New York, NY 10018
 7
 8   BY:   H. PETER HAVELES
 9
10   LOCKE LORD LLP
11         Attorney for GS2 2016-A, Defendant
12         Brookfield Place 200
13         Vesey Street 20th Floor
14         New York, NY 10281
15
16   BY:   GREGORY T. CASAMENTO
17         R. JAMES DEROSE
18
19
20
21
22
23
24
25
```

1    THE COURT: I have his letter. It was filed at
2 10:14 last night.
3    MS. SENIAWSKI: Thank you. Since the last
4 conference, we have produced the privilege law, and we have
5 also gone to all of the non-parties that are affected by the
6 document requests that are made to Firstmark with whom we
7 have confidentiality obligations, and we have requested
8 whether or not we have their consent to produce the
9 documents.
10    THE COURT: And this is what brings Citibank here.
11    MS. SENIAWSKI: Exactly.
12    THE COURT: Right.
13    MS. SENIAWSKI: So Citibank did respond, and since
14 they are here, I will not speak for Citibank. Several
15 lenders consented, in which case, we will be producing more
16 documents.
17    THE COURT: Okay, good.
18    MS. SENIAWSKI: That is not an issue. Several
19 lenders expressly said no. Citibank is one of them.
20 Several lenders have not responded. And so, to generally
21 give you our overview, as Mr. Haveles has very helpfully
22 discussed, you know, the threshold is relevance. But then,
23 even beyond the relevance, what we would ask with respect to
24 our confidentiality obligations is that the Plaintiff either
25 directly subpoena the non-party, or that the non-party be

1   given a chance to interpose their objections within this
2   proceeding.
3           THE COURT:  All right.  All right, as a process
4   matter, that certainly makes sense, whether it's in response
5   to a subpoena -- maybe it needs to be to have the best
6   possible record.  Could you give me a sense of order of
7   magnitude of how many in the different categories there are,
8   how many lenders in total, how many said yes, how many said
9   no, how many said, we haven't said anything yet?  Order of
10  magnitude, and if it's helpful to have your colleague chime
11  in, even though I know you were up quite late last night Mr.
12  Kaplan, I'll take the information in a ballpark way from
13  whoever I can get it from.  I don't think it's in the
14  letter, but if I'm wrong, I apologize.  I'm double checking.
15          MS. SENIAWSKI:  I know Mr. Kaplan has those
16  numbers.  Chip, if you're --
17          THE COURT:  Mr. Kaplan, how many lenders did
18  Nelnet reach out to, did Firstmark reach out to?
19          MR. KAPLAN:  Your Honor, I believe there were
20  somewhere in the ballpark of 20 non-party loan holder
21  clients --
22          THE COURT:  Okay.
23          MR. KAPLAN:  -- the communication was sent out to.
24  Of those approximately 20, I want to say six or seven
25  consented, two or three explicitly (indiscernible), and the

1  remaining nine or ten didn't respond

2  THE COURT: So you've heard from about half.

3  You're waiting to hear from the other half. And of the half

4  you've heard from, about two-thirds said yes, and about one-

5  third said, actually, no. All right, well, I do think

6  you're taking the steps you need to take. I always am

7  surprised by how long things take, but I also appreciate how

8  long things take in terms of how long we've been working on

9  this. It may be that this is -- is there anything further

10 from Firstmark's perspective? The things you've -- the

11 documents and information that you've got, that you have

12 been -- that you've got an agreement to the production of,

13 you have produced. Is that correct?

14 MS. SENIAWSKI: Your Honor, we will be producing

15 them.

16 THE COURT: How soon?

17 MS. SENIAWSKI: My understanding is, within the

18 next couple of weeks. It may be sooner than that, but Mr.

19 Kaplan is actually deeply involved in the process.

20 THE COURT: Mr. Kaplan, ballpark sense of when the

21 Plaintiffs can begin to see this particular universe of

22 documents? And rolling production is sometimes helpful. Do

23 you think in two weeks, you can begin the production?

24 MR. KAPLAN: Your Honor, we (indiscernible) --

25 absolutely. I think the goal will be well before two weeks,