UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Golden,<br>Tashana B. Golden<br>*fka* Tashana B. Pearson,<br><br>Debtor, | Chapter 7<br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>Plaintiff,<br><br>v.<br><br>National Collegiate Student Loan Trust 2006-4, Goal Structured Solutions Trust 2016-A, Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and Firstmark Services,<br><br>Defendants. | Adv. Proc. No. 17-1005 (ESS) |

**DECLARATION OF GEORGE F. CARPINELLO IN SUPPORT OF PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, CLASS CERTIFICATION, AND A PRELIMINARY INJUNCTION**

**George F. Carpinello**, an attorney at law admitted to practice before the Courts of the State of New York and the Eastern District of New York, declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner with the law firm of Boies Schiller Flexner LLP, attorneys for Plaintiff, and I make this Declaration in Support of Plaintiff's Motions for Summary Judgment, Class Certification, and Preliminary Injunction.

2. Attached hereto as Ex. A is a true and correct copy of Citibank's October 16, 2015 letter, which was previously filed in this action as Ex. F to the Affirmation of Marjorie J. Pierce in Support of Non-Party CitiBank, N.A.'s Motion for a Protective Order, dated October 10, 2019 (Dkt. 186-7).

3. Attached hereto as Ex. B is a true and correct copy of excerpts from the transcript of the sworn deposition testimony of Peter Sadowski, taken on January 27, 2020.

4. Attached hereto as Ex. C is a true and correct copy of excerpts from the transcript of the sworn deposition testimony of Katelynn Bias, taken on August 30, 2019.

5. Attached hereto as Ex. D is a true and correct copy of excerpts from Defendant Goal Structured Solutions Trust 2016-A ("Goal")'s verified responses to Plaintiff's Second Set of Interrogatories, dated September 27, 2019.

6. Attached hereto as Ex. E is a true and correct copy of excerpts from Defendant National Collegiate Student Loan Trust 2006-4 ("NCT")'s verified responses to Plaintiff's Second Set of Interrogatories, dated September 27, 2019.

7. Attached hereto as Ex. F is a true and correct copy of excerpts from the transcript of the sworn deposition testimony of Carlin Golden, taken on November 20, 2019.

8. Attached hereto as Ex. G is a true and correct copy of FM-Golden 1511-1521, a document produced by Defendant Firstmark Services ("Firstmark") in discovery in this action.

9. Attached hereto as Ex. H is a true and correct copy of 2016A_Golden_000007-000008, a document produced by Defendant Goal in discovery in this action.

10. Attached hereto as Ex. I is a true and correct copy of Plaintiff Tashanna Golden's bar loan application, which was previously filed in this action as Ex. D to the Affirmation of Marjorie J. Pierce in Support of Non-Party CitiBank, N.A.'s Motion for a Protective Order, dated October 10, 2019 (Dkt. 186-5).

11. Attached hereto as Ex. J is a true and correct copy of a document filed by TERI in its bankruptcy proceeding entitled "Motion for Order Authorizing Debtor to Enter Into Stipulation for the Termination of Certain of the Debtor's Student Loan Programs and Settlement of Certain Claims Thereto," dated May 28, 2008 in *In re The Education Resources Institute, Inc.*, Case No. 08-12540(HB) (Dkt. 202).

12. Attached hereto as Ex. K is a true and correct copy of excerpts from the transcript of the sworn deposition testimony of Richard Neely, taken on April 24, 2019.

13. Attached hereto as Ex. L is a true and correct copy of excerpts from the transcript of the sworn deposition testimony of John Hupalo, taken on November 19, 2018.

14. Attached hereto as Ex. M is a true and correct copy of excerpts from the SEC Form 10-K filed by First Marblehead Corp. for the fiscal year ending June 30, 2004.

15. Attached hereto as Ex. N is a true and correct copy of excerpts from the SEC Form 10-K filed by First Marblehead Corp. for the fiscal year ending June 30, 2006.

16. Attached hereto as Ex. O is a true and correct copy of excerpts from the SEC Form 10-K filed by First Marblehead Corp. for the fiscal year ending June 30, 2005.

17. Attached hereto as Ex. P is a true and correct copy of excerpts from the Amendment No. 2 to Form S-1 of the First Marblehead Corp., dated October 14, 2003.

18. Attached hereto as Ex. Q is a true and correct copy of excerpts from the SEC Form 10-Q filed by First Marblehead Corp. for the fiscal year ending September 30, 2003.

19. Attached hereto as Ex. R is a true and correct copy of excerpts from the SEC Form 10-K filed by First Marblehead Corp. for the fiscal year ending June 30, 2008.

20. Attached hereto as Ex. S is a true and correct copy of excerpts from the SEC Form 10-K filed by First Marblehead Corp. for the fiscal year ending June 30, 2009.

21. Attached hereto as Ex. T is a true and correct copy of a document produced as Ex. 1 to the Declaration of Gregory T. Casamento, counsel for NCT and Goal in this proceeding, dated December 8, 2017, (Dkt. 45-2).

22. Attached hereto as Ex. U is a true and correct copy of 26 CFR § 1.221-1(e)(4).

23. Attached hereto as Ex. V is a true and correct copy of Section 801 of the Higher Education Act, P.L. 89-329 (Nov. 8, 1965).

24. Attached hereto as Ex. W is a true and correct copy of an excerpt from the Federal Register, 49 Fed. Reg. 48501 (Dec. 12, 1984).

