**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
_____X
In re Golden                                          :
                                                      :    **Chapter 7**
                                   Debtor,            :
                                                      :    **Case No. 16-40809 (ESS)**
                                                      :
_____:
                                                      :
Tashanna B. Golden f/k/a Tashanna B. Pearson on       :    **Adv. Pro. No. 1-17-01005(ESS)**
behalf of herself and all others similarly situated   :
                                                      :
                                   Plaintiffs,        :
                              v.                      :
National Collegiate Student Loan Trust 2005-3,        :
National Collegiate Student Loan Trust 2006-4, GS2    :
2016-A, Pennsylvania Higher Education Assistance      :
Agency d/b/a American Education Services, and        :
Firstmark Services,                                   :
                                                      :
                                   Defendants.        :
_____X

**RESPONSES AND OBJECTIONS OF GOAL STRUCTURED SOLUTIONS TRUST**
**2016-A TO PLAINTIFF TASHANNA B. GOLDEN'S**
**SECOND SET OF INTERROGATORIES**

Defendant Goal Structured Solutions Trust 2016-A, incorrectly sued herein as GS2 2016-A, (the "Trust"), pursuant to Federal Rules of Civil Procedure 26 and 33 and Federal Rules of Bankruptcy Procedure 7026 and 7033, responds to Plaintiff Tashanna B. Golden's Second Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to all Interrogatories, whether or not a General Objection is referred to specifically in response to any particular Interrogatory:

1.    The responses set forth below are based upon information currently known to the Trust. The Trust submits these responses without waiving or intending to waive the right to object on the following bases: competence, relevance, materiality, privilege, and/or admissibility. The

1

Objections. Nor is any Response intended to be, and should not be construed as, a waiver of any General or Specific Objection herein.

## OBJECTIONS TO DEFINITIONS

1. The Trust objects to the Definition of "You" and "Your" as overly broad, unduly burdensome, vague and ambiguous, and seeking discovery that is neither relevant to the claims and defenses in this litigation nor proportional to the needs of this case because it purports to include "parents, subsidiaries, or affiliate [sic] as well as any officers, directors, employees, agents or contractors, who currently or during the relevant time period have been employed by or have worked as their agent or on their behalf." The Trust further objects to this Definition as overly broad, unduly burdensome, and seeking discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it purports to assert that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust is a separate corporate entity and will interpret the definition of "You" and "Your" so that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

## RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

**INTERROGATORY NO. 1:** Describe how You determine that private education loans meet the requirements of a "qualified education loan" as defined in Internal Revenue Code Section 221(d).

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of

3

the action, the computation of each category of damage alleged, or the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory to the extent it seeks information relating to education loans that are not held by the Trust. The Trust objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust will interpret this Interrogatory such that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

The Trust further objects to this Interrogatory on the ground that it calls for the Trust to make a legal conclusion. The Trust further objects to this Interrogatory on the ground that it is vague and ambiguous because the phrase "private education loan" is undefined and unascertainable from the face of the Interrogatory.

Subject to the foregoing General and Specific Objections, the Trust states that the education loans securitized into the Trust are part of a program that made qualified education loans as defined by Internal Revenue Code § 221(d). Each education loan in the Trust was made for the purpose of paying all or a portion of the related borrower's cost of attendance at eligible educational institutions, including for paying for the borrower's expenses associated with the bar examination during the period the borrower requested the loan, or for paying for the cost of the borrower's medical or dental Board Review Courses and/or costs associated with the borrower's interviewing

or relocation expenses associated with an approved medical or dental residency. The program guidelines pursuant to which Citibank originated every education loan that was deposited into the Trust required that each loan be used for these qualified education expenses. Further, every education loan in the Trust was required to receive a certification, either by the respective borrower's educational institution, or by the borrower, that the loan was made for qualified education expenses, and in the cases of loans obtained for the purpose of undergraduate or graduate education at a qualified educational institution, not exceeding the cost of attendance of that institution. Finally, each borrower who obtained an education loan or loans for the purposes of undergraduate or graduate education at a qualified educational institution, including Plaintiff, had to acknowledge on his or her loan application and/or the relevant credit agreement that he or she could only borrow up to the cost of attendance less any financial aid he or she received, and that the borrower's educational institution would be requested to certify the amount of the loan and that, as a result of the institution's certification, the amount disbursed could be less than the amount the borrower requested. *See, e.g.,* 2016-A_Golden_000007-000008; Citi_Golden_000005. And, the process for obtaining an education loan under the program for the purpose of paying for the borrower's expenses associated with the bar examination during the period the borrower requested the loan, or for paying for the cost of the borrower's medical or dental board review course(s) and/or costs associated with the borrower's interviewing or relocation expenses associated with an approved medical or dental residency, required a certification from the educational institution that they attended certifying that the borrower had expenses associated with the bar examination during the period for which the loan was requested (*see e.g.*, Citi_Golden_000007), or additional documentation evidencing that the borrower was registered for a board review course or was graduating and pursuing a medical or dental residency or internship.

5

the loans pursuant to servicing agreements. These servicing agreements set forth the procedures by which the loan servicers service education loans, including servicing procedures for loans in bankruptcy. Pursuant to Rule 33(d), the Trust refers Plaintiff to 2016-A_Golden_000433-000450; 2016-A_Golden_000479-000505; 2016-A_Golden_001522-001534, which are the servicing agreements and related documents that the Trust produced in response to Plaintiff's document requests. The loan servicers act in accordance with the terms of the servicing agreements.

**INTERROGATORY NO. 4:** Describe Your procedures for collecting a loan when a borrower has obtained a discharge in bankruptcy.

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, or the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust will interpret this Interrogatory such that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

The Trust further objects to this Interrogatory on the ground that it is vague and ambiguous. The phrase "collecting a loan" is undefined and unascertainable from the face of the Interrogatory.

Further, it is unclear to the Trust whether "obtained a discharge" refers to an express discharge of the loan or a general discharge order.

Subject to the foregoing General and Specific Objections, and to the extent that the Trust understands the meaning of this Interrogatory, the Trust refers Plaintiff to its Response to Interrogatory No. 3. The Trust further states that, as a general matter, absent a court finding of undue hardship, the issuance of a discharge order does not impact the servicing of an education loan post-discharge because, as explained in Response to Interrogatory No. 1, the loans in the Trust are non-dischargeable education loans.

**INTERROGATORY NO. 5:** Describe Your process for determining whether a loan you service has been discharged in bankruptcy.

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust will interpret this Interrogatory such that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.