UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re Golden                                                   :
                                                               :  **Chapter 7**
                                          Debtor,              :
                                                               :  **Case No. 16-40809 (ESS)**
                                                               :
_____:
                                                               :
Tashanna B. Golden f/k/a Tashanna B. Pearson on                :  **Adv. Pro. No. 1-17-01005(ESS)**
behalf of herself and all others similarly situated            :
                                                               :
                                                               :
                                          Plaintiffs,          :
                       v.                                      :
National Collegiate Student Loan Trust 2005-3,                 :
National Collegiate Student Loan Trust 2006-4, GS2             :
2016-A, Pennsylvania Higher Education Assistance               :
Agency d/b/a American Education Services, and                  :
Firstmark Services,                                            :
                                                               :
                                          Defendants.          :
---------------------------------------------------------------X

### RESPONSES AND OBJECTIONS OF NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4 TO PLAINTIFF TASHANNA B. GOLDEN'S <u>SECOND SET OF INTERROGATORIES</u>

Defendant National Collegiate Student Loan Trust 2006-4 (the "Trust"), pursuant to Federal Rules of Civil Procedure 26 and 33 and Federal Rules of Bankruptcy Procedure 7026 and 7033, responds to Plaintiff Tashanna B. Golden's Second Set of Interrogatories as follows:

### <u>GENERAL OBJECTIONS</u>

The following General Objections apply to all Interrogatories, whether or not a General Objection is referred to specifically in response to any particular Interrogatory:

1.  The responses set forth below are based upon information currently known to the Trust. The Trust submits these responses without waiving or intending to waive the right to object on the following bases: competence, relevance, materiality, privilege, and/or admissibility.

1

Interrogatory, nor shall a specific objection to any Interrogatory herein constitute a waiver of these General Objections. Nor is any Response intended to be, and should not be construed as, a waiver of any General or Specific Objection herein.

## OBJECTIONS TO DEFINITIONS

1.      The Trust objects to the Definition of "You" and "Your" as overly broad, unduly burdensome, vague and ambiguous, and seeking discovery that is neither relevant to the claims and defenses in this litigation nor proportional to the needs of this case because it purports to include "parents, subsidiaries, or affiliate [sic] as well as any officers, directors, employees, agents or contractors, who currently or during the relevant time period have been employed by or have worked as their agent or on their behalf." The Trust further objects to this Definition as overly broad, unduly burdensome, and seeking discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it purports to assert that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust is a separate corporate entity and will interpret the definition of "You" and "Your" so that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

## RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

**INTERROGATORY NO. 1:**      Describe how You determine that private education loans meet the requirements of a "qualified education loan" as defined in Internal Revenue Code Section 221(d).

3

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, or the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust will interpret this Interrogatory such that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

The Trust further objects to this Interrogatory on the ground that it calls for the Trust to make a legal conclusion. The Trust further objects to this Interrogatory on the ground that it is vague and ambiguous because the phrase "private education loan" is undefined and unascertainable from the face of the Interrogatory.

Subject to the foregoing General and Specific Objections, the Trust states that every education loan in the Trust is and will necessarily be a qualified education loan as defined by Internal Revenue Code § 221(d). National Collegiate Funding LLC ("NCF") deposited education loans into the Trust pursuant to a Deposit and Sale Agreement. *See* 2006-4_GOLDEN_000001-000011. NCF obtained those education loans through various Pool Supplement agreements listed on Schedule A to the Deposit and Sale Agreement. *See* 2006-

4_GOLDEN_002113-2126. The Deposit and Sale Agreement contains provisions whereby NCF made representations and warranties with respect to each loan that were identical to the representations and warranties that the sellers of education loans (the original lending institutions that made the education loans) made in the Pool Supplement agreements and related transaction documents. In those agreements, the sellers represented and warranted that every loan they were selling was guaranteed by TERI. *See*, e.g., 2006-4_GOLDEN_005985-6071; 2006-4_GOLDEN_000543-545. TERI will only guarantee an education loan if it satisfies TERI's program guideline standards. The TERI program guidelines, and therefore the loan originators' program guidelines, require that each TERI-guaranteed loan is a "qualified education loan" under the tax code. Further, Plaintiff acknowledged that her loan was and is a qualified education loan in sworn statements that she made under oath in her credit agreement. *See* 2006-4_GOLDEN_0011392006-4_GOLDEN_001153; Ex. 3 to the Trust's 30(b)(6) deposition, dated January 23, 2019.

**INTERROGATORY NO. 2:** Describe Your procedures for obtaining and evaluating a borrower's education cost of attendance.

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, or the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or

**INTERROGATORY NO. 4:** Describe Your procedures for collecting a loan when a borrower has obtained a discharge in bankruptcy.

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, or the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust will interpret this Interrogatory such that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

The Trust further objects to this Interrogatory on the ground that it is vague and ambiguous. The phrase "collecting a loan" is undefined and unascertainable from the face of the Interrogatory. Further, it is unclear to the Trust whether "obtained a discharge" refers to a specific discharge of the loan or a general discharge order.

Subject to the foregoing General and Specific Objections, and to the extent that the Trust understands the meaning of this Interrogatory, the Trust refers Plaintiff to its Response to Interrogatory No. 3. The Trust further states that, as a general matter, absent a court finding of undue hardship, the issuance of a discharge order does not impact the servicing of an education loan post-discharge because, as explained in Response to Interrogatory No. 1, the loans in the

8

Trust are non-dischargeable education loans. Each loan is guaranteed by TERI and each is a qualified education loan as defined by the tax code.

**INTERROGATORY NO. 5:** Describe Your process for determining whether a loan you service has been discharged in bankruptcy.

**RESPONSE:** The Trust objects to this Interrogatory on the ground that it violates Rule 7033-1 of the Eastern District of New York's Local Bankruptcy Rules by seeking information other than the names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of damage alleged, or the existence, custodian, location, and general description of relevant documents. The Trust also objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks discovery that is not relevant to the claims and defenses in this litigation nor proportional to the needs of this case to the extent that it asserts that documents or information in the possession, custody, or control of one of the defendants are therefore in the possession, custody, or control of the Trust. The Trust will interpret this Interrogatory such that it imposes no discovery obligations on any person or entity other than the Trust, and so that it imposes no obligation on the Trust to respond herein on behalf of any of the other defendants or to search for or produce documents or information in the possession, custody, or control of any of the other defendants.

The Trust further objects to this Interrogatory on the ground that it is vague and ambiguous. The phrase "a loan you service" is undefined and unascertainable from the face of the Interrogatory. The Trust further objects to this Interrogatory on the ground that it calls for information not within the possession, custody or control of the Trust.

Subject to the foregoing General and Specific Objections, and to the extent that the Trust understands the meaning of this Interrogatory, the Trust states that it does not service loans.