Hearing Date: June 11, 2008 at 9:00 a.m.
Objection Deadline: June 9, 2008 at 4:30 p.m.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) |
| | ) Chapter 11 |
| THE EDUCATION RESOURCES INSTITUTE, INC., | ) Case No. 08-12540(HB) |
| | ) |
| Debtor. | ) |
| | ) |

## MOTION FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO STIPULATION FOR THE TERMINATION OF CERTAIN OF THE DEBTOR'S STUDENT LOAN PROGRAMS AND SETTLEMENT OF CERTAIN CLAIMS RELATING THERETO

The Education Resources Institute, Inc., the debtor and debtor in possession in the above-captioned case ("TERI" or the "Debtor"), respectfully submits this motion (the "Motion") seeking an order authorizing it to enter into and perform the annexed STIPULATION FOR THE TERMINATION OF CERTAIN OF THE DEBTOR'S STUDENT LOAN PROGRAMS AND SETTLEMENT OF CERTAIN CLAIMS RELATING THERETO ("Stipulation") with JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. ("Chase"). The Stipulation provides for the termination of certain agreements, the compromise of controversies, the absolute transfer of certain property now held as collateral and relief from stay to permit acceptance of the transferred property.

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to

LIBC/3298354.1
A/72540097.2

28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 362, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"). Federal Rules of Bankruptcy Procedure ("FRBP") 4001, 6004, 6006 and 9019 apply to this Motion as does Local Bankruptcy Rule of the United States Bankruptcy Court for the District of Massachusetts ("Local Rule") 9019-1.

## BACKGROUND

2.On April 7, 2008 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3.The Official Committee of Unsecured Creditors in this Chapter 11 Case (the "Creditors' Committee") was appointed on April 30, 2008. No trustee or examiner has been appointed in this Chapter 11 Case.

4.The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.Founded in 1985, TERI is a nonprofit organization incorporated under Massachusetts General Laws, chapter 180, located in Boston, Massachusetts. TERI provides education opportunities for all through its college access and loan guarantee activities. TERI is a national leader in promoting strategies for improving college access. The Debtor manages college access programs that target low-income individuals and those who are the first generation in their families to attend college. These programs are designed to raise student and adult aspirations to include college and other post-secondary education, and to provide guidance and information directly to students and their families on planning and paying for college. TERI is also the managing director of the Pathways to College Network, an alliance of over 30

nonprofit organizations and funders committed to advancing college access and success for underserved students.

6.  TERI's loan guarantee programs help students close the gap between education costs and their other resources such as financial aid, federal student loans, savings and family support. TERI is the oldest and largest guarantor of private (non-government) student loans with more than $18 billion in outstanding guarantees. TERI brings together lenders, schools, students and families to make available low-cost, high quality financing for postsecondary education. Student loans are funded by third party banks, such as Chase, and TERI guarantees the obligations of the borrowers under those loans.

7.  Chase participated in several loan programs identified in the Stipulation (the "Loan Programs"). The Loan Programs are evidenced by documents described in Exhibit A to the Stipulation (the "Program Documents") to which, as to various of the documents, Chase, TERI and The First Marblehead Corporation ("FMC") are parties.

8.  Beginning in September 2007 and continuing through February 2008, Chase made loans under the Loan Programs in the aggregate principal amount of approximately of $626 million. Chase has funded additional loans since February 29, 2008 and the initial disbursements of Pipeline Loans, as defined in paragraph 9 below, is expected to continue until August of 2008. Pursuant to a Deposit and Security Agreement described in the Stipulation, the Debtor funded a Pledged Account (as defined in the Deposit and Security Agreement) with a portion of the guaranty fees that it received upon the funding of loans by Chase. Chase holds a security interest in the Pledged Account, perfected by control pursuant to §§8-106(d) and 9-106 of the Uniform Commercial Code (M.G.L. ch. 106). The balance of the Pledged Account as of April 31, 2008 was approximately $40.2 million.

LIBC/3298354.1
A/72540097.2