PL 94–482, OCTOBER 12, 1976, 90 Stat 2081

UNITED STATES PUBLIC LAWS

94th Congress - Second Session

Convening January 19, 1976

DATA SUPPLIED BY THE U.S. DEPARTMENT OF JUSTICE. (SEE SCOPE)

Additions and Deletions are not identified in this document.

PL 94–482 (S 2657)

OCTOBER 12, 1976

An Act to extend the Higher Education Act of 1965, extend and revise the Vocational Education Act of 1963, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That this Act may be cited as the "Education Amendments of 1976". // 20 USC 1001 note. //

TABLE OF CONTENTS

TITLE I- HIGHER EDUCATION

Part A–Community Services and Continuing Education

Sec. 101. Extension and revision of program.

Part B–College Library Assistance of Libaray Training and Research

Sec. 106. Extension of authorization.
Sec. 107. Revision of research library resources.

Part C–Strengthening Developing Institutions

Sec. 111. Extension of authorization.

Part D–Student Assistance

Sec. 121. Basic education opportunity grants.
Sec. 122. Supplemental educational opportunity grants.
Sec. 123. State student incentive grants.
Sec. 124. Special programs for students from disadvantaged backgrounds.
Sec. 125. Education information program.
Sec. 126 Veterans' cost-of-instruction payments.
Sec. 127. Federal and State insured loan programs.
Sec. 128. Work study program.
Sec. 129 Cooperative education.
Sec. 130. Direct loan program.
Sec. 131. Student consumer information.
Sec. 132. Eligibility for student assistance.
Sec. 133. Fiscal responsibility.

Part E–Education professions Development

31, 1970, and persons who, although not so certified or licensed, meet, in the opinion of the Secretary, standards of education and experience representative of the higest standards prescribed by the licensing authorities of the several States which provide for the continuing licensing of public accountants and which are prescribed by the Secetary in appropriate regulations may preform such audits until December 31, 1975, A report of each such audit shall be furnished to the Secretary of the Treasury. The audit shall be conducted at the place or places where the accounts are normally kept. The representatives of the Secretary shall have access to all books, accounts, financial records, reports, files, and all other papers, things, or property belonging to or in use by the Association and necessary to facilitate the audit, and they shall be afforded full facilities for verifying transactions with the balances or securities held by depositaries, fiscal agents, and custodians.

  "(k) A report of each such audit for a fiscal year shall be made by the Secretary of the Treasury to the President and to the Congress not later than six months following the close of such fiscal year. The report shall set forth the scope of the audit and shall include a statement (showing intercorporate relations) of assets and liabilities, capital and surplus or deficit; a statement of surplus or deficit analysis; a statement of income and expense; a statement of sources and application of funds; and such comments and information as may be deemed necessary to keep the President and the Congress informed of the operations and financial condition of the Association, together with such recommendations with respect thereto as the Secretary may deem advisable, including a report of any impairment of capital or lack of sufficient capital noted in the audit. A copy of each report shall be furnished to the Secretary of Health, Education, and Welfare and to the Association.

  "(1) All obligations issued by the Association shall be lawful investments, and may be accepted as security for all fiduciary, trust, and puplic funds, the investment or deposit of which shall be under authority or control of the United States or of any officer of officers thereof. All stock and obligations issued by the Association pursuant to this section shall be deemed to be exempt securities with the meaning of law administered by the Securities and Exchange Commission, to the same extent as securities which are direct obligations of, or obligations guaranteed as to principal or interest by, the United States. // 12 USC 355. // The Association shall, for the purposes of section 14(b)(2) of the Federal Reserve Act, be deemed to be an agency of the United States.

  "(m) In order to furnish obligations for delivery by the Association, the Secretary of the Treasury is authorized to prepare such obligations in such form as the Board of Directors may approve, such obligations when prepared to be held in the Treasury subject to delivery upon order by the Association. The engraved plates, dies, bed pieces, and so forth, executed in connection therewith shall remain in the custody of the Secretary of the Treasury. The Association shall reimburse the Secretary of the Treasury for any expenditures made in the preparation, custody, and delivery of such obligations.

  "(n) The Association shall, as soon as practicable after the end of each fiscal year, transmit to the President and the Congress a report of its operations and activities during each year.

" FIVE- YEAR NONDISCHARGEABILITY OF CERTAIN LOAN DEBTS

  " Sec. 439. A. (a) A debt which is a loan insured or guaranteed under // 20 USC 1087–3. // the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspensiion of the repayment period) beginning on the date of commencement of the that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from furture income of other wealth will impose an undue hardship on the debtor or his dependents.

  "(b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act // 11 USC 1 note. // on or after September 30, 1977.

" CRIMINAL PENALTIES

  " Sec. 440. // 20 USC 1087–4. // (a) Any person who knowingly and willfully embezzles, misapplies, steals, or obtains by fraud, false statement, or forgery any funds assets or property provided or insured under this part shall be fined not more than $10,000 or imprisoned for not more than five years, or both; but if the amount so embezzled, misapplied, stolen or obtained by fraud, false statement, or forgery does not exceed, $200, the fine shall be not more than $1,000 and imprisonment shall not exceed one year, or both.

  "(b) Any person who knowingly and willfully makes any false statement, furnishes any false information, or concelas any material information in connection with an application for a finding by the Commissioner under section 435(b) (4) (A) or (B),