PUBLIC LAW 95–598—NOV. 6, 1978        92 STAT. 2549

Public Law 95–598
95th Congress

## An Act

To establish a uniform Law on the Subject of Bankruptcies.

Nov. 6, 1978
[H.R. 8200]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

Title 11, USC.
Bankruptcy.

## TITLE I—ENACTMENT OF TITLE 11 OF THE UNITED STATES CODE

SEC. 101. The law relating to bankruptcy is codified and enacted as title 11 of the United States Code, entitled "Bankruptcy", and may be cited as 11 U.S.C. § , as follows:

11 USC prec. 101 note.

### TITLE 11—BANKRUPTCY

| Chapter | Sec. |
|---|---|
| 1. GENERAL PROVISIONS | 101 |
| 3. CASE ADMINISTRATION | 301 |
| 5. CREDITORS, THE DEBTOR, AND THE ESTATE | 501 |
| 7. LIQUIDATION | 701 |
| 9. ADJUSTMENT OF DEBTS OF A MUNICIPALITY | 901 |
| 11. REORGANIZATION | 1101 |
| 13. ADJUSTMENT OF DEBTS OF AN INDIVIDUAL WITH REGULAR INCOME | 1301 |
| 15. UNITED STATES TRUSTEES | 1501 |

### CHAPTER 1—GENERAL PROVISIONS

Sec.
101. Definitions.
102. Rules of construction.
103. Applicability of chapters.
104. Adjustment of dollar amounts.
105. Power of court.
106. Waiver of sovereign immunity.
107. Public access to papers.
108. Extension of time.
109. Who may be a debtor.

### § 101. Definitions

11 USC 101.

In this title—

  (1) "accountant" means accountant authorized under applicable law to practice public accounting, and includes professional accounting association, corporation, or partnership, if so authorized;

  (2) "affiliate" means—

    (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

      (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

      (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

    (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity

exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section.

(k) Property that the debtor exempts under this section is not liable for payment of any administrative expense except—

(1) the aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered; and

(2) any costs and expenses of avoiding a transfer under subsection (f) or (h) of this section, or of recovery of property under subsection (i)(1) of this section, that the debtor has not paid.

(l) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

(m) This section shall apply separately with respect to each debtor in a joint case.

11 USC 523.

*Post*, pp. 2638, 2650.

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

    (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

  (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

    (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

  (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

  (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

    (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

  (8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

    (A) such loan first became due before five years before the date of the filing of the petition; or

    (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; or

  (9) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a) (2), (3), (4), (5), (6), or (7) of this title, or under section 14c (1), (2), (3), (4), (6), or (7) of such Act.     11 USC prec. 1.

    11 USC 32.

  (b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965 (20 U.S.C. 1087-3), or under section 733(g) of the Public Health Services Act (42 U.S.C. 294f) in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.     11 USC 35.

  (c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable.

11 USC 524.

§ 524. Effect of discharge

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

Post, pp. 2624, 2638, 2650.

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523 or 1328(c)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

Post, p. 2650.

(b) Subsection (a)(3) of this section does not apply if—

(1)(A) the debtor's spouse is a debtor in a case under this title, or a bankrupt or a debtor in a case under the Bankruptcy Act, commenced within six years of the date of the filing of the petition in the case concerning the debtor; and

11 USC prec. 1.

(B) the court does not grant the debtor's spouse a discharge in such case concerning the debtor's spouse; or

(2)(A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and

(B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether a debtor is granted a discharge.

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;