Case 1-17-01005-ess    Doc 245-27    Filed 07/13/20    Entered 07/13/20 14:4

Y 4.J 89/2:S.Hrg. 98-574

S. Hrg. 98-574

# BANKRUPTCY IMPROVEMENTS ACT

## HEARING

BEFORE THE

## COMMITTEE ON THE JUDICIARY UNITED STATES SENATE

NINETY-EIGHTH CONGRESS

FIRST SESSION

ON

### S. 333

A BILL TO AMEND TITLE 11 OF THE UNITED STATES CODE TO MAKE CERTAIN CHANGES IN THE PERSONAL BANKRUPTCY LAW, AND FOR OTHER PURPOSES

AND

### S. 445

A BILL TO AMEND TITLE 11, UNITED STATES CODE, AND FOR OTHER PURPOSES

APRIL 6, 1983

Serial No. J-98-26

Printed for the use of the Committee on the Judiciary

PURDUE U. LIBRARY

MAR 20 1984

U. S. DEPOSITORY



1042-A
P840314-1

Digitized by Google



S. Hrg. 98–574

# BANKRUPTCY IMPROVEMENTS ACT

# HEARING

BEFORE THE

## COMMITTEE ON THE JUDICIARY
## UNITED STATES SENATE

NINETY-EIGHTH CONGRESS

FIRST SESSION

ON

## S. 333

A BILL TO AMEND TITLE 11 OF THE UNITED STATES CODE TO MAKE CERTAIN CHANGES IN THE PERSONAL BANKRUPTCY LAW, AND FOR OTHER PURPOSES

AND

## S. 445

A BILL TO AMEND TITLE 11, UNITED STATES CODE, AND FOR OTHER PURPOSES

APRIL 6, 1983

Serial No. J–98–26

Printed for the use of the Committee on the Judiciary

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1984

28–953 O


Digitized by Google

COMMITTEE ON THE JUDICIARY

STROM THURMOND, South Carolina, *Chairman*

| | |
|---|---|
| CHARLES McC. MATHIAS, JR., Maryland | JOSEPH R. BIDEN, JR., Delaware |
| PAUL LAXALT, Nevada | EDWARD M. KENNEDY, Massachusetts |
| ORRIN G. HATCH, Utah | ROBERT C. BYRD, West Virginia |
| ROBERT DOLE, Kansas | HOWARD M. METZENBAUM, Ohio |
| ALAN K. SIMPSON, Wyoming | DENNIS DeCONCINI, Arizona |
| JOHN P. EAST, North Carolina | PATRICK J. LEAHY, Vermont |
| CHARLES E. GRASSLEY, Iowa | MAX BAUCUS, Montana |
| JEREMIAH DENTON, Alabama | HOWELL HEFLIN, Alabama |
| ARLEN SPECTER, Pennsylvania | |

VINTON DEVANE LIDE, *Chief Counsel and Staff Director*
DEBORAH K. OWEN, *General Counsel*
SHIRLEY J. FANNING, *Chief Clerk*
MARK H. GITENSTEIN, *Minority Chief Counsel*

(II)

Digitized by Google

P.72, lines 7-8. § 344(b), amending § 506(b).

I agree with Professor Countryman's comment on the proposed amendment of § 506(b) insofar as it suggests that the amendment does little to clarify the subsection. His suggested redraft does clarify a purpose to make the contract controlling with respect to the interest, but I am not so clear as he that this was the Congressional purpose and still less clear that the section ought to be amended to make the contract controlling even when nonbankruptcy law may make such a contract provision illegal.

P.72, lines 11-12: § 344(c), amending § 506(d)(1).

Although Professor Countryman is right in suggesting that the amendment of § 506(d)(1) to save a lien securing unmatured alimony and support is substantive, it is certainly noncontroversial. I would not be surprised if a court would find a way to reach the same result as that provided by the amendment.

P.73, lines 19-24 and
P.74, lines 1-8: § 345(b), amending § 507(b).

I applaud Professor Countryman's suggestion at page 5 of his letter for a clarifying amendment of § 507(b), which can only facilitate understanding and rational application of the statutory provision.

P.74, lines 12-25, and
P.75, lines 1-7: § 345(d), amending § 507(d).

Professor Countryman is right in his letter of March 25, indicating that this amendment is substantive in its impact. It will certainly increase the eligibility of claimants for priority under paragraphs (3), (4), (5), and (6) of § 507(a). On the other hand, I surmise that the changes are noncontroversial and are intended to effectuate rather than reverse the policies that underlay the enacted version of § 507(d).

