```
                                                              Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   EASTERN DISTRICT OF NEW YORK
 3   Case No. 1-08-48275-ess
 4   Adv. Case No. 1-17-01085-ess
 5   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 6   In the Matter of:
 7
 8   HILAL KHALIL HOMAIDAN,
 9
10              Debtor.
11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
12   HOMAIDEN et al.,
13                Plaintiffs,
14         v.
15   SALLIE MAE, INC., et al.,
16                Defendants.
17   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
18
19
20
21
22
23
24
25
```

1                United States Bankruptcy Court
2                271-C Cadman Plaza East
3                Brooklyn, NY 11201
4
5                May 7, 2020
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21  B E F O R E :
22  HON ELIZABETH S. STONG
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO:   UNKNOWN

1   returns for these loans, that is completely inconsistent
2   with the theory that's been alleged that they were just
3   ordinary consumer debt that was dischargeable in bankruptcy.
4   And there's law out there that says that if they take a tax
5   deduction based on one theory, they can't come in and argue
6   dischargeability on an inconsistent theory, so you've got
7   individualized questions surrounding that.
8            And when you put the --
9            THE COURT:  And how is that question affect
10  whether or not a tuition answer loan is the center outside
11  of 523(a)(8)?
12           MR. FARRELL:  It doesn't --
13           THE COURT:  I don't -- those are lots of
14  consequences, but I don't -- it seems to me that the
15  predominant -- and I don't mean to be -- I'm not invoking a
16  term of art here.  I'm trying to use an adjective.  That a
17  big question here is whether these loans are or are not
18  within the appliable subsection of 523(a)(8).
19           And that seems to me to be, at least potentially,
20  a significant disagreement between the parties, a
21  significant common question of law.  Certification, as I
22  understand the law, does not mean that every member of the
23  class must be a clone of every other member of the class.
24  It simply means that there needs to be a sufficient common -
25  - there needs to be common questions of law or fact that are

1  usefully addressed through the collective tool of a
2  certified class action.
3         MR. FARRELL:  I agree with that statement as an
4  abstract legal principle, Your Honor, clearly.  But what I'm
5  trying to articulate is -- and my estoppel based on tax
6  return argument obviously wasn't intended to be the driving
7  force here, but it's just another example in the long list.
8  And when you put it all together, again, the mosaic here is
9  that the individualized questions predominate.
10         And to Your Honor's point that, you know, the -- I
11  can't remember exactly how you phrased it -- but the big
12  issue here is, are these loans dischargeable or not.  You
13  know, that in and of itself under their theory, under the
14  plaintiffs' theory, hinges on the question of whether the
15  dollar amount of the loan was one penny or more over the
16  cost to attend.  It's not the only part of the liability
17  test, but it's a key step in their liability process.  And
18  what I'm trying to articulate is that even that step is not
19  answerable based on any common class-wide proof.  It
20  requires knowing what the individual student's determination
21  was.
22         THE COURT:  But, Mr. Farrell, are the defendants
23  prepared to stipulate that if the amount of the loan is more
24  than the cost of attendance, then it is non-dischargeable?
25         MR. FARRELL:  No.

 1      THE COURT:  I'm sorry.  I'm sorry.  Then it is
 2 dischargeable; it is not non-dischargeable -- pardon the
 3 double negative, to quote your brief.
 4      MR. FARRELL:  No.
 5      THE COURT:  I don't think so.  And precisely that
 6 seems to me to be one of the central questions here.  What
 7 it means for Jane or Joe or Hilal or Reham or anyone else
 8 who's an alleged or turns out to be, in fact, a member of
 9 this class if the class is certified is different.  But
10 until the defendants are prepared to say, well, that legal
11 issue was not disputed, it seems to me there is at least
12 quite potentially a significant common question of law that
13 unites the individual -- and, yes, unique, not clone --
14 members of the alleged class as defined by the factual
15 parameters, not the legal conclusions that are alleged in
16 the amended complaint.  That's what I'm struggling with.
17      MR. FARRELL:  Your Honor --
18      THE COURT:  And every time you move to the
19 individual issues, it seems to me that you're leapfrogging a
20 couple of big predicate issues that are common and could
21 well be better addressed once than 38,000 or even 30,000
22 times in the, you know, 94 bankruptcy courts with 300-and-
23 some-odd judges around the country.
24      MR. FARRELL:  Your Honor, and I apologize if I'm
25 not being clear.