IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Golden,<br><br>Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>        Debtor, | Chapter 7<br><br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>        Plaintiff,<br><br> v.<br><br>National Collegiate Student Loan Trust 2006-4, Goal Structured Solutions Trust 2016-A, Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and Firstmark Services,<br><br>        Defendants. | Adv. Proc. No. 17-1005 (ESS) |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR A PRELIMINARY INJUNCTION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .......................................................................................................................2

I.     PLAINTIFF NEED NOT SHOW IRREPARABLE INJURY ............................................2

II.    IN ANY EVENT, PLAINTIFF AND THE CLASS WILL SUFFER IRREPARABLE INJURY IF AN INJUNCTION IS NOT GRANTED .........................................................3

III.   PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS .............................................4

IV.   THE BALANCE OF HARDSHIPS TIPS IN FAVOR OF PLAINTIFF AND THE CLASS .................................................................................................................................4

V.    THE COURT SHOULD NOT REQUIRE THE POSTING OF A BOND .........................5

CONCLUSION .....................................................................................................................5

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Barrientos v. Wells Fargo Bank, N.A.*,
  633 F.3d 1186 (9th Cir. 2011) ............................................................................................... 2

*Britestarr Homes, Inc. v. City of New York (In re Britestarr Homes, Inc.)*,
  368 B.R. 106 (Bankr. D. Conn. 2007) .................................................................................. 2

*Eastern Airlines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*,
  111 B.R. 423 (Bankr. S.D.N.Y. 1990), *affirmed in part and reversed in part on other
    grounds*, 124 B.R. 635 (S.D.N.Y. 1999) ............................................................................ 2

*Fisher v. Apostolou*,
  155 F.3d 876 (7th Cir. 1998) ................................................................................................. 2

*Garrity v. Leffler (In re Neuman)*,
  71 B.R. 567 (S.D.N.Y. 1987) ................................................................................................ 2

*Jerry L. Daniel v. David K. Oaks and Leonard M. Johnson (In re Daniel)*,
  98 B.R. 73 (Bankr. M.D. Fla. 1989) .................................................................................. 3, 4

*LTV Steel Co., Inc. v. Board of Education (In re Chateaugay Corp.)*,
  93 B.R. 26 (S.D.N.Y. 1988) .................................................................................................. 2

*Lusk v. Vill. of Coldspring*,
  475 F.3d 480 (2d Cir. 2005) .................................................................................................. 2

*Northwestern Corp. v. McGreevey (In re Northwestern Corp.)*,
  2005 WL 2847228 (D. Del. Oct. 25, 2005) .......................................................................... 3

*NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Department Stores, Inc.)*,
  317 B.R. 260 (Bankr. S.D.N.Y. 2004) .................................................................................. 3

*Pedro L. Diaz. v. Heavy Action Recovery (In re Diaz)*,
  526 B.R. 685 (Bankr. S.D. Tex. 2015) ................................................................................. 3

*Rivera v. Town of Huntington Hous. Auth.*,
  2012 WL 19337667 (E.D.N.Y. May 29, 2012) .................................................................... 5

*The 1031 Tax Group, LLC, v. Alvarez (In re The 1031 Tax Group, LLC)*,
  397 B.R. 670 (Bankr. S.D.N.Y. 2008) .................................................................................. 2

Statutes

11 U.S.C. § 105 ................................................................................................................................ 2

11 U.S.C. § 523 ................................................................................................................................ 1

11 U.S.C. § 524 ......................................................................................................................... 1, 3, 4

Rules

Bankruptcy Rule 7065 ..................................................................................................................... 1

Federal Rule of Civil Procedure 65 ............................................................................................. 1, 5

Pursuant to Bankruptcy Rule 7065 and Federal Rule of Civil Procedure 65, Plaintiff Tashanna Golden, on behalf of herself and all others similarly situated, submits this Memorandum of Law in Support of Her Motion for a Preliminary Injunction enjoining Defendants Goal Structured Solutions Trust 2016-A ("Goal"), Firstmark Services ("Firstmark"), National Collegiate Student Loan Trust 2006-4 ("NCT"), and Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services ("PHEAA") (collectively "Defendants") from taking any action to collect on any of their student loans unless and until they establish to the satisfaction of the Court that each loan they seek to collect on comes within the terms of § 523(a)(8).

