

July 28, 2020

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:    *Tashanna B. Golden, et al. v. JP Morgan Chase, et al.*
              Adv. Pro. No. 1-17-01005 (ESS)

Dear Judge Stong:

    We represent Plaintiff in the above-entitled matter.

    The purpose of this letter is to request a teleconference with the Court with regard to the scheduling of the argument on the motions pending in this proceeding. We request that the Court schedule a hearing on the motions for preliminary injunction and summary judgment in August while Defendants are completing their discovery on class certification.

    During the July 14, 2020 teleconference with counsel, Defendants argued that it was inappropriate for this Court to decide the motion for partial summary judgment prior to hearing argument on the motion for class certification. We have three responses to this argument:

    <u>First</u>, we are not asking the Court to decide the motion for summary judgment before determining class certification. We are proposing that the Court schedule argument on the motions for preliminary injunction and partial summary judgment prior to class certification so that those issues can be heard while Defendants undertake any additional discovery that they claim to need with regard to class certification. We are *not*, however, asking the Court to *decide* the summary judgment motion before class certification. Indeed, it is clear from our motion that we seek partial summary judgment for the entire class.

    <u>Second</u>, although the case law is not entirely settled, in the Second Circuit it is clear that a Court may decide a motion for summary judgment simultaneously with class certification and not await notice to the class where such a procedure will assist a court in resolving the issues raised in such motions. *See Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2018 WL 1830811, at *6 (E.D.N.Y. Feb. 8, 2018) (holding that courts have discretion to handle concurrent motions for class certification and summary judgment simultaneously and choosing to address summary judgment before class certification), *adopted in part and reversed on other grounds*, 2018 WL 1559766 (E.D.N.Y. March 30, 2018); *Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 351 (E.D.N.Y. 2013)



(noting that courts have addressed simultaneous motions for class certification and summary judgment in a single order and adopting this approach); *Ramos v. SimplexGrinnell*, LP, 796 F. Supp. 2d 346, 352-53 (E.D.N.Y. June 21, 2011) (ruling on plaintiff's motion for class certification and both parties' motions for summary judgment simultaneously), *reversed on other grounds*, 773 F.3d 394 (2d Cir. 2014); *Caronia v. Philip Morris USA, Inc.*, No. 06-CV-0024, 2006 WL 197147, at *1 (E.D.N.Y. Jan. 24, 2006) (instructing the parties that plaintiff shall move for class certification at the same time defendant shall move for summary judgment); *Vega v. Credit Bureau Enter.*, No. CIVA02CV1550DGT, 2005 WL 711657 (E.D.N.Y. March 29, 2005) (granting plaintiff's motion for class certification and judgment on the pleadings at the same time); *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 87 n.1 (E.D.N.Y. 1989) (holding that the court can consider a motion for summary judgment simultaneously with class certification and stating that there is "nothing in Rule 23 to preclude this"); *Merino v. Beverage Plus America Corp.*, No. 10 Civ. 0706, 2011 WL 3739030, at *7 (S.D.N.Y. Apr. 12, 2011) (granting plaintiff's motions for class certification and summary judgment simultaneously), *adopted in full*, 2011 WL 3734241 (S.D.N.Y. Aug. 23, 2011); *Lorber v. Beebe*, 407 F. Supp. 279, 291 (S.D.N.Y. Oct. 30, 1975) (stating that the plaintiff is allowed to file his motion for class certification simultaneously with his summary judgment motion); *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012) (stating that "[b]ringing a class certification motion together with a Rule 56 motion is consistent with the Federal Rules of Civil Procedure" and is "certainly acceptable"); and *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. Sept. 11, 1984) (noting that the drafters of Rule 23 considered and rejected a requirement that courts decide class certification before summary judgment)

Finally, Defendants have not hesitated to raise legal issues prior to certification which directly affect the merits. Defendants' motions to dismiss raised no less than 10 separate legal arguments going to the merits, all of which were rejected by this Court. This is not a one-way street. There is no reason why Plaintiff cannot also raise merits issues prior to class certification if resolution of those issues could streamline the case and potentially lead to early resolution.

For all the foregoing reasons, Plaintiff respectfully requests that the Court schedule the argument on the motions for a preliminary injunction and partial summary judgment in August.

Respectfully submitted,

*/s/ George F. Carpinello*
George F. Carpinello

GFC/slb

cc via ECF:  Counsel of Record