

August 5, 2020

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:    *Tashanna B. Golden, et al. v. JP Morgan Chase, et al.*
             Adv. Pro. No. 1-17-01005 (ESS)

Dear Judge Stong:

    We represent the Plaintiff and the proposed class in the above-entitled matter. During the conference with the Court on July 30, the Court allowed Plaintiff to respond within 24 hours to Defendants' August 4 Letter as it related to the timing of the preliminary injunction motion.

    In their Letter to the Court, Defendants assert that the Court may not issue preliminary injunctive relief prior to certifying the class. Defendants equate a preliminary injunction with a pre-class certification ruling on the merits. Defendants offer no support for this assertion, nor can they. To the contrary, courts routinely grant preliminary injunctive relief on behalf of a putative class prior to granting class certification. *See* William B. Rubenstein, Newberg on Class Actions § 4:30 n. 8.50 (5th ed. 2017) (stating that a court may issue preliminary injunctive relief prior to ruling on class certification and collecting cases); *Ligon v. City of New York*, 925 F. Supp. 2d 478, 539 (S.D.N.Y. 2013) (issuing preliminary injunctive relief prior to ruling on class certification); *Strouchler v. Shah*, 892 F. Supp. 2d 504, 518-19 (S.D.N.Y. 2012) (same); *J.O.P. v. U.S. Dep't of Homeland Security*, 409 F. Supp. 3d 367, 376 (D. Md. 2019) (same); *Mullins v. Cole*, 218 F. Supp. 3d 488 (S.D. W. Va. 2016) (same); *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1148 n. 163 (D. Kan. 2016) (same); *Rodriguez v. Providence Comm. Corrections*, 155 F. Supp. 3d 758, 766 (M.D. Tenn. 2015) (same); *Lee v. Orr*, 2013 WL 6490577, at *2 (N.D. Ill. Dec. 10, 2013) (same). In so holding, courts recognize that "certain circumstances give rise to the need for prompt injunctive relief for a named plaintiff or on behalf of a class and that the court may conditionally certify the class or otherwise award a broad preliminary injunction, without a formal class ruling, under its general equity powers." *Ligon*, 925 F. Supp. 2d at 539 (internal quotation omitted).

    Notably, in each of these cases, the rule against one-way intervention is not implicated. This is because a ruling on a preliminary injunction is separate and distinct from a final ruling on the merits. Accordingly, Defendants' argument that preliminary injunctive relief is inappropriate is without merit.

BOIES SCHILLER FLEXNER LLP

333 Main Street, Armonk, NY 10504 | (t) 914 749 8200 | (f) 914 749 8300 | www.bsfllp.com



In any event, it is within the Court's sound discretion to rule on the pending motions in the manner it sees fit. While it is clear that the Court may invoke its equity powers to issue a preliminary injunction prior to ruling on class certification, it is also within the Court's discretion to first rule on class certification prior to ruling on preliminary injunctive relief. However, due to the fact that Defendants continue their efforts to collect on discharged debts, Plaintiff respectfully requests that the Court rule on the motion for preliminary injunctive relief as soon as possible.

In this regard, the Court should be aware that Plaintiff proposed in writing the outline of a proposed consent preliminary injunction to Defendants on July 22, 2020 and had a meet and confer on the proposal subsequent to that, but has received no responsive proposal from Defendants.

Respectfully submitted,

*/s/ George F. Carpinello*
George F. Carpinello

GFC/slb

cc via ECF:  Counsel of Record