

September 2, 2020

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:    *Tashanna B. Golden, et al. v. JP Morgan Chase, et al.*
              Adv. Pro. No. 1-17-01005 (ESS)

Dear Judge Stong:

      We represent Plaintiff in the above-entitled matter. We write with regard to a discovery dispute we have with third-party Citibank.

      As you will recall, Citibank originally opposed Plaintiff's discovery request to Defendant Firstmark insofar as that request included service agreements Citibank had with Firstmark concerning the collection of student loans and certain other data in the possession of Firstmark. Citibank moved for a protective order on October 10, 2019 (Dkt. 186), which the Court denied on February 27, 2020 (Dkt. 235). However, before denying Citibank's motion for a protective order, this Court asked the parties to negotiate with Citibank concerning its requested revisions to the existing confidentiality order. We did that and those revisions were also entered on February 27, 2020. On January 30, 2020, we served subpoenas on Citibank seeking the production of documents in Citibank's possession with regard to their processes for the origination of student loans that are serviced by Defendant Firstmark and seeking a deposition of a Citibank Rule 30(b)(6) witness. *See* Exs. A and B attached hereto. Firstmark, as a servicer, has limited or no knowledge with regard to the originating banks' practices with regard to their criteria for originating loans and, specifically, whether they seek certification of loans from the applicants' respective institutions. We understand that a number of loans that are held by members of the class and serviced by Firstmark were, in fact, originated by Citibank.

      We further note that Citibank claims that Plaintiff Golden's bar loan was "certified." Of course, it is our position that a bar loan is not a qualified education loan under § 523(a)(8)(B) because the loan is not being made to a person who is using the proceeds to cover the cost of attendance at a Title IV institution. *See Campbell v. Citibank*, N.A., 547 B.R. 49, 60 (Bankr. E.D.N.Y. 2016) (noting that the Citibank bar loan has all the attributes of a standard consumer loan rather than an education loan). It is obviously important for Plaintiff to determine what, in fact, Citibank's practices were with regard to the certification of loans, both for undergraduate and graduate students, and to determine which loans held in the Firstmark portfolio are, in fact, certified by the relevant educational



institution. For this reason, we have sought the deposition of a Rule 30(b)(6) designee of Citibank and have sought certain documents from Citibank.

Citibank has refused to comply with the subpoena. *See* Ex. C hereto. In particular, in a letter to Plaintiff's counsel on February 28, 2020, Citibank's counsel once again argued, as they did in their earlier motion for a protective order, that "this case is not amenable to class certification, and the expansive purported class data Plaintiff seeks as part of its subpoenas is not appropriate under Rules 1, 23, 26 or 45 - particularly to a third party, like Citibank." *See* Ex. D hereto. Citibank's counsel took this position the *very next day* after this Court rejected similar arguments made in support of Citibank's motion for a protective order which was denied by this Court.

We have had numerous meet and confers over several months with Citibank, all to no avail. Citibank has offered to provide a written declaration which we do not believe would be adequate to address all the factual questions that will arise and that can be most efficiently addressed in one deposition after we receive the relevant documents.

For all the foregoing reasons, we respectfully request that the Court intervene in this discovery matter and direct Citibank to comply with the subpoena.

Respectfully submitted,

*/s/ George F. Carpinello*
George F. Carpinello

GFC/slb

Enclosure(s)

cc via ECF:     Counsel of Record

cc via email:    Marjorie J Peerce peercem@ballardspahr.com
                     Matthew A. Morr morrm@ballardspahr.com