# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TASHANNA B. GOLDEN<br>*fka* TASHANNA B. PEARSON,<br><br>               Debtor. | Chapter 7<br><br>Case No. 16-40809-ess |
| TASHANNA B. GOLDEN,<br><br>               Plaintiff,<br><br>    v.<br><br>NATIONAL COLLEGIATE TRUST,<br>FIRSTMARK SERVICES, GOLDEN TREE<br>ASSET MANAGEMENT LP, GS2 2016-A<br>(GS2), NATIONAL COLLEGIATE<br>STUDENT LOAN TRUST 2006-4,<br>PENNSYLVANIA HIGHER EDUCATION<br>ASSISTANCE AGENCY d/b/a AMERICAN<br>EDUCATION SERVICES,<br><br>               Defendants. | Adv. Pro. No. 17-01005-ess |

**NON-PARTY CITIBANK, N.A.'S COMBINED RESPONSES AND OBJECTIONS TO:
(1) PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY
CASE (OR <u>ADVERSARY PROCEEDING</u>); AND (2) PLAINTIFF'S SUBPOENA TO
PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY
<u>PROCEEDING</u>)**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26, 30, and 45, made applicable in

bankruptcy cases by Federal Rule of Bankruptcy Procedure 7026, 7030, and 9016, non-party,

Citibank, N.A. ("Citibank"), hereby responds and objects to Plaintiff's January 30, 2020

Subpoenas to Testify and Produce Documents in a Bankruptcy Case (or Adversary

Proceeding)(the "Subpoenas").

## **GENERAL OBJECTIONS**

1.    Citibank objects to this third-party discovery because it seeks irrelevant information that is not proportional to the needs of the case.  Citibank has already provided information in this action related to Citibank's origination of two private student loans, Golden's Grad Loan and the Bar Loan, which loans are being serviced by defendant Firstmark and that Citibank understands are at issue in this litigation.  Further, as part of its Motion For Protective Order, Citibank provided examples of why issues regarding school certification are very factually individualized because even a single borrower may have differing school certification factors for multiple loans.  [See Motion For Protective Order, Ex. J (a summary from Citibank' business records regarding the different manners Borrower #1's loans were certified, including via a web application and an electronic service called Elmnet XML)].

2.    Citibank further objects to this third-party discovery as irrelevant and not proportional because it seeks information from outside of this district. A bankruptcy court does not have authority to enforce the discharge injunctions entered in other districts.  *See Crocker v. Navient Solutions, LLC*, Case No. 18-20254 (5th Cir. October 21, 2019).

3.    Citibank objects to this third-party discovery as irrelevant and not proportional because Golden cannot certify a class.  Further, the discovery Plaintiff seeks is premature because Plaintiff has not certified a class.

4.    Citibank objects to this third-party discovery because it is overly broad, unduly burdensome and not proportional.  Citibank estimates that it originated approximately 560,000 private student loans from 2005 to 2010 (when it sold its student loan origination business).  Citibank sold approximately 18,000 loans to Goldentree Asset Management in 2015 that included

loans that originated at least as far back as 2007 (when Golden's Grad Loan was originated). As the result, Citibank would need to undertake a time consuming and expensive search to determine when each loan was originated and what practices, policies and procedures applied to each of these loans. The manner in which schools certified the loans as for educational purposes varies by school and changed over time. Further, only a small percentage of these loans were subject to bankruptcy so there would also need to be a determination if the loan was part of a bankruptcy, in which district the bankruptcy occurred, whether the loan was included as part of the discharge, which policies and procedures applied to the loans that were not part of the discharge, whether and how the loan was certified as for educational purposes, and whether any collection activity occurred on the loan. Further, Citibank has not serviced student loans for over two years, and, as a result, has very limited staff that is familiar with, and can handle, requests related to student loans. Accordingly, Citibank estimates that it would take months, if not years, to gather and understand all of these documents, all at a great expense.

5.      Citibank objects to this third-party discovery as irrelevant because it is for a period prior to the filing of bankruptcy or the receipt of the discharge.

6.      Citibank objects to the Deposition Topics because they fail to "describe with reasonable particularity the matters for examination" as required under FRCP 30(b)(6).

7.      Pursuant to FRCP 45, Citibank objects to the third-party discovery for failure to avoid imposing undue burden and expense where Plaintiff can obtain the same information directly from the parties to this litigation. There is no basis for the production of a corporate designee in addition to the Document Requests, particularly where Citibank has previously offered to respond to the prior subpoena, seeking similar information regarding the certification process, with sworn interrogatory responses. Citibank repeats that it is willing to meet and confer regarding appropriate

interrogatories as part of this response.

