

December 8, 2020

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:    *Tashanna B. Golden, et al. v. JP Morgan Chase, et al.*
              Adv. Pro. No. 1-17-01005 (ESS)

Dear Judge Stong:

      We write with regard to a new subpoena that Defendants have served on the University of Pennsylvania. We strongly object to this subpoena as unnecessary and harassing since the relevant information has already been produced. We also object because Defendants have already responded to Plaintiff's motion for partial summary judgment without invoking Rule 56(d) or even suggesting that further discovery was needed on the motion. The additional discovery Defendants seek would even further delay resolution of Plaintiff's motion.

      As Your Honor will recall, Defendants asked the Court to delay their response to our motions for partial summary judgment and class certification because they needed further discovery, including discovery from the University of Pennsylvania. This request, of course, came almost a year after the Court set the deadline of September 30, 2019, to serve all discovery requests. *See* Ex. A hereto. Nonetheless, Defendants subpoenaed both testimony and documents from the University of Pennsylvania on August 5, 2020. A copy of that subpoena is attached hereto as Exhibit B. After a series of communications between Defendants' counsel and counsel for the University, Defendants obtained numerous documents and procured a declaration from Mr. Anthony Henry which attested to the accuracy of various documents that were produced and purported to define the cost of attendance for the law school.

      As we have outlined in our previous letters, Defendants' counsel withheld from us several of the emails, especially those relating to the addition by defense counsel of language in the declaration purporting to define cost of attendance. After receiving Mr. Henry's declaration, Plaintiff served a subpoena for the production of documents and testimony on the University on October 19, 2020. *See* Exhibit C hereto. Defendants cross-noticed the deposition of Mr. Henry. *See* Exhibit D hereto.

      The documents produced pursuant to our subpoena clearly establish the cost of attendance as determined by the University. Further, the deposition of Mr. Henry



Hon. Elizabeth S. Stong
December 8, 2020
Page 2

confirmed that he was not the individual who determined the cost of attendance for the university and that he was completely unfamiliar with how the university arrived at that number.

In their answering papers on Plaintiff's motion for summary judgement filed last week, all of the Defendants unequivocally relied upon Mr. Henry's declaration (and specifically the language inserted by Firstmark's counsel) in representing to the Court what they claimed was the cost of attendance. *See* Dkt. 327 at 5; Dkt. 329 at 18; Dkt. 336 at 7. None of Defendants suggested that they would need further discovery on this issue, nor did they even acknowledge that the correct number was provided by the University in documents produced in response to Plaintiff's subpoena.

After having already subpoenaed the University of Pennsylvania, having had numerous conversations with University counsel, having procured and expressly relied upon the Henry declaration, having thoroughly examined Mr. Henry during his deposition and having represented to the Court what they claim is the actual cost of attendance, Defendants now serve a new subpoena on the University. *See* Ex. E hereto. We believe that, when the Court reviews all the motion papers, it will conclude that the relevant facts are clearly established and that yet another deposition from the University of Pennsylvania is unnecessary. We, therefore, respectfully request that this subpoena be quashed.

                                   Respectfully submitted,

                                   */s/ George F. Carpinello*
                                   George F. Carpinello

GFC/slb

Enclosure(s)

cc via ECF:    Counsel of Record