

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Gregory T. Casamento
Direct Telephone: 212-812-8325
gcasamento@lockelord.com

February 22, 2021

By ECF

Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

      Re:    *Tashanna B. Golden v. JP Morgan Chase et al.*, Case No. 17-ap-01005

Dear Judge Stong:

We represent defendants National Collegiate Student Loan Trust 2006-4 and Goal Structured Solutions Trust 2016-A (the "Trust Defendants") in the above-referenced adversary proceeding. We write on behalf of all the Defendants to advise the Court that the Defendants intend to move to exclude the expert declaration submitted in this matter by Mark Kantrowitz.

On February 5, 2021, plaintiff submitted with her Reply in further support of her motion for summary judgment a purported expert declaration by Mark Kantrowitz. (Dkt. 372).[1] Mr. Kantrowitz's declaration is on its face a legal brief, which purports to interpret a series of statutes and offer his opinion about what the law is and what it requires. Mr. Kantrowitz's opinions are not admissible expert testimony under Rule 702 of the Federal Rules of Evidence.[2]

Accordingly, the Defendants will request that the Court strike Mr. Kantrowitz's declaration and, unless otherwise instructed by the Court, will file a formal motion for such relief by March 8, 2021.[3] The Defendants do not read the Court's local rules to require a pre-motion letter or

---

[1] In connection with her motion for class certification, Plaintiff also submitted a report by Mr. Kantrowitz, which was prepared for the matter styled *Homaidan, et al. v. Navient Solutions, LLC, et al.*, No. 17-ap-1085 (ESS) (Bankr. E.D.N.Y.). That report does not appear to have been relied on in Plaintiff's motion for partial summary judgment (it is not cited anywhere in her moving brief for partial summary judgment), but is referenced in Plaintiff's motion for class certification. Accordingly, the Defendants' reserve their rights to object to the *Homaidan* report in opposing class certification.

[2] Plaintiff may not rely on inadmissible testimony on order to obtain a grant of summary judgment.

[3] Plaintiff also submitted two declarations from John DeBois in purported support of her motions for summary judgment, class certification, and preliminary injunction. (Dkts. 252 and 374). The Defendants believe those declarations are also inadmissible and should be excluded, but DeBois appears to opine solely on class certification

Hon. Elizabeth S. Stong
February 22, 2021
Page 2

conference prior to submitting this type of motion, however, if the Court prefers that the Defendants submit a pre-motion letter requesting a conference before filing a formal motion, they are happy to do so. To avoid burdening the Court, the Defendants will seek to meet and confer with plaintiff's counsel to agree on a briefing schedule so that this motion can be fully briefed and decided in conjunction with plaintiff's other pending motions.

We appreciate the Court's attention to this matter.

                                                          Respectfully submitted,

                                                          */s/ Gregory T. Casamento*

                                                          Gregory T. Casamento

cc:  All counsel of record (by ECF)

---

issues and his declarations are not cited in Plaintiff's summary judgment motion. The Defendants will address DeBois' declarations when they respond to Plaintiff's motion for class certification.