UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>      Debtor, | Chapter 7<br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden<br>*fka* Tashanna B. Pearson on behalf of herself<br>and all others similary situated,<br><br>      Plaintiff,<br><br>    v.<br><br>Firstmark Services LLC, GS2 2016-A (GS2), National<br>Collegiate Student Loan Trust 2006-4 (NCT 2006),<br>Pennsylvania Higher Assistance Agency, d/b/a<br>American Education Services,<br><br>      Defendants. | Adv. Pro. No. 1-17-01005(ESS) |

**PLAINTIFF TASHANNA GOLDEN'S RESPONSE TO DEFENDANTS'
SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
STRIKE THE KANTROWITZ EXPERT REPORT**

Dated:    September 24, 2021

Plaintiff Tashanna Golden ("Plaintiff") respectfully submits this response to Defendant Pennsylvania Higher Education Assistance Agency's ("PHEAA") Supplemental Memorandum of Law in Support of Defendants' Motion to Strike the Kantrowitz Expert Report.

## ARGUMENT

It is undeniable, and Defendants do not dispute, that Plaintiff's proffered expert, Mark Kantrowitz, has decades of applicable experience in higher education financing and student lending and is uniquely qualified to opine on the issues in his report. Each of the cases that were referenced to the Court by Plaintiff's counsel during oral argument illustrate the principle that, when the decisionmaker is the Court, as opposed to a jury, the Court has wide discretion to consider the expert report and to decide for itself what is relevant and reliable and what is not. This case is no different, and it is well within the Court's sound discretion to consider the Kantrowitz report for Mr. Kantrowitz's undisputed specialized knowledge of student lending and higher education financing and to simply not consider those portions that the Court may deem to be a legal opinion. It is important to recognize, however, that Mr. Kantrowitz could not apply his specialized knowledge without referring to the relevant statutory language. Merely reciting what a statute says is not an expert impermissibly providing an opinion of the law. Each of the cases Plaintiff recited to the Court establishes the principle that the Court has broad discretion in this area.

For example, *Bank of New York Mellon Trust Co., Nat'l Ass'n v. Solstice*, 910 F. Supp. 2d 629, 639-41 (S.D.N.Y. 2012) sets forth the fundamental principle that, when the court is the decisionmaker, the court "has 'greater flexibility in satisfying its gatekeeping function vis a vis expert testimony . . . given the absence of the need to protect juries from dubious expert evidence,'" quoting *Prudential Ret. Ins. & Annuity Co. v. State St. Bank & Trust Co. (In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.)*, 772 F. Supp. 2d 519, 563 (S.D.N.Y. 2011)). The *Bank of New York Mellon* Court also cited, in footnote 10, several other cases which stand for the same

proposition, including *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 629 (S.D.N.Y. 2007); *Chitayat v. Vanderbilt Assocs.*, No. 03-5314, 2007 WL 2890248, at *2 (E.D.N.Y. Sept. 27, 2007); and *Am. Home Assurance Co. v. Masters' Ships Mgmt. S.A.*, 03 Civ. 0618, 2005 WL 159592, at *1 (S.D.N.Y. Jan. 25, 2005). The foundational principle guiding these decisions is not limited to *Daubert* motions. Rather, these courts make clear that the need to protect the jury from any inappropriate expert testimony is relaxed when the court itself is determining the evidentiary value to assign to a proffered expert report. In other words, the court does not need to be a gatekeeper of its own mind.

The *Bank of New York Mellon* court also lays out the well-established principle that a trial judge "has broad discretion in the matter of admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *Bank of New York Mellon Trust Co, Nat. Ass'n*, 910 F. Supp. 2d. at 641.

The case of *51 Webster St., Inc., v. Atlantic Richfield Co.*, No. 16-CV-468, 2019 WL 76573 (W.D.N.Y. Jan. 2, 2019) is relevant in two respects: First, the court expressly agrees with the statement made in *Bank of New York Mellon* that a court's gatekeeper function is considerably relaxed when there is no jury. Second, the court explained that, to the extent that an expert purports to testify on a legal conclusion, "that testimony will either be excluded at the time of trial or ignored by the Court in rendering its ultimate determination. There is no risk of jury prejudice here necessitating the Court to strike or exclude testimony prior to trial." *Id.* at * 4. Thus, the court is clearly articulating the view that, insofar as the court is rendering a decision, it will ignore any legal conclusions contained in the expert's report. There is no need to strike the report. To the contrary, if the testimony is going to be presented to the jury, the court will then and only then have to decide whether to exclude any legal conclusions contained in an expert's report. Thus, the

2

*51 Webster St.* holding is directly on point. PHEAA's discussion of the case completely ignores this important holding.

