IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Golden,<br>Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>          Debtor, | Chapter 7<br><br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>          Plaintiff,<br><br>    v.<br><br>National Collegiate Student Loan Trust 2006-4, Goal Structured Solutions Trust 2016-A, Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and Firstmark Services,<br><br>          Defendants. | Adv. Proc. No. 17-1005 (ESS) |

**NOTICE OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S
SUPPLEMENTAL DISCOVERY REQUESTS**

TO ALL PARTIES:

    **PLEASE TAKE NOTICE** that Plaintiff hereby moves pursuant to Federal Rule of

Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37 to compel Defendants to

respond to Plaintiff's Supplemental Discovery Requests.

    **PLEASE TAKE FURTHER NOTICE**, that a hearing on the motion will be held before

the Honorable Elizabeth S. Stong, United States Bankruptcy Judge in the United States Bankruptcy

Court for the Eastern District of New York, 271-C Cadman Plaza East, Room 3585, Brooklyn,

New York 11201 at a date and time to be determined by the Court.  Any responses or objections

to the motion must be in writing, shall conform to the Federal Rules of Civil Procedure and the

local bankruptcy rules of the Eastern District of New York, and shall be filed with the Bankruptcy

Court and served so as to be received by a date to be agreed upon by the parties.

Dated:  December 6, 2021                    Respectfully submitted,

                                            **BOIES SCHILLER FLEXNER LLP**

                        By:     */s/ George F. Carpinello*
                                George F. Carpinello
                                Adam R. Shaw
                                Jenna C. Smith
                                30 South Pearl Street
                                Albany, NY  12207
                                (518) 434-0600

                                **JONES, SWANSON, HUDDELL &
                                GARRISON, L.L.C.**
                                Lynn E. Swanson (admitted *pro hac vice*)
                                Peter Freiberg (admitted *pro hac vice*)
                                601 Poydras Street, Suite 2655
                                New Orleans, Louisiana 70130

                                **FISHMAN HAYGOOD LLP**
                                Jason W. Burge (admitted *pro hac vice*)
                                201 St. Charles Avenue, 46th Floor
                                New Orleans, Louisiana 70170

                                **LAW OFFICES OF JOSHUA B. KONS, LLC**
                                Joshua B. Kons (Ct. Bar No. 29159)
                                50 Albany Turnpike, Suite 4024
                                Canton, Connecticut 06019


                                *Counsel for Plaintiff Tashanna Golden*

## CERTIFICATE OF SERVICE

I, George F. Carpinello, hereby certify that on the 6th day of December, 2021, I caused the

foregoing document to be served on all counsel of record via ECF and electronic mail.

*/s/ George F. Carpinello*
George F. Carpinello

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>Debtor, | Chapter 7<br><br><br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden<br>*fka* Tashanna B. Pearson,<br><br>Plaintiff,<br><br>v.<br><br>National Collegiate Student Loan Trust 2006-4, Goal Structured Solutions Trust 2016-A, Pennsylvania Higher Education Assistance Agency d/b/a American Education Services and Firstmark Services,<br><br>Defendants. | Adv. Pro. No. 1-17-01005(ESS) |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUESTS**

---

Dated:  December 6, 2021

## **TABLE OF CONTENTS**

BACKGROUND ...........................................................................................................................1

A.     PHEAA's Responses and Objections to the Supplemental Requests ..................................3

B.     Firstmark's Responses and Objections to the Supplemental Requests ...............................4

C.     NCSL Trust 2006-4 and GS2 2016-A's Responses and Objections to the Supplemental Requests ...........................................................................................................................5

D.     The Parties Have Met and Conferred on this Issue .............................................................6

ARGUMENT ..............................................................................................................................7

I.     LEGAL STANDARD .......................................................................................................7

II.     PRE-CERTIFICATION DISCOVERY THAT RELATES TO RULE 23'S REQUIREMENTS IS ROUTINELY GRANTED ............................................................8