25. Attached hereto as Ex. X is a true and correct copy of P.L. 94-482, October 12, 1976.

26. Attached hereto as Ex. Y is a true and correct copy of P.L. 95-598, November 6, 1978.

27. Attached hereto as Ex. Z is a true and correct copy of P.L. 96-56, August 14, 1979.

28. Attached hereto as Ex. AA is a true and correct copy of an excerpt from the transcript of a hearing on P.L. 98-353 before the Senate Committee on Judiciary that took place on April 6, 1983.

29. Attached hereto as Ex. BB is a true and correct copy of excerpts from TERI's application for tax exempt status with the IRS, which was obtained by Plaintiff's counsel pursuant to a public records request on November 15, 2018.

30. Attached hereto as Ex. CC is a true and correct copy of TERI's Consolidated Financial Statements and Report of Independent Auditors, PricewaterhouseCoopers for the years 2006-2007. This document is publicly available through the Massachusetts Attorney General's website: http://www.charities.ago.state.ma.us/charities/. Last visited July 9, 2020.

31. Attached hereto as Ex. DD is a true and correct copy of an excerpt from TERI's Consolidated Financial Statements for the years 2005-2006, produced in this action as 2006-4_Golden_000979.

32. Attached hereto as Ex. EE is a true and correct copy of an excerpt from the U.S. Department of Education Federal Student Loan Programs Databook. This Databook is publicly available at: https://protect-us.mimecast.com/s/anXNCAD96VTnkJWzfGp1W8, last visited July 6, 2020.

33. Attached hereto as Ex. FF is a true and correct copy of an excerpt from the Modified Fourth Amended Plan of Reorganization in the TERI bankruptcy proceeding, Case No. 08-12540 (Dkt. No. 1139), filed August 30, 2010.

34. Attached hereto as Ex. GG is a true and correct copy of excerpts from the Guarantee Agreement and Program Guidelines between TERI and BankOne, produced in this action as 2006-4_Golden-001264-001290.

35. Attached hereto as Ex. HH is a true and correct copy of the Declaration of Mark Kantrowitz and accompanying Report, submitted in *Homaidan v. Navient Corp.* (*In re Homaidan*), Adv. Pro. No. 17-1085, on December 19, 2019 (Dkt. No. 176).

36. Attached hereto as Ex. II is a true and correct copy of an excerpt from the transcript of the oral argument held in *In re Homaidan*, Adv. Pro. No. 17-1085, on April 9, 2018.

37. Attached hereto as Ex. JJ is a true and correct copy of an excerpt from the transcript of the oral argument held in *In re Homaidan*, Adv. Pro. No. 17-1085, on May 7, 2020.

38. Attached hereto as Ex. KK is a true and correct copy of the court's decision in *In re Jones*, 16-03235 (Dkt. No. 44) (Bankr. S.D. Tex. May 19, 2017).

39. Attached hereto as Ex. LL is a true and correct copy of an excerpt from the transcript of the oral argument held in *Ajasa v. Wells Fargo Bank* (*In re Ajasa and Lopez*), Adv. Pro. No. 1-18-01122 (ESS) held on Feb. 28, 2019 (Dkt. No. 17).

40. Attached hereto as Ex. MM is a true and correct copy of an excerpt from the transcript of the oral argument previously held in this matter on April 9, 2018 (Dkt. No. 74).

41. I have over 40 years of experience litigating and trying complex commercial cases, including in the area of consumer protection. This includes serving as lead trial counsel on a nationwide team of lawyers prosecuting product liability claims involving defective table saws, lead counsel on a product liability mass tort action involving defective washing machine hoses, representing commercial plaintiffs in securities fraud actions, and representing relators in major qui tam False Claims Action cases.

42. My partner, Adam Shaw, has over 30 years of experience litigating and trying complex commercial cases, including in the area of consumer protection. This includes serving as

5

lead counsel representing classes of credit card consumers against banks and representing commercial plaintiffs in securities fraud actions.

43. The law firm of Boies Schiller Flexner LLP has extensive experience in complex class-action litigation, having been involved in literally scores of class actions. Adam Shaw and I, in particular, are lead counsel in seven (7) class actions in the bankruptcy courts in the Southern and Eastern Districts relating to issues very similar to those addressed in this action. Three of those actions have already settled. In addition, Mr. Carpinello and Mr. Shaw are counsel in the related class action, *Homaidan v. Sallie Mae* (*In re Homaidan*), Adv. Pro. 17-1085 (Bankr. E.D.N.Y.) (Stong, J.), proceedings in this Court as well as proceedings pending in the Northern District of New York and the Southern District of Texas which also involve claims very similar to those alleged here, *i.e.*, the collection by creditors on direct-to-consumer loans made to students that were discharged in bankruptcy.

44. Thus, Mr. Shaw and I have extensive experience in class actions, either in bankruptcy court or related to bankruptcy proceedings, specifically concerning the actions of creditors seeking to collect on discharged debts.

45. With over 200 attorneys, Boies Schiller Flexner has the financial capability to incur the necessary costs for prosecuting this class action. For example, Boies Schiller Flexner LLP has disbursed all the litigation costs during the pendency of all seven (7) of the bankruptcy class actions described above in this action as well as in *In re Homadian*.

46. Adam Shaw and I, on behalf of Boies Schiller Flexner LLP, are committed to the full preparation of this case through the performance of necessary and reasonable discovery and are willing to take this case to trial should that become necessary. We are committed to acting in the best interest of the class, and understand our duties in that regard under applicable law.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  July 13, 2020

*/s/ George F. Carpinello*
George F. Carpinello

## **CERTIFICATE OF SERVICE**

I, George F. Carpinello, hereby certify that on the 13th day of July, 2020, I served the forgoing document on all counsel of record via ECF and electronic mail.

*/s/ George F. Carpinello*
George F. Carpinello