P.76, lines 19-25, and
P.77, lines 1-112: § 349(b), amending § 522(c).

Professor Countryman's proposed amendments of § 329(b) and 522(c), set out near the top of page 6 of his letter, appear to be wholly desirable and clarifying amendments, though they are also probably substantive.

P.80, lines 20-25: § 349(j), amending § 522.

I do not understand why the proposed § 522(n) would look to the law as of the date of the order for relief rather than the date of the filing of the petition. The date of the filing of the petition is the point of reference in § 522(b)(2), and was the crucial time of reference under § 6 of the Bankruptcy Act. Many cases have accepted the date of the filing of the petition as the critical time for determining the debtor's right to exemptions. See, e.g., White v. Stump, 266 U.S. 310 (1924); Butz v. Blue (In re Blue), 3 C.B.C.2d 4 (Bankr.Ct. S.D.Ohio 1980); In re Sivley, CCH B.L.R. § 68,409 (Bankr.Ct. E.D.Tenn. 1981). I see no justification for this amendment, and it should either be deleted or revised to refer to the date of the filing of the petition.

P.82, lines 3-4: § 350(a), amending § 523(a)(9).

Professor Countryman is right in his letter of March 25 that deleting "of higher education" enlarges the scope of the non-dischargeability exception and is therefore substantive to that extent. It is a modest enlargement, however, in that the claimant must be a nonprofit institution and the loan must be one for an educational loan. The change eliminates litigation over the question whether a seminary, for example, is an institution of higher education. The amendment is thus to some extent at least clarifying.

Digitized by Google

The hardship exception sill applies. I am ambivalent about this proposed amendment, even though I am generally opposed to enlarge the scope of nondischargeability.

P.82, lines 20-25: § 351, amending § 524(a)(2).

It is beyond my understanding what the purpose of the amendment of § 524(a)(2) proposed in lines 20-23 is. Does a dischargeddebtor need to be protected against collection of a discharged debt out of property that he no longer holds and is located in some remote jurisdiction? An amendment is needed to eliminate the conflict between § 522(c)(2) and the injunction against the recovery of a discharged debt from property of the debtor, which led to the erroneous decision in In re Williams, 4 B.C.D. 95 (Bankr.Ct. D.Kan. 1981). That error could be corrected simply by the deletion of the mischief-making words in § 524(a)(2), "or from property of the debtor". The proposed amendment is an invitation to pointless litigation. As Professor Countryman has pointed out on pages 6 and 7 of his letter of March 25, the exception proposed to be added at the end of § 524(a) is confusing. Moreover, it does not recognize the right of the holder of a valid lien on property abandoned pursurant to § 554 to enforce his lien although it secures a discharged debt.

P.83, lines 6-17: § 352, amending § 525.

I am surprised by encountering the substantial enlargement of the protection accorded a debtor or bankrupt against discrimination by the proposed new § 525(b). I should expect this amendment to be controversial and to generate considerable litigation.

P.85, lines 15-24: § 352(d), amending § 543.

I agree with Professor Countryman's comment on page 7 of his letter of March 25 as to the substantive and dubious character of this amendment, exempting an assignee from any duty of accountability or turnover if he was appointed or took possession over 120 days before the petition was filed. It seems to me that the provisions of subsection (d), authorizing the court to excuse compliance with the other subsections of § 543, and § 305(a)(1), authorizing abstention, afford appropriate safeguards against supersession of an assignment when the assignee is serving the best interests of the creditors and the security holders. The fact that 120 days have passed does not constitute a guarantee that those interests have been and will continue to be well served. In any event, it is not apparent why any other custodian, whether appointed by a court or the debtor, should be subject to § 543 irrespective of when appointed, whereas an assignee selected by the debtor should become untouchable after 120 days.

P.89, lines 8-10: § 359(c), amending § 547(c)(5).

Professor Countryman is undoubtedly correct in his letter on page 8 in pointing that the minor language change in § 547(c)(5) effects a substantive change and in suggesting more appropriate language to clarify what was the original intent.

P.89, lines 18-25, and
P.90, lines 1-3: § 359(c)(7), amending § 547(c).

This amendment would add another exception to the avoidance power of the trustee under the preference section. I concur in Professor Countryman's criticism at page 8 of his letter. The amendment is certainly far from being merely a technical one. It would insulate what appears to be blatantly preferential transfer from avoidance.

Digitized by Google