## **INTRODUCTION**

For at least the past 10 years, Defendants have been knowingly collecting on discharged debts in violation of the discharge orders and the statutory injunction applicable to all members of the class embodied in 11 U.S.C. § 524. It is undisputed that Defendants have continued to collect on student loans, even after receiving notice of discharge, without making any effort to determine whether those loans are exempt from discharge under § 523(a)(8). We know that Defendants have continued to collect on debts that do not come within § 523(a)(8) because Plaintiff Golden's loans—both her loan from BankOne and her loan from Citibank—do not come within he terms of any provision of § 523(a)(8). Yet, Defendants have continued to collect on those loans, despite her discharge.

Because Defendants are continuing to collect on discharged debts without any possible legal justification, this Court should enter a preliminary injunction enjoining Defendants from collecting on any loan that they cannot establish comes within § 523(a)(8). Since the burden is on Defendants to establish nondischargeability, collection on all loans to students that were in existence at the time of discharge should immediately cease. If and when Defendants can establish

1

that particular loans do not exceed the cost of attendance at a Title IV institution, they may apply to the Court for permission to resume collection as to those loans.

## STATEMENT OF FACTS

For a full statement of facts, Plaintiff respectfully refers the Court to her memoranda in support of her Motion for Class Certification and Her Motion for Partial Summary Judgment.

## ARGUMENT

### I. PLAINTIFF NEED NOT SHOW IRREPARABLE INJURY.

Normally "[t]o obtain a preliminary injunction, a party must: (1) demonstrate that [he or she] will be irreparably harmed if an injunction is not granted, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits for making them a fair ground for litigation, and a balance of hardship tipping decidedly in its favor." *Lusk v. Vill. of Coldspring*, 475 F.3d 480, 485 (2d Cir. 2005) (internal quotations omitted). However, a bankruptcy court, pursuant to its powers under § 105, may grant a preliminary injunction to protect the debtor or the estate without a showing of irreparable injury. *The 1031 Tax Group, LLC, v. Alvarez* (*In re The 1031 Tax Group, LLC*) 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008); *Britestarr Homes, Inc. v. City of New York* (*In re Britestarr Homes, Inc.*) 368 B.R. 106, 108 (Bankr. D. Conn. 2007); *Eastern Airlines, Inc. v. Rolleston* (*In re Ionosphere Clubs, Inc.*) 111 B.R. 423, 431 (Bankr. S.D.N.Y. 1990), *affirmed in part and reversed in part on other grounds*, 124 B.R. 635 (S.D.N.Y. 1999); *LTV Steel Co., Inc. v. Board of Education* (*In re Chateaugay Corp.*) 93 B.R. 26, 29 (S.D.N.Y. 1988); *Garrity v. Leffler* (*In re Neuman*) 71 B.R. 567, 571 (S.D.N.Y. 1987); *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998).

Stated another way, "[a]n injunction against violation of the discharge already exists by operation of law." Thus, "[p]laintiff in reality seeks a contempt order for the violation of an injunction that already exists." *Barrientos v. Wells Fargo Bank, N.A.,* 633 F.3d 1186, 1190 (9th

Cir. 2011); *Northwestern Corp. v. McGreevey* (*In re Northwestern Corp.*) 2005 WL 2847228, at *6 (D. Del. Oct. 25, 2005) ("Under settled law, where a party unilaterally violates a bankruptcy court order, that violation, standing alone, constitutes the only harm necessary for an injunction.").

As former Bankruptcy Judge Gerber explained,

> … it is manifestly proper, in this Court's view, to invoke section 105(a) "to enforce or implement" the Court's earlier orders and to prevent abuses of process. Exercise of the Court's section 105(a) authority in this manner, and for this purpose, vindicates the interests of the *Court*, as much as (and perhaps more than) it vindicates the interest of an individual litigant. Particularly in such a situation, it is not surprising that the usual grounds for injunctive relief, such as irreparable injury, need not be shown in a proceeding for an injunction under section 105(a).

*NWL Holdings, Inc. v. Eden Center, Inc.* (*In re Ames Department Stores, Inc.*), 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004) (emphasis original).

## II. IN ANY EVENT, PLAINTIFF AND THE CLASS WILL SUFFER IRREPARABLE INJURY IF AN INJUNCTION IS NOT GRANTED.

The mere act of repeatedly attempting to collect a debt that has been discharged in and of itself creates irreparable injury. *See Pedro L. Diaz. v. Heavy Action Recovery (In re Diaz)*, 526 B.R. 685, 964 (Bankr. S.D. Tex. 2015):

> If ARA continues to call Plaintiffs, damages alone would not compensate them for the stress caused by the harassing phone calls. It appears that ARA continued to make calls as recently as October of 2014, when Plaintiffs met with their attorney regarding a new round of phone calls. . . . ARA persisted in their conduct despite facing the threat of court-ordered damages due to the complaint pending against them. In junctive relief is necessary to prevent further violations of the discharge injunction.