8.      Should the Court order non-party Citibank to attend a deposition, Citibank will make a designated witness available on dates and times convenient for the designated witness, to be mutually agreed by Citibank and Plaintiff.  Citibank has already advised the Plaintiff that the date noticed in the deposition is not convenient for Citibank and Plaintiff has agreed to discuss a new date, after the parties meet and confer about Citibank's objections. The deposition will need to occur in a place convenient for the designated witness, likely in Sioux Falls, South Dakota.

9.      Citibank objects to the third-party discovery, including the Definitions, Instructions, and Deposition Topics, to the extent they seek to impose discovery obligations in excess of those imposed by the FRCP, specifically recognizing that FRCP 45(d)(1) imposes an obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, or the Local Rules of this Court.

10.      Citibank objects to the third-party discovery to the extent it seeks information subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity. To the extent that any request seeks information, some or all of which is or may be privileged, Citibank's response to such request will be based solely upon and involve only information that is not privileged or otherwise protected from disclosure.  The production of any privileged information by Citibank would be entirely inadvertent and any such documents must be returned to Citibank.  Citibank reserves the right to claim that any document inadvertently produced in responding to the Subpoena is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, and to demand the immediate return of any such information.  Citibank reserves the right to redact any information unrelated to the documents at issue.

11.     Citibank objects to the third-party discovery to the extent it seeks information not within Citibank's possession, custody, or control, or is in the possession of parties to the litigation or third parties, such as information regarding how the school has certified that loans were for educational purposes.  Citibank assumes no responsibility for providing information in the care, custody, or control of any other entity, and objects to the Subpoena to the extent that its requests attempt to impose that responsibility.  To the extent it agrees to do so, Citibank will conduct a reasonable search for responsive documents in its possession, custody, and control.

12.     Citibank objects to the Deposition Topics to the extent they call for legal contentions or conclusions.

13.     Citibank objects to the Deposition Topics to the extent they are confusing, vague or ambiguous.

14.     Citibank objects to the third-party discovery on the grounds that it has the effect of annoying and oppressing, and imposing an undue burden and expense on a non-party.

15.     Citibank objects to the production of electronically stored information or archived information from sources that it finds unreasonably accessible because of undue burden or costs.

16.     Citibank objects to the Deposition Topics to the extent they are duplicative, redundant of other Topics or document requests, unreasonably cumulative, and oppressive.

17.     Citibank objects to the third-party discovery to the extent it seeks information that contains confidential financial, trade secret, competitive, business, or other proprietary information.

18.     Citibank's use in this Response of any term defined in Plaintiffs' Definitions, Instructions, or Deposition Topics does not constitute acceptance of Plaintiffs' definitions of those terms.

19.     Citibank objects to the definition of "Defendants" as confusing.

20.     Citibank will only produce a witness to testify at deposition subject to the entry of the Amended Protective Order.  Citibank reserves the right to seek modification of the Protective Order or the Amended Protective Order.

21.     Any response indicating that documents will be produced is not to be construed as a representation that any specific document exists or has been located.  It is only meant to indicate that any responsive, non-privileged document, if located, will be produced.

22.     Citibank reserves all objections as to competency, relevance, materiality, propriety, privilege, or admissibility and any other objection.  These responses are intended to preserve, and do preserve, all of Citibank's rights to object on any ground at any time to the discovery itself or to the use of the information gained through this discovery in the above-captioned action.

23.     Citibank's responses to the requests are given without prejudice to its right to supplement or amend its responses and/or objections at any time, including if further information and/or documents are discovered.

24.     Citibank incorporates the foregoing General Objections into each of the specific responses below as though fully set forth therein.  The reiteration of certain objections in response to a specific request is not intended, and shall not be considered, to waive any of the General Objections.

**SPECIFIC RESPONSES AND OBJECTIONS**

**DEPOSITION TOPIC 1:**

The documents to be produced pursuant to the subpoena dated January 30, 2020 seeking the production of documents.

**RESPONSE TO DEPOSITION TOPIC 1:**

Citibank incorporates its objections to each of the requests for production of documents set forth below.

Based on its General Objections and its objections to the requests for production of documents, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

## DEPOSITION TOPIC 2:

How you considered a borrower's educational cost of attendance when you originated loans that are held by National Collegiate Student Loan Trust 2006-4 or GOAL Structured Solutions Trust 2016-A (herein after referred to as "Defendants").