Finally, PHEAA also misrepresents the holding in *Kortright Capital Partners LP v. Investcorp Investment Advisors Ltd.*, 392 F. Supp. 3d 382 (S.D.N.Y. 2019). As in this case, the relevant issue in *Kortright* was decided by the court and not a jury. In a post-trial opinion, the court addressed the motions to preclude the expert testimony and, in that context, the court expressly held that it does not need to "gate-keep expert testimony from [itself]." *Id.* at 397 (quoting *Joseph S. v. Hogan*, No. 06 Civ. 1042, 2011 WL 2848330, at *2 (E.D.N.Y. July 15, 2011)). The court further held that "'unless the disputed evidence is wholly irrelevant or so speculative as to have no probative value', a court may freely receive the evidence and disregard it later if it fails to satisfy the strictures of Rule 702 and *Daubert*." *Id.* at 397 (quoting *720 Lex Acquisition LLC v. Guess? Retail Inc.*, No. 09-cv-7199, 2014 WL 4184691, at *10 (S.D.N.Y. Aug. 22, 2014)).

Although the *Kortright* court was speaking in the context of a *Daubert* motion, the principle applies equally in the context of opinions that may contain legal conclusions. Indeed, later in the opinion the court expressed doubt as to the relevance of some of the expert testimony but noted that the court need not completely disregard the expert's testimony since the exclusion of expert testimony "is warranted only when the district court finds 'serious flaws in reasoning or methodology.'" *Kortright Capital Partners LP*, 392 F. Supp. 2d at 402 (quoting *Taylor Precision Prods., Inc. v. Larimer Grp., Inc.*, No. 15-cv-4428, 2018 WL 427826, at *32 (S.D.NY. Mar. 26, 2018)). The court went on to cite *Van Alen v. Dominick & Dominick, Inc.*, 560 F.2d 547, 552 (2d Cir. 1977) to the effect that "ordinarily it may be the more prudent course in a bench trial to admit into evidence doubtfully admissible records, and testimony based on them" and then "determine

how much weight, if any, to give to the expert's conclusions." *Kortright*, 392 F. Supp. 3d at 402 (internal quotations omitted). In other words, where there is no risk of contaminating a jury with improper evidence, the preferred procedure is for the court freely admit expert evidence, allow cross examination and determine on its own the weight to be given to that testimony. *Id.* Consistent with that approach, the *Kortright* court held that it would disregard the testimony of both of the experts insofar as they attempted to interpret the contract since the court held that it was perfectly capable of interpreting the contract on its own. Yet, the court did not strike the reports but merely disregarded the legal conclusions contained therein. *Id.* at 401-02.

As this Court itself explained at the hearing, the Court is perfectly capable of deciding what, if anything, in the Kantrowitz reports constitutes a legal opinion and what constitutes proper expert testimony based on Mr. Kantrowitz's decades of experience in the higher education and student lending industries.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the motion to strike the Kantrowitz Report be denied.

Dated: September 24, 2001                    Respectfully submitted,

                                                    **BOIES SCHILLER FLEXNER LLP**

                              By:   */s/ George F. Carpinello*
                                       George F. Carpinello
                                       Adam R. Shaw
                                       Jenna C. Smith
                                       30 South Pearl Street
                                       Albany, NY  12207

                                         **JONES SWANSON HUDDELL &**
                                         **DASCHBACH LLC**
                                         Lynn E. Swanson (admitted *pro hac vice*)
                                         Peter Freiberg (admitted *pro hac vice*)

601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

**LAW OFFICES OF JOSHUA B. KONS, LLC**
Joshua B. Kons (Ct. Bar No. 29159)
50 Albany Turnpike, Suite 4024
Canton, Connecticut 06019

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, George F. Carpinello, hereby certify that on the 24th day of September 2021, I served the forgoing document on all counsel of record via ECF and electronic mail.

/s/ *George F. Carpinello*
George F. Carpinello