III.     THE REQUESTED DISCOVERY IS PROPORTIONAL ...............................................11

CONCLUSION ..........................................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Burton v. District of Columbia*,
    277 F.R.D. 224 (D.D.C. 2011) ................................................................................. 9

*Calabrese v. CSC Holdings, Inc.*,
    2007 WL 749690 (E.D.N.Y. Mar. 7, 2007)............................................................... 9

*Chen Oster v. Goldman, Sachs & Co.*,
    285 F.R.D. 294 (S.D.N.Y. 2012)....................................................................... 9, 12

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*,
    105 F.R.D. 16 (S.D.N.Y. 1984).......................................................................... 8, 12

*Eisen v. Carlisle and Jacquelin*,
    417 U.S. 156 (1974) ............................................................................................ 10

*Freydl v. Meringolo*,
    2011 WL 2566087 (S.D.N.Y. June 16, 2011) ......................................................... 8

*In re Initial Pub. Offerings Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) .............................................................................. 9, 10

*Kimbro v. I.C. Sys., Inc.*,
    2002 WL 1816820 (D. Conn. Jul. 22, 2002) ........................................................... 7

*Melendez v. Greiner*,
    2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003).......................................................12

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) .............................................................................................. 7

*Rahman v. Smith & Wollensky Rest. Grp., Inc.*,
    2007 WL 1521117 (S.D.N.Y. May 24, 2007) .......................................................... 9

*Sirota v. Solitron Devices, Inc.*,
    673 F.2d 566 (2d Cir. 1982) ................................................................................. 8

*Sokol v. Wyeth, Inc.*,
    2008 WL 3166662 (S.D.N.Y. Aug. 4, 2008)........................................................... 8

*Thompson v. Global Contact Services, LLC*,
    2021 WL 1103029 (E.D.N.Y. Feb. 16, 2021) ......................................................... 9

*Wills v. Amerada Hess Corp.*,
    379 F.3d 32 (2d Cir. 2004) ................................................................................ 7

*Winfield v. City of New York*,
    2018 WL 840085 (S.D.N.Y. Feb. 12, 2018) ...................................................... 7

**Statutes**

11 U.S.C. § 523(a)(8) ......................................................................................... 1

11 U.S.C. § 524 ................................................................................................. 10

**Rules**

Federal Rule of Civil Procedure 26(b)(1) ..................................................... 7, 11

Federal Rule of Bankruptcy Procedure 7037 .................................................... 1

Federal Rule of Civil Procedure 23 .......................................................... *Passim*

Federal Rule of Civil Procedure 37 .............................................................. 1, 7

**Other Authorities**

3 Newberg on Class Actions § 7:14 (5th ed.) .................................................... 8

Rule 26 Advisory Committee Notes to 2015 Amendments ............................ 7, 12

Plaintiff Tashanna Golden ("Plaintiff"), on behalf of herself and the proposed class, submits this Memorandum of Law in Support of her Motion to Compel Responses to Plaintiff's Supplemental Discovery Requests, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37.

## **BACKGROUND**

As this Court is aware, this action seeks a declaration that Defendants continue to collect on student loans held by Plaintiff and the proposed class that have been discharged in bankruptcy, and to hold Defendants in contempt for violations of the applicable discharge orders held by Plaintiff and the proposed class. The law in this Circuit is well settled that the loans held by Plaintiff and the proposed class were presumptively discharged in Bankruptcy unless Defendants can show that a particular loan falls within one of the narrow exceptions to discharged contained in 11 U.S.C. § 523(a)(8). It is Defendants' burden to come forward with affirmative evidence to show that one of § 523(a)(8)'s narrow exceptions applies. Defendants have failed to do so.

Plaintiff has filed a motion for class certification, a motion which is fully briefed and is currently pending before the Court. In support of the motion for class certification, Plaintiff has more than met her burden of showing that each of Federal Rule of Civil Procedure 23's requirements are met by a preponderance of the evidence. It is estimated that the size of the class is in the thousands; it is undisputed that each proposed class member has received a discharge in bankruptcy and been subject to Defendants' illegal collection efforts post-discharge; Plaintiff Tashanna Golden's claims are typical of the claims of the class; and Ms. Golden and her attorneys are capable and adequate representatives of the interests of the class. Whether Defendants' uniform course of conduct violates the Bankruptcy Code is a common issue that predominates over any individual issues and is an issue that will be resolved by looking at common proof.