*Id*. at 695.

Similarly, in *Jerry L. Daniel v. David K. Oaks and Leonard M. Johnson* (*In re Daniel)*, 98 B.R. 73 (Bankr. M.D. Fla. 1989) a debtor who had been granted a discharge sought a preliminary and permanent injunction enforcing the provisions of § 524(a), prohibiting a law firm representing a creditor from proceeding against the debtor in a state court lawsuit, and ordering the firm to cease and desist any further attempts to collect on that debt. *Id.* The court held that "any action or

attempt to collect [the debt] in spite of a discharge is a clear violation of the permanent injunction included in the discharge," and held that "if the injunctive relief sought by the Debtors in this adversary proceeding is not granted the Debtors will suffer irreparable harm." *Id*. at 76.

In this case, as in *Diaz* and *Daniel*, Defendants have acted in "flagrant disregard" of the discharge injunctions by repeatedly attempting to collect on Plaintiff's and class members' discharged debts. And as in *Diaz* and *Daniel*, Defendants' continued efforts will cause Plaintiff Golden and class members to suffer irreparable harm if an injunction is not entered.

### III.     PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

As is more fully set forth in Plaintiff's Motion for Partial Summary Judgment, Defendants have no legal basis for collecting on debts that exceed the cost of attendance. Defendants actions are illegal and violative of the injunction of § 524. Therefore, not only are Plaintiffs likely to succeed on the merits, but they have already established Defendants' liability.

### IV.     THE BALANCE OF HARDSHIPS TIPS IN FAVOR OF PLAINTIFF AND THE CLASS.

In the absence of a preliminary injunction, Plaintiff Golden and the class members will continue to be harassed by Defendants for payment of discharged debts. This will cause not only the stress of harassing phone calls and letters, but also the financial hardship of continued payment on these discharged loans. In contrast, Defendants will suffer not at all from the entry of a preliminary injunction since they have absolutely no legal right to collect on these debts. Even if Defendants had a colorable claim (and they do not), the balance of hardship still weighs in favor of Plaintiff and the class since Defendants, multi-billion dollar companies, would not suffer any serious loss from a disruption in payment on these loans, which constitute a fraction of their overall portfolio. To the extent the injunction affects loans that are nondischargeable, Defendants have it

within their power to establish those facts and apply to the Court for relief from the preliminary injunction on those loans.

## V.  THE COURT SHOULD NOT REQUIRE THE POSTING OF A BOND.

Rule 7065 specifically provides that this Court may grant a preliminary injunction on the application of a debtor without compliance with Rule 65(c), the provision applicable bonds.  This rule was obviously enacted in recognition of the limited means of the debtor and the fact that injunctions are often needed to protect the bankruptcy court's jurisdiction over the estate of the debtor.  In this case, given the vast financial resources of Defendants and the limited means of the class members, this court should exercise its discretion and not require the posting of a bond.  *See Rivera v. Town of Huntington Hous. Auth.*, 2012 WL 19337667 (E.D.N.Y. May 29, 2012) (requiring no bond where there was no showing that Defendants were likely to suffer harm and Plaintiff was of limited means).

## CONCLUSION

For all of the foregoing reasons Plaintiff respectfully requests that the Court grant her motion for preliminary injunction.

Dated:  July 13, 2020                           Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:     */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
30 South Pearl Street
Albany, NY  12207
(518) 434-0600

**SMITH LAW GROUP**
Austin C. Smith, Esq.
3 Mitchell Place, Suite 5
New York, NY  10017

5

**JONES, SWANSON, HUDDELL & GARRISON, L.L.C.**
Lynn E. Swanson (admitted *pro hac vice*)
Peter Freiberg (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

**LAW OFFICES OF JOSHUA B. KONS, LLC**
Joshua B. Kons (Ct. Bar No. 29159)
50 Albany Turnpike, Suite 4024
Canton, Connecticut 06019

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, George F. Carpinello, hereby certify that on the 13th day of July, 2020, I served the forgoing document on all counsel of record via ECF and electronic mail.

>	*/s/ George F. Carpinello*
>	George F. Carpinello