## RESPONSE TO DEPOSITION TOPIC 2:

Citibank objects to this topic because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants; rather Citibank transferred loans to Goldentree Asset Management LP and Citibank does not know what student loans are held by the Defendants; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, particularly where Citibank previously offered to provide written interrogatory responses; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; (9) Citibank previously explained as

part of its Motion for Protective Order how the schools used different methods to certify whether loans were for educational purposes; and (10) it is cumulative of the document requests.

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

**DEPOSITION TOPIC 3:**

How you considered whether a loan was a qualified education loan as defined in 11 U.S.C. § 523(a)(8) when originating loans that were transferred to or are held by the Defendants.

**RESPONSE TO DEPOSITION TOPIC 3:**

Citibank objects to this topic because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants; rather Citibank transferred loans to Goldentree Asset Management LP and Citibank does not know what student loans are held by the Defendants; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, particularly where Citibank previously offered to provide written interrogatory responses; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; (9) Citibank previously explained as

part of its Motion for Protective Order how the schools used different methods to certify whether loans were for educational purposes; and (10) it is cumulative of the document requests.

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

**DEPOSITION TOPIC 4:**

How you considered whether or if a borrower had other loans, scholarships or financial aid of any kind when originating loans that were transferred to or are held by the Defendants.

**RESPONSE TO DEPOSITION TOPIC 4:**

Citibank objects to this topic because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants; rather Citibank transferred loans to Goldentree Asset Management LP and Citibank does not know what student loans are held by the Defendants; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, particularly where Citibank previously offered to provide written interrogatory responses; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; (9) Citibank previously explained as

part of its Motion for Protective Order how the schools used different methods to certify whether loans were for educational purposes; and (10) it is cumulative of the document requests.

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

## DEPOSITION TOPIC 5:

The number of student loans made by Citibank from 2005 to present and, of those loans, the number of loans that were (a) certified by the institution as to the cost of attendance and (b) were within the cost of attendance at the subject institutions.

## RESPONSE TO DEPOSITION TOPIC 5:

Citibank objects to this topic because: (1) it is overly broad, unduly burdensome and not proportional to the needs of the case, and as set forth in General Objection No. 4, would take months, if not years, to gather and understand all of these documents, all at a great expense; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; (9) Citibank previously explained as

part of its Motion for Protective Order how the schools certified whether loans were for educational purposes; and (10) it is cumulative of the document requests.

Subject to its objections, Citibank estimates that it originated it originated approximately 1 million total student loans per year from 2005 to 2010 (when it sold its student loan origination business). Of those loans, Citibank originated approximately 560,000 private student loans from 2005 to 2010. Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

## DEPOSITION TOPIC 6:

Your process for collecting on a loan that you originated when the borrower has obtained a discharge in bankruptcy.

## RESPONSE TO DEPOSITION TOPIC 6:

Citibank objects to this topic because: (1) it is irrelevant and not proportional because Golden cannot certify a class; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans other than private student loans that are not at issue in this case and which are non-dischargeable under 11 U.S.C. 523(a)(8) because they were "made insured, or guaranteed by a governmental unit", and student loans not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it is cumulative of the document request; and (9) it

lacks foundation because Citibank no longer services loans that it originated and Plaintiff can obtain discovery from party Firstmark on this topic (under the Amended Protective Order).

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

**<u>DEPOSITION TOPIC 7:</u>**

Your process for determining whether a loan that you originated has been discharged in bankruptcy.

**<u>RESPONSE TO DEPOSITION TOPIC 7:</u>**

Citibank objects to this topic because: (1) it is irrelevant and not proportional because Golden cannot certify a class; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans other than private student loans, and student loans not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it is cumulative of the document request; and (9) it lacks foundation because Citibank no longer services loans that it

originated and Plaintiff can obtain discovery from party Firstmark on this topic (under the Amended Protective Order)..

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

## DEPOSITION TOPIC 8:

How you determine whether a borrower on a Citibank student loan is entitled to information from you that interest paid on such loan is a qualified educational expense for which the borrower may deduct up to $2,500 under the Internal Revenue Code.

## RESPONSE TO DEPOSITION TOPIC 8:

Citibank objects to this topic because: (1) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (2) it is not properly limited in time and scope; (3) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (4) it is vague and ambiguous and does not describe the subject matter with the required particularity; (5) it seeks discovery of confidential and proprietary business information; (6) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (7) it seeks information from third parties, the borrowers, regarding their determination of whether a loan is a qualified educational expense; and (8) it lacks foundation because Citibank no longer services loans that it originated

and Plaintiff can obtain discovery from party Firstmark on this topic (under the Amended Protective Order)..