Moreover, membership in the class can be determined by evaluating objective criteria contained in Defendants' own records and based on publicly available information.

In a last-ditch effort to defeat class certification, Defendants for the first time in their respective oppositions to Plaintiff's Motion for Class Certification, assert that many of the loans held by the proposed class were guaranteed by nonprofits or government institutions and that others were certified as within the cost of attendance. Yet, Defendants refuse to provide the discovery necessary to prove or disprove these assertions. Defendants' refusal forms the basis for the instant Motion to Compel.

As first discussed during the September 29, 2021 conference with the Court, Plaintiff seeks data about the composition of the portfolios serviced by PHEAA and Firstmark and the loans owned by the Trust Defendants. Declaration of George F. Carpinello at ¶ 2, Ex. A ("September 29, 2021 Hearing Transcript") at 20:07-23:03. Specifically, each individual loan file would provide helpful information including the nature of the loan, the terms of the promissory note, whether the loan was certified by the relevant educational institution, the amount of the loan, whether or not the student was attending a Title-IV institution, and whether or not a nonprofit or governmental entity was involved in funding or guaranteeing the loan.

While Plaintiff's Motion for Class Certification, standing on its own, meets the burden of showing that each of Rule 23's prerequisites are satisfied, the information sought by this Motion to Compel will be helpful to the Court in evaluating whether there is any merit to Defendants' arguments against class certification. In fact, at the September 29 conference, the Court agreed that "[i]t does seem to make sense to know . . . what the loans at issue are, who the borrowers are, at some point what the circumstances are, and that discovery should be a part of that process." *Id*. at 25:12-15. The Court went on to note that "the facts actually do matter and whether the alleged

class is an empty bucket or an overflowing lake. . . is a certainly relevant factor in assessing risk, but also relevant whether and to what extent there are class members . . . or facts associated with class members that will inform the Court's determination on the various motions is something that needs to be addressed." *Id.* at 25:20-26:03.

At the September 29 conference, PHEAA's counsel took the position that Plaintiff had not served a specific document request for the individual loan files of proposed class members and stated that PHEAA would take the position that any such request was "inappropriate and we would object to it . . . unless and until a class is certified because of the burden of producing those files." *Id.* at 47:13-21. PHEAA's counsel went on to state that the requested discovery would not be produced unless "Your Honor orders me to produce it after vigorous motion practice, but that "there will be vigorous motion practice." *Id.* at 55:16-18.

Following the September 29 conference, and consistent with the Court's recommendation that Plaintiff serve supplemental discovery requests that narrowly focus on the discovery at issue, Plaintiff served Supplemental Interrogatories and Requests for Production of Documents "the Supplemental Requests") on October 13, 2021. *See* Carpinello Decl. at ¶ 3, Ex. B ("Plaintiff's Supplemental Interrogatories and Requests for Production of Documents to All Defendants"). The Supplemental Requests consist of a single interrogatory and document request seeking information about the specific attributes of each loan held or serviced by Defendants. *See* Exhibit B to Carpinello Decl.

### A. PHEAA's Responses and Objections to the Supplemental Requests

On November 12, 2021, PHEAA served its responses and objections to the Supplemental Requests, followed by a letter to Plaintiff's counsel on November 15. *See* Carpinello Decl. at ¶ 4, Ex. C (Letter from P. Haveles to G. Carpinello"); ¶ 5, Ex. D ("PHEAA's Responses and Objections

to the Supplemental Requests"). In both its letter and its Responses and Objections to the Supplemental Requests, PHEAA contends that Plaintiff is not entitled to any discovery with respect to the proposed class members unless and until a class is certified and stated that it will not produce the requested discovery. *See* Carpinello Decl. Ex. C at 2; Ex. D at 7.