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

**DEPOSITION TOPIC 9:**

How you report to credit reporting agencies the status of student loans made by you that are discharged in bankruptcy.

**RESPONSE TO DEPOSITION TOPIC 9:**

Citibank objects to this topic because: (1) it lacks foundation in that Citibank no longer services student loans; (2) it is irrelevant and not proportional because credit reporting is not at issue in this case; (3) it is irrelevant and not proportional because Golden cannot certify a class; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; and (6) it seeks information protected by the attorney-client privilege.

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

**DEPOSITION TOPIC 10:**

The representations and warranties made by you with respect to any transfer of student loans to the Defendants or to Goldentree Asset Management.

**RESPONSE TO DEPOSITION TOPIC 10:**

Citibank objects to this topic because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants in this lawsuit; rather Citibank transferred loans to Goldentree

Asset Management LP as part of a Private Student Loans Asset Purchase Agreement (Servicing Released) with SLF v-2015 TRUST, as the Buyer, and Goldentree Asset Management LP, as the investment party (the "Purchase Agreement"), which Citibank understands has already been produced in this lawsuit; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties and seeks documents Plaintiff could seek directly from parties to the lawsuit; (5) it seeks discovery of confidential and proprietary business information and (6) it is cumulative of the document requests.

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

**DEPOSITION TOPIC 11:**

The relationship, as it relates to the student loans, of Citibank N.A. and the following:

a) Goldentree Asset Management
b) GOAL Structured Solutions Trust, 2016
c) GS2 Grantor-Trust 2016-A
d) GS2 Depositor 2016-A, SPV, LLC
e) Goal Structured Solutions, Inc.
f) Turnstile Capital Management, LLC
g) Pennsylvania Higher Education Assistance Agency

**RESPONSE TO DEPOSITION TOPIC 11:**

Citibank objects to this topic because: (1) it lacks foundation because Citibank did not transfer loans to the entities listed in (b) – (g); rather Citibank transferred loans to Goldentree Asset Management LP as part the Purchase Agreement, which Citibank understands has already been

15

produced in this lawsuit; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties and seeks documents Plaintiff could seek directly from parties to the lawsuit, such as it relates Pennsylvania Higher Education Assistance Agency's role as a guarantor and its relationships with schools and lenders (such as Citibank); (6) it seeks discovery of confidential and proprietary business information; and (7) it is cumulative of the document requests.

Based on its objections, Citibank will not at this time agree to designate a corporate representative to testify on this Topic.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

## DOCUMENT REQUEST 1:

Documents concerning your policies, procedures and practices for considering a borrower's educational cost of attendance when originating loans including, but not limited to, loans that are held by National Collegiate Student Loan Trust 2006-4 or GOAL Structured Solutions Trust 2016-A (herein after referred to as "Defendants") or are serviced by Firstmark Services LLC or Pennsylvania Higher Education Assistance Agency.

## RESPONSE TO REQUEST 1:

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants; rather Citibank transferred loans to Goldentree Asset Management LP; (2) it is irrelevant, not proportional, overly broad and unduly burdensome

because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, particularly where Citibank previously offered to provide written interrogatory responses; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; and (9) Citibank previously explained as part of its Motion for Protective Order how the schools certified whether loans were for educational purposes.

Based on its objections, Citibank will not agree to produce any documents at this time. Citibank is willing to meet and confer regarding an agreeable production.

## DOCUMENT REQUEST 2:

Documents concerning your policies, procedures and practices for considering whether a loan was a qualified education loan as defined in 11 U.S.C. § 523(a)(8) when originating loans including, but not limited to, loans that are held by Defendants.

## RESPONSE TO REQUEST 2:

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants; rather Citibank transferred loans to Goldentree Asset Management LP and Citibank does not know what student loans are held by Defendants; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3)

it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, particularly where Citibank previously offered to provide written interrogatory responses; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; and (9) Citibank previously explained as part of its Motion for Protective Order how the schools used different methods to certify whether loans were for educational purposes.

Based on its objections, Citibank will not agree to produce any documents at this time. Citibank is willing to meet and confer regarding an agreeable production.

## DOCUMENT REQUEST 3:

Documents concerning your policies, procedures and practices for considering whether a borrower had other loans, scholarships or financial aid of any kind when originating loans that are held by the Defendants.