PHEAA also contends that it has already produced the relevant information via the production of selected portions of an internal database. *See* Carpinello Decl. at ¶ 6, Ex. E ("November 18, 2021 Hearing Transcript") at 35:14-36:12. PHEAA admits, however, that the database does not contain all of the information sought by the Supplemental Requests. *Id.* at 36:05-37:01. As Mr. Haveles conceded at the November 18 conference with the Court, the database only contains information about loans, rather than individual borrowers. *Id.* In addition, the database does not provide information about school certification or whether the loan is within the cost of attendance at the relevant educational institution. Nor does it allow Plaintiff to verify Defendants' contentions that certain loans are non-dischargeable based on the assertion that the loans were guaranteed by a nonprofit or governmental entity. The database does not contain the identity of the purported guarantor or whether the guarantor is a nonprofit or governmental entity. The only way to obtain this information is to compel the production of the individual loan files from Defendants.

### B. Firstmark's Responses and Objections to the Supplemental Requests

Firstmark served its Responses and Objections to the Supplemental Requests on November 12, 2021. *See* Carpinello Decl. at ¶ 7, Ex. F ("Firstmark's Responses and Objections to the Supplemental Requests"). Firstmark maintains that it will not produce the requested discovery until a class is certified. *Id.* at 7. Firstmark further objects to producing the requested discovery because it "seeks information or documents concerning loans which are presumptively and

indisputably nondischargeable . . . because they were made, originated, or guaranteed by a nonprofit organization or governmental unit, or because they were made, originated, or guaranteed by a nonprofit organization or governmental unit, or because they were certified by the borrower's school as within eligible borrowing limits." *Id.* at 6. This objection, of course, is a non sequitur, since the purpose of the discovery is, in part, to actually determine which loans are, in fact, actually funded or guaranteed by a nonprofit or governmental entity.

Firstmark also objects to the Supplemental Requests on the basis that Firstmark does not create or maintain documents responsive to the Supplemental Requests in the ordinary course of its business—meaning that Firstmark takes actions to collect on loans held by the proposed class without any verification of the attributes of the loans to ensure that they are, in fact, legally collectable. *Id.* at 6-7. Regarding Subpart M of the request, which requests the identity of any nonprofit or governmental entity involved in funding or guaranteeing the loan, Firstmark objects, in pertinent part, to producing responsive documents on the basis that it does not have documents or sufficient knowledge to identify every entity that potentially played a role, despite the fact that Firstmark argues that the class should not be certified because a large portion of the loans it services were, in fact, funded or guaranteed by nonprofits. *See id.* at 12.

### C. NCSL Trust 2006-4 and GS2 2016-A's Responses and Objections to the Supplemental Requests

Defendants National Collegiate Student Loan Trust 2006-4 and Goal Structured Solutions Trust 2016-A (collectively, the "Trust Defendants") served their Responses and Objections to the Supplemental Requests on November 12. *See* Carpinello Decl. at ¶ 8, Ex. G ("NCSL Trust 2006-4's Responses and Objections to the Supplemental Requests"); Carpinello Decl. at ¶ 9, Ex. H ("Goal Structured Solutions Trust 2016-A's Responses and Objections to the Supplemental Requests"). The Responses and Objections served by the Trust Defendants were identical.

In relevant part, the Trust Defendants objected to the Supplemental Requests on the basis that the requests were overbroad and unduly burdensome.    Regarding subpart U of the Supplemental Requests, which seeks information on the "cost of attendance," they assert that compliance would require the Trusts "to serv[e] subpoenas to each putative class member, his or her co-borrower, school, and bank(s)." *See* Carpinello Decl. Exs. G and H at 4.  They also objected to the Supplemental Requests on the basis that the Supplemental Requests seek the identities and contact information for members of the putative class, and on the basis that such class discovery was premature prior to certification.  *Id.*  They also object on the basis that the Supplemental Requests seek information about a broader group of borrowers than those who may potentially be members of the putative class.  *Id*. at 3.