## RESPONSE TO REQUEST 3:

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants; rather Citibank transferred loans to Goldentree Asset Management LP and Citibank does not know what loans are held by the Defendants; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation

on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties, particularly where Citibank previously offered to provide written interrogatory responses; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; and (9) Citibank previously explained as part of its Motion for Protective Order how the schools used different methods to certify whether loans were for educational purposes.

Based on its objections, Citibank will not agree to produce any documents at this time. Citibank is willing to meet and confer regarding an agreeable production.

## DOCUMENT REQUEST 4:

Documents sufficient to show the number of loans that you have made from 2005 to present and, of those loans, (a) which loans were certified by the educational institution as within the county of attendance, and (b) which loans were within the cost of attendance at the subject institution.

## RESPONSE TO REQUEST 4:

Citibank objects to this request because: (1) it is overly broad, unduly burdensome and not proportional to the needs of the case, and as set forth in General Objection No. 4, would take months, if not years, to gather and understand all of these documents, all at a great expense; (2) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (3) it is not properly limited in time and scope; (4) it does not comply with FRCP 45(d)(1)'s obligation

on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; (8) it seeks information from third parties, the schools, regarding how the schools certified whether the loans were for educational purposes; and (9) Citibank previously explained as part of its Motion for Protective Order how the schools certified whether loans were for educational purposes.

Subject to its objections, see Citibank's response to Deposition Topic 5.  Based on its objections, Citibank will not agree to produce any documents at this time.  Citibank is willing to meet and confer regarding an agreeable production.

**DOCUMENT REQUEST 5:**

Documents sufficient to show how you report to credit reporting agencies the status of student loans made by you that are discharged in bankruptcy.

**RESPONSE TO REQUEST 5:**

Citibank objects to this request because: (1) it lacks foundation in that Citibank no longer services student loans; (2) it is irrelevant and not proportional because credit reporting is not at issue in this case; (3) it is irrelevant and not proportional because Golden cannot certify a class; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue

burden or expense of third parties; and (6) it seeks information protected by the attorney-client privilege.

Subject to its objections, Citibank understands that Firstmark will produce documents related to how it reports student loans to the credit reporting agencies within a reasonable time after the entry of the Amended Protective Order.  Based on its objections, Citibank will not agree to produce any further documents at this time.  Citibank is willing to meet and confer regarding an agreeable production.

**DOCUMENT REQUEST 6:**

All documents relating to the transfer of any loans to the Defendants or to Goldentree Asset Management.

**RESPONSE TO REQUEST 6:**

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to the Defendants in this lawsuit; rather Citibank transferred loans to Goldentree Asset Management LP as part of the Purchase Agreement, which Citibank understands has already been produced in this lawsuit; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (4) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties and seeks documents Plaintiff could seek directly from parties to the lawsuit; (5) it seeks discovery of

confidential and proprietary business information; and (6) it seeks documents protected by the attorney-client privilege.

Subject to its objections, Citibank understands that the Purchase Agreement has already been produced in this lawsuit.  Based on its objections, Citibank will not agree to produce any further documents at this time.  Citibank is willing to meet and confer regarding an agreeable production.

## DOCUMENT REQUEST 7:

Documents concerning your policies, procedures and practices for determining whether a borrower on a student loan is entitled to notification that such borrower may be entitled to a tax deduction for some or all the interest paid on said loan under the Internal Revenue Code.

## RESPONSE TO REQUEST 7:

Citibank objects to this request because: (1) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (2) it is not properly limited in time and scope; (3) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (5) it is vague and ambiguous and does not describe the subject matter with the required particularity; (6) it seeks discovery of confidential and proprietary business information; (7) it calls for a legal conclusion and seeks information protected by the attorney-client privilege; and (8) it seeks information from third parties regarding their determination of whether a loan is a qualified educational expense.

Subject to its objections, Citibank understands that Firstmark will produce documents that are responsive to this request within a reasonable time after the entry of the Amended Protective

Order.  Based on its objections, Citibank will not agree to produce any further documents at this time.  Citibank is willing to meet and confer regarding an agreeable production.

**DOCUMENT REQUEST 8:**

Documents that reflect how student loans that have been transferred by you to the Defendants or to Goldentree Asset Management are treated after they go to default.