### D.  The Parties Have Met and Conferred on this Issue.

Following receipt of Defendants' Responses and Objections, the parties engaged in a meet and confer on November 18, in advance of the pre-trial conference with the Court later that afternoon.   They were unsuccessful in resolving the issue.

This issue was again raised with the Court at the November 18, 2021 conference.  The Court agreed that the discovery sought "sounds more like class certification discovery than not" and that it would be helpful to the Court in evaluating Plaintiff's motion for class certification. Carpinello Decl., Ex. E ("November 18 Tr.") at 34:04-10.  As the Court reasoned, "discovery that informs any of the contested issues in class certification is going to be likely discovery that I will need."  *Id.* at 46:15-17.   PHEAA's counsel indicated that they were unlikely to change their position regarding their refusal to provide the requested discovery absent a Court order—a prediction that has proved to be true.  *See, e.g.*, *id*. at 45:13-17 ("At this juncture, you're trying to basically control and persuade people to find a middle ground, and oftentimes we have, but on this

one, with all due respect to Your Honor, PHEAA will vigorously contest this discovery and require a motion practice.").

## ARGUMENT

## I.    LEGAL STANDARD

As an initial matter, the Court has broad discretion in deciding discovery issues.  *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004).

In reviewing a motion to compel, the Court must address whether the moving party has established the necessary relevance of the information sought and that it is proportionate to the needs of the case.   Fed. R. Civ. P. 26(b)(1); Rule 26 Advisory Committee Notes to 2015 Amendments.  Information is discoverable if it is relevant to any party's claim or defense and is proportional to the needs of the case.  *Sibley v. Choice Hotels Int'l*, No. 14-634, 2015 WL 9413103, at *2 (E.D.N.Y. Dec. 22, 2015).   The party moving to compel "bears the initial burden of demonstrating relevance and proportionality."  *Winfield v. City of New York*, No. 15-CV-5236, 2018 WL 840085, at *3 (S.D.N.Y. Feb. 12, 2018). The scope of permissible discovery is quite broad and "discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information."  *Kimbro v. I.C. Sys., Inc.*, No. 3:01 CV 1676, 2002 WL 1816820, at *1 (D. Conn. Jul. 22, 2002); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

Plaintiff seeks an order compelling responses to the information sought in the Supplemental Requests, pursuant to Federal Rule of Civil Procedure 37.  If a party objects to discovery requests, that objecting party bears the burden of showing why discovery should be

denied. *Freydl v. Meringolo*, 09 Civ. 07196, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011).

Specifically, the resisting party must show how "despite the broad and liberal construction

afforded the federal discovery rules, each request is not relevant, or how each request is overly

broad, burdensome, or oppressive, by submitting affidavits or offering evidence revealing the

nature of the burden." *Sokol v. Wyeth, Inc.*, No. 07 Civ. 8442, 2008 WL 3166662, at *3 (S.D.N.Y.

Aug. 4, 2008). This requires Defendants to do more than "simply intone [the] familiar litany that

the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise*

*d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.

1984).

## II. PRE-CERTIFICATION DISCOVERY THAT RELATES TO RULE 23'S REQUIREMENTS IS ROUTINELY GRANTED.

A plaintiff moving for class certification must demonstrate that the case meets all of the

requirements under Federal Rule of Civil Procedure 23. "If facts are contested with regard to any

of these issues, the plaintiff is entitled to develop those facts through the formal discovery process."

3 Newberg on Class Actions § 7:14 (5th ed.). "[T]here can be no doubt that it is proper for a

district court, prior to certification of a class, to allow discovery and to conduct hearings to

determine whether the prerequisites of Rule 23 are satisfied." *Sirota v. Solitron Devices, Inc.*, 673

F.2d 566, 571 (2d Cir. 1982). Here, Defendants are attempting to defeat class certification by

arguing that Plaintiff has failed to meet Rule 23's requirements, but refuse to provide the very

discovery that is relevant to these assertions.