**RESPONSE TO REQUEST 8:**

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to all of the Defendants in this lawsuit; rather Citibank transferred loans to Goldentree Asset Management LP as part of the Purchase Agreement, which Citibank understands has already been produced in this lawsuit,  and now that Citibank is no longer the holder of the student loans that it transferred to  Goldentree Asset Management LP, Citibank does not make the determination of how to treat those student loans after they go into default; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that went into default, including loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (6) it is vague and ambiguous and does not describe the subject matter with the required particularity; and (7) it seeks discovery of confidential and proprietary business information;

Subject to its objections, Citibank understands that the Purchase Agreement has already been produced in this lawsuit.  Based on its objections, Citibank will not agree to produce any

further documents at this time.  Citibank is willing to meet and confer regarding an appropriate production.

## DOCUMENT REQUEST 9:

Documents that reflect how student loans that have been transferred by you to the Defendants or to Goldentree Asset Management are treated after the borrower has received a discharge in bankruptcy.

## RESPONSE TO REQUEST 9:

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to all of the Defendants in this lawsuit; rather Citibank transferred loans to Goldentree Asset Management LP as part of the Purchase Agreement, which Citibank understands has already been produced in this lawsuit, and now that Citibank is no longer the holder of the student loans that it transferred to  Goldentree Asset Management LP, Citibank does not make the determination of how to treat those student loans after a borrower has received a discharge in bankruptcy; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans not subject to bankruptcy in this district; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties; (6) it is vague and ambiguous and does not describe the subject matter with the required particularity; and (7) it seeks discovery of confidential and proprietary business information;

Based on its objections, Citibank will not agree to produce any documents at this time. Citibank is willing to meet and confer regarding an appropriate production.

**DOCUMENT REQUEST 10:**

The documents covering any representations or warrantees made by you with regard to the transfer of student loans to Defendants or Goldentree Asset Management.

**RESPONSE TO REQUEST 10:**

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to all of the Defendants in this lawsuit; rather Citibank transferred loans to Goldentree Asset Management LP as part of the Purchase Agreement, which Citibank understands has already been produced in this lawsuit; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties and seeks documents Plaintiff could seek directly from parties to the lawsuit; and (6) it seeks discovery of confidential and proprietary business information.

Based on its objections, Citibank understands that the Purchase Agreement has already been produced in this lawsuit.  Based on its objections, Citibank will not agree to produce any further documents at this time.  Citibank is willing to meet and confer regarding an appropriate production.

**DOCUMENT REQUEST 11:**

All documents concerning the relationship, as it relates to student loans, of Citibank N.A. with the following:

a) Goldentree Asset Management
b) GOAL Structured Solutions Trust, 2016

c) GS2 Grantor-Trust 2016-A
d) GS2 Depositor 2016-A, SPV, LLC
e) Goal Structured Solutions, Inc.
f) Turnstile Capital Management, LLC
g) Pennsylvania Higher Education Assistance Agency

## RESPONSE TO REQUEST 11:

Citibank objects to this request because: (1) it lacks foundation because Citibank did not transfer loans to the entities listed in (b) – (g); rather Citibank transferred loans to Goldentree Asset Management LP as part of the Purchase Agreement, which Citibank understands has already been produced in this lawsuit; (2) it is irrelevant and not proportional because Golden cannot certify a class; (3) it is irrelevant, not proportional, overly broad and unduly burdensome because it seeks information about loans that were not subject to bankruptcy, and not subject to bankruptcy in this district; (4) it is not properly limited in time and scope; (5) it does not comply with FRCP 45(d)(1)'s obligation on any party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense of third parties and seeks documents Plaintiff could seek directly from parties to the lawsuit, such as it relates Pennsylvania Higher Education Assistance Agency's role as a guarantor and its relationships with schools and lenders (such as Citibank); and (6) it seeks discovery of confidential and proprietary business information.

Subject to its objections, Citibank will produce the Common Manual: Unified Student Loan Policy such as it relates Pennsylvania Higher Education Assistance Agency's role as a guarantor and its relationships with schools and lenders (such as Citibank). Citibank understands that the Purchase Agreement has already been produced in this lawsuit. Based on its objections, Citibank will not agree to produce any further documents at this time. Citibank is willing to meet and confer regarding this request.

Dated: February 25, 2020

BALLARD SPAHR LLP

/s/ Matthew A. Morr
Marjorie J. Peerce
Gerard Belfort
Matthew A. Morr (*admitted pro hac vice*)
**Ballard Spahr LLP**
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: 212.223.0200
Facsimile: 212.223.1942
Email: peercem@ballardspahr.com
belfortg@ballardspahr.com
morrm@ballardspahr.com

*Attorneys for Non-Party Citibank, N.A.*