At the September 29 and November 18 conferences with the Court, during the parties' meet

and confer on November 18, in PHEAA's November 15 letter to Plaintiff's counsel, and

throughout Defendants' respective Responses and Objections, Defendants take the position that

any discovery into the proposed class members is inappropriate prior to class-certification. This

"blanket refusal" has been rejected by numerous courts. *See, e.g.*, *Thompson v. Global Contact Services*, LLC, No. 20-CV-651, 2021 WL 1103029, at *1 (E.D.N.Y. Feb. 16, 2021) (holding that defendant's "blanket refusal" to produce discovery regarding proposed class was unsupportable and ordering that defendant's records of individual class members' employment information "all bear on class certification, may be sought, and must be produced."); *Chen Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (quoting *Burton v. District of Columbia*, 277 F.R.D. 224 (D.D.C. 2011)) ("'The Supreme Court's ruling in [*Wal-Mart v. Dukes*] confirms that pre-certification discovery should ordinarily be available where a plaintiff has alleged a potentially viable class claim because [*Dukes*] emphasizes that the district court's class certification determination must rest on a 'rigorous analysis' to ensure '[a]ctual, not presumed conformance with Rule 23'"); *Calabrese v. CSC Holdings, Inc.*, No. 02-CV-5171, 2007 WL 749690, at *5 (E.D.N.Y. Mar. 7, 2007) (noting that before deciding whether to certify a class, the "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met."); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (rejecting defendant's argument that it was not required to produce class discovery until after certification).

Similarly, Defendants' assertion that the Supplemental Requests constitute impermissible merits discovery is clearly wrong. The discovery relates to who is in the class and who is not. In any event, as both the Supreme Court and the Second Circuit have made clear, discovery on the merits should only be precluded when a merits issue is unrelated to a Rule 23 requirement: "there is no reason to lessen a district court's obligation to make a determination that every Rule 23 requirement is met before certifying a class just because of some or even full overlap of that requirement with a merits issue." *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir.

2006) (discussing *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974)).  Here, the discovery

sought does not go to the merits of the case—*i.e.*, whether Defendants have violated 11 U.S.C. §

524 by attempting to collect on discharged debts, but rather, to the size and membership of the

class itself.

The Second Circuit has established the following conclusions regarding pre-certification

discovery:

> (1)      a district judge may certify a class only after making determinations that
> each of the Rule 23 requirements has been met; (2) such determinations can be
> made only if the judge resolves factual disputes relevant to each Rule 23
> requirements and finds that whatever underlying facts are relevant to a particular
> Rule 23 requirement have been established and is persuaded to rule, based on the
> relevant facts and the applicable legal standard, that the requirement is met; (3) the
> obligation to make such determinations is not lessened by overlap between a Rule
> 23 requirement and a merits issue, even a merits issue that is identical with a Rule
> 23 requirement; (4) in making such determinations, a district judge should not
> assess any aspect of the merits unrelated to a Rule 23 requirement; and (5) a district
> judge has ample discretion to circumscribe both the extent of discovery concerning
> Rule 23 requirements and the extent of a hearing to determine whether such
> requirements are met in order to assure that a class certification motion does not
> become a pretext for a partial trial of the merits.

*In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d at 41.  Under this guidance, ordering responses to

the requested discovery is both within the Court's ample discretion and will be helpful to the Court

in evaluating Plaintiff's pending Motion for Class Certification.

As this Court has already recognized, the requested discovery is relevant to several of Rule

23's prerequisites.  Defendants contend that many of the loans held by the proposed class were

guaranteed by nonprofits or governmental entities and/or certified by the relevant educational

institution.   They also argue that these are individualized issues that make class treatment

untenable.  These arguments implicate several of Rule 23's requirements, including numerosity,

commonality, typicality, and predominance.  To allow Defendants to rely on these arguments to

oppose Plaintiff's Motion for Class Certification without providing Plaintiff the opportunity to test their veracity would be fundamentally unfair.

The cases mentioned by PHEAA's counsel during the November hearing regarding denial of discovery of a list of the names of putative class members before certification are irrelevant to the issue before the Court. *See* Carpinello Decl., Ex. E ("Nov. 18 Tr.") at 37:15-20. It is undisputed that, in this case, a list of the names of putative class members, without more, would not be relevant to evaluating whether Rule 23's requirements have been met, but that is not the purpose nor scope of the discovery at issue in this Motion. The Supplemental Requests seek important information about the actual scope of the class, not just individual names or contact information for proposed class members.

## III.    THE REQUESTED DISCOVERY IS PROPORTIONAL

When evaluating whether discovery is proportional to the needs of a case, Rule 26(b)(1) instructs the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

All of these factors support granting Plaintiff's Motion to Compel. The Court has stated on two separate occasions that the discovery sought in the instant motion is directly relevant to the issue of class certification and would be helpful to the Court in resolving the class certification motion currently pending before the Court. *See* Carpinello Decl., Ex. A ("September 29, 2021 Tr.") at 25:12-26:03; Ex. E ("November 18, 2021 Tr.") at 34:04-10; 46:15-17. In addition to its importance to class certification, the discovery will also help the parties better understand the value of the case, which would facilitate potential settlement. This case is at a critical juncture, and the

requested discovery would be immeasurably helpful in moving the case forward. The only way for Plaintiff to access the information is by compelling Defendants to produce it. Defendants have ample resources to produce the requested information, and the amount in controversy in this case is significant. Thus, the requested discovery is proportional. *See, e.g.*, *Chen-Oster*, 285 F.R.D. at 303-308 (requiring defendants to produce databases containing hundreds of thousands of pages of information pre-certification was proportional given its importance to class certification and the fact that plaintiffs could not obtain the information from another source).

Defendants have suggested that they should be excused from producing the requested discovery because its production would be "unduly burdensome." Specifically, they have suggested that it would be too onerous to review the individual loan files. These arguments, however, are insufficient to avoid producing otherwise relevant and discoverable information under Rule 26. "Materials responsive to a discovery request will not be protected based on a claim of undue burden, unless the volume and time involved in production of the requested material are excessive." *Melendez v. Greiner*, No. 01 Civ. 07888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). As the party resisting discovery, Defendants cannot rely on broad and conclusory statements that the requested discovery is burdensome—rather, they "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules," each request is overly broad, burdensome, or oppressive." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur*, 105 F.R.D. at 42. It is Defendants' burden to clarify and explain the nature of the burden and to provide support therefor. *Id.* at 43; *see also Melendez*, 2003 WL 22434101 at *1 ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information").

As this Court aptly stated during the November 18 conference, "it is not the law, nor could it ever be, that if you simply create a big enough problem, you can avoid discovery by saying, well, we may have violated 100,000's peoples' rights, but we can't possibly review 100,000 files, and you'd say, we haven't violated anybody's rights."  Carpinello Ex. E, November 18 Tr. at 39:09-18.  The purported burden arguments that Defendants have raised to date, and that they are likely to raise again in their opposition to this motion, are unavailing and insufficient to prevent discovery of the requested information.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that her Motion to Compel Responses to the Supplemental Discovery Requests be granted.

Dated: December 6, 2021

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:    */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
Jenna C. Smith
30 South Pearl Street
Albany, NY  12207

**JONES SWANSON HUDDELL &
DASCHBACH LLC**
Lynn E. Swanson (admitted *pro hac vice*)
Peter Freiberg (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

**LAW OFFICES OF JOSHUA B. KONS, LLC**
Joshua B. Kons (Ct. Bar No. 29159)

50 Albany Turnpike, Suite 4024
Canton, Connecticut 06019

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, George F. Carpinello, hereby certify that on the 6th day of December, 2021, I served the

forgoing document on all counsel of record via ECF and electronic mail.

*/s/ George F. Carpinello*
George F. Carpinello