**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:  Tashanna B. Golden <br>     *fka* Tashanna B. Pearson <br><br><br>  Debtor, | ) <br> ) <br> ) <br> )   Case No. 16-40809 (ESS) <br> ) <br> ) |
| Tashanna B. Golden <br> *fka* Tashanna B. Pearson on behalf of herself <br> and all others similarly situated <br><br>       Plaintiff, <br><br>     v. <br><br> Firstmark Services LLC, GS2 2016-A <br> (GS2), National Collegiate Student Loan <br> Trust 2006-4 (NCT 2006), Pennsylvania <br> Higher Assistance Agency, d/b/a <br> American Education Services, <br><br><br>       Defendants. | )   Chapter 7 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Adv. Proc. No. 17-1005 (ESS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S**
**SUPPLEMENTAL DISCOVERY REQUESTS**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ...............................................................................................2

      A.     Plaintiff's Discovery To-Date......................................................................2

      B.     Plaintiff's Class Certification Motion ..........................................................3

      C.     Plaintiff's Supplemental Pre-Certification Discovery
           Requests .....................................................................................................5

ARGUMENT .................................................................................................................6

    POINT I     COURTS DO NOT GRANT PRE-CERTIFICATION
               DISCOVERY UNLESS THE PLAINTIFF
               ESTABLISHES THAT THE DISCOVERY IS
               NECESSARY TO SATISFY THE REQUIREMENTS OF
               RULE 23 ....................................................................................................6

    POINT II    BY HER OWN ADMISSION, PLAINTIFF'S
               SUPPLEMENTAL REQUESTS ARE NOT NECESSARY
               FOR CLASS CERTIFICATION ..................................................................7

      A.     Plaintiff Has Repeatedly Conceded She Has Sufficient
           Evidence......................................................................................................8

      B.     Plaintiff Fails to Establish that the Supplemental Discovery
           is Necessary to Her Class Certification Motion...........................................9

      C.     Sufficient Pre-Certification Discovery Has Already
           Occurred, Including with Respect to the Information
           Sought in the Supplemental Request .........................................................13

    POINT III   THE SUPPLEMENTAL REQUEST IS UNDULY
               BURDENSOME ......................................................................................16

CONCLUSION............................................................................................................19

## PRELIMINARY STATEMENT

Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") submits this memorandum of law in opposition to the Motion to Compel Responses to Plainiff's Supplemental Discovery Requests (the "Motion") submitted by plaintiff Tashanna B. Golden.

The Motion concerns whether plaintiff should be allowed to compel PHEAA to collect and produce all of the loan and accounting files concerning 129,637 loans that PHEAA identified in the course of discovery as loans to borrowers who filed petitions in bankruptcy during the period 2005 through 2020. It is abundantly clear, from both plaintiff's papers as well as her counsel's statements to the Court, that none of this discovery has anything to do with plaintiff's pending motion for class certification. Rather, plaintiff's Supplemental Interrogatories and Requests for Production of Documents to All Defendants (the "Supplemental Request") is a blunderbuss attempt to collect all files regarding every member of the putative class (and beyond) in order to examine the conduct and dealings of lenders when originating the loans and PHEAA when servicing the loans. Such discovery is quintessential merits discovery.

Indeed, in her papers, plaintiff is unable to explain how the discovery at issue has anything to do with the specific objections to plaintiff's pending motion for class certification that PHEAA and the other defendants have raised. That failure is fatal. The courts in this circuit and across the country are clear that a plaintiff may obtain pre-certification discovery regarding putative class members only to the extent relevant to establishing that the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied. Nowhere does plaintiff attempt, with any specificity, as opposed to conclusory *ipse dixit* statements, to satisfy that burden. Nor could plaintiff satisfy that burden in light of the admission at the September 29, 2021 conference before the Court that the new discovery is not needed for the Court to determine the pending motion for class certification.

Finally, assuming *arguendo* that plaintiff has met her burden to obtain the requested pre-certification discovery, the undue burden that would be imposed on PHEAA is extraordinary and unacceptably overwhelming.  Given the vast volume of loan files that would have to be collected and reviewed, one at a time because of the manner in which they are maintained in PHEAA's records, the pending discovery requests are totally disproportionate and cannot be justified.  There is no colorable reason as to why plaintiff should be able to compel PHEAA to expend the time and money necessary to collect the loan files and accounting files for 129,637 loans for a 15-year period of time.

In sum, plaintiff's Motion should be denied in its entirety.  Under the law established regarding pre-certification discovery, the facts regarding the burden on PHEAA, the facts regarding the vast scope of the document requests and plaintiff's admissions, it is beyond the discretion of this Court to grant plaintiff the discovery that she presently seeks.

### STATEMENT OF FACTS

A.    **Plaintiff's Discovery To-Date**

Plaintiff has obtained substantial discovery from all the defendants.  PHEAA itself produced over 82,000 pages of documents and 2.3 terabytes of data.

Before September 30, 2019, plaintiff served five Requests for Production of Documents on PHEAA.  Haveles Declaration ¶ 2.  PHEAA responded to each of plaintiff's document requests, and produced the responsive documents that it had.  *Id.* ¶ 2, Exs. A–E.

In response to plaintiff's Second Request for Production of Documents, PHEAA produced a spreadsheet database containing 13 different data points regarding borrowers who had filed bankruptcy petitions between 2005 and 2020.  *Id.* ¶ 7.  In May 2020, PHEAA produced an updated database identifying any borrower who filed for bankruptcy between 2005 and May 21, 2020, consisting of 129,637 loans.  *Id.*

The database contained significant information regarding each individual loan and borrower, including loan owner, borrower contact information, disbursement amount and date, outstanding principal balance, outstanding interest and fees, date of bankruptcy discharge, communications with PHEAA after the discharge order, loan type and original school. *Id.* ¶ 9.

In response to plaintiff's Third Request for Production of Documents, PHEAA produced its Compass manual describing all the data tables stored in Compass, PHEAA's database system. *Id.* ¶ 10.

In her Fifth Request for Production of Documents, plaintiff sought production of certain tables set forth in the Compass manual. *Id.* ¶ 11. As a result of the parties' meet and confer process, PHEAA produced data from the 68 Compass tables specifically requested by plaintiff. *Id.* ¶¶ 11–12, Ex. F. To ensure that plaintiff understood how to use this data, PHEAA participated in an informal telephone conference with, among others, PHEAA's lead data person and plaintiff's IT expert John Debois. *Id.* ¶ 13.

Data in these Compass tables included a variety of borrower and loan specific information, including the identity of the guarantors for all loans that were guaranteed. *Id.* ¶ 14.

PHEAA also produced other documents, including: loan files for plaintiff and six putative class members and all of the servicing guidelines for loans for which borrowers filed petitions in bankruptcy. *Id*. ¶ 16.

**B.    Plaintiff's Class Certification Motion**

There has been extensive briefing on plaintiff's class certification motion. On July 13, 2020, plaintiff filed her Motion for Class Certification. ECF No. 255. Defendants filed their papers in opposition to the class certification motion on June 29, 2021. ECF Nos. 398, 402, 406. Plaintiff filed her reply papers on September 2, 2021. ECF No. 418. As a result of plaintiff's submission of a new declaration from her expert, Mark Kantrowitz, the Court permitted defendants

to file a supplemental memorandum in opposition to plaintiff's motion on October 26, 2021. ECF No. 438. Plaintiff submitted a responsive supplemental memorandum in support of her class certification motion on November 2, 2021. ECF No. 439.

In PHEAA's opposition papers, PHEAA established that a class cannot be certified for a number of reasons (i) there has been no joinder of the necessary loan owners pursuant to Rule 19; (ii) individual issues of fact predominate, as individual inquiries would be required to determine each putative class member's cost of attendance, total amount of loans and grants, whether their loans are guaranteed or funded by a non-profit, whether the class member had deducted student loan interest on their taxes and whether the loan had a co-borrower; (iii) with respect to plaintiff's contempt claims, there are individual issues as to whether each borrower and PHEAA communicated, whether the borrower voluntarily continued to pay his or her loans and the reasonableness of PHEAA's conduct; (iv) plaintiff's claims are not typical of the proposed class because plaintiff herself does not satisfy the class definition; (v) plaintiff is likewise not an adequate class representative due to her inability to assert a claim and her lack of credibility; (vi) a nationwide cannot be certified; and (vii) plaintiff relied on inconsistent analyses of data by her expert John DeBois that cannot support her claim of numerosity.

After each of defendants' filings, plaintiff never sought any additional discovery in response to the objections to class certification. Haveles Declaration ¶ 22. In her reply and supplemental reply, plaintiff did not contend that she needed further evidence either to respond to defendants' objections or to satisfy the requirements of Rule 23. And at the September 29, 2021 conference, plaintiff stated that the requested additional discovery was not necessary for the class certification motion.

### C.    Plaintiff's Supplemental Pre-Certification Discovery Requests

After briefing on the class certification motion was completed, plaintiff obtained leave from the Court to seek additional pre-certification discovery. On October 13, 2021, plaintiff served her Supplemental Requests. Carpinello Declaration, Ex B. There are 22 different categories, seeking information concerning each individual loan serviced by PHEAA. Haveles Declaration ¶ 17. In response, PHEAA stated that it had produced much of what had been requested, including information responsive to nine of the requests. Carpinello Declaration, Ex. D; Haveles Declaration ¶ 17. PHEAA noted that the remaining requested information would require production of the individual loan files for each of the 129,637 loans identified in the May 2020 spreadsheet and objected to producing all the individual loan files at this time. Haveles Declaration ¶ 17.

The information that plaintiff seeks in the Supplemental Requests for each loan includes whether the loan was paid directly to the school, whether the loan was guaranteed by a non-profit or governmental entity, whether the borrower was an undergraduate or graduate student and the cost of attendance at the educational institution. None of that information has any bearing on the issue raised by PHEAA in opposition to the motion for class certification.

Production of the documents requested by the Supplemental Requests would impose substantial undue burdens on PHEAA. PHEAA would have to devote an extraordinary amount of man hours and dollars to collect, review and produce the 129,637 loan files. Wilbert Declaration ¶¶ 9–10; *see* this Memo at __, *infra*.

## ARGUMENT

### POINT I

### COURTS DO NOT GRANT PRE-CERTIFICATION DISCOVERY UNLESS THE PLAINTIFF ESTABLISHES THAT THE DISCOVERY IS NECESSARY TO SATISFY THE REQUIREMENTS OF RULE 23

After repeatedly denying the need for additional discovery in order for the Court to rule on her class certification motion, plaintiff now seeks to compel unnecessary additional pre-certification discovery that is all directed to the merits. Pre-certification discovery, while permitted, is not required and is limited only to discovery that is pertinent to class certification. Broad discovery on the merits is not allowed.

Pre-certification discovery, even when permitted, is not limitless, contrary to what plaintiff suggests. *See* Plaintiff's Memo at 7. The Court has "ample discretion to circumscribe … the extent of discovery concerning Rule 23 requirements." *Beaton v. Verizon New York, Inc.*, No. 20-cv-672 (BMC), 2020 WL 6449235 (E.D.N.Y. Nov. 3, 2020) (ellipses in original). Pre-certification discovery must be limited to prevent "a protracted mini-trial of substantial portions of the underlying litigation." *Calabrese v. CSC Holdings, Inc.*, No. 02-cv-5171 (DLI) (JO), 2007 WL 749690, at *5 (E.D.N.Y. Mar. 7, 2007) (quoting *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 41 (2d Cir. 2006)). The 2003 Advisory Committee's Notes to Rule 23 expressly note that "controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis" is appropriate.

Throughout her moving papers, plaintiff misrepresents the burden and standard that she must meet to warrant pre-certification discovery. *See* Plaintiff's Memo at 1, 7–8. Although PHEAA has the burden to establish undue burden, the burden of demonstrating the relevance and proportionality of the requested pre-certification discovery rests solely with plaintiff. *See Miner v. Government Payment Service, Inc.*, No. 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5,

2017) (noting that "plaintiff bears the burden of showing that discovery is likely to produce substantiation of the class allegations"); *Lindsley v. TRT Holdings, Inc.*, No. 3:17-cv-2942-B, 2019 WL 11027792, at *1 (N.D. Tex. May 15, 2019) ("On a motion to compel, the burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence.").  In sum, plaintiff must show that the pre-certification discovery sought "is likely to produce substantiation of the class allegation."  *Jurich v. Compass Marine, Inc.*, 2013 WL 12353646, at *3 (S.D. Ala. June 11, 2013).  If she does not, the Motion must be denied

In line with the proportionality standard in Rule 26, "pre-certification discovery should not exceed what is necessary to permit the Court to make an informed decision on class certification." *Miner v. Government Payment Service, Inc.*, No. 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017).  The burden rests on PHEAA to establish that compliance with Plaintiff's requests is unduly burdensome.  *Lindsley*, 2019 WL 11027792, at *1.  The Court must "balance[] the putative class counsel's need for the requested information against defendant's asserted objections."  *Jurich*, 2013 WL 12353646, at *3.

## POINT II

### BY HER OWN ADMISSION, PLAINTIFF'S SUPPLEMENTAL REQUESTS ARE NOT NECESSARY FOR CLASS CERTIFICATION

The additional pre-certification discovery sought by Plaintiff is both unnecessary and entirely disproportionate to the case before a class is certified, if ever.  PHEAA and the other defendants have already provide sufficient pre-certification discovery.  Plaintiff, by her own admission, already has all of the discovery she needs to move for class certification.  See Plaintiff's Memo at 1–2.  Instead, Plaintiff now seeks to walk away from her blanket admission to the Court that this discovery is not necessary to her class certification motion.  Plaintiff, however, fails to

meet her burden of establishing the need for the additional pre-certification discovery set forth in the Supplemental Requests.

### A.    Plaintiff Has Repeatedly Conceded She Has Sufficient Evidence

Prior to filing this Motion, plaintiff stated to this Court that she had sufficient evidence for her class certification motion and nothing further was needed.  Hearing Transcript, dated Sept. 29, 2021, at 61:19–25.  In fact, plaintiff has fully submitted her class certification motion and has persistently begged for oral argument on the motion without requesting more discovery from PHEAA, thereby confirming her concession that she needs nothing more.   Even in her memorandum in support of the Motion, plaintiff expressly concedes that the requested pre-certification discovery is not necessary: "Plaintiff has more than met her burden of showing that each of Federal Rule of Civil Procedure 23's requirements are met by a preponderance of the evidence" as things currently stand.  Plaintiff's Memo at 1.

Yet, plaintiff now improperly asks this Court for additional discovery that she admits has no bearing on class certification.   "If, as Plaintiff[] now contend[s], the requested discovery is necessary to make the requisite Rule 23 showing, it stands to reason that Plaintiff[]'s counsel should have filed a motion to compel before seeking to have this case certified as a class action." *Jurich v. Compass Marine, Inc.*, No. 12-000176-WS-B, 2013 WL 12353646, at *4 (S.D. Ala. June 11, 2013); *see also Lindsley*, 2019 WL 11027792, at *1 (when the plaintiff conceded that she had gathered sufficient evidence to satisfy the Rule 23 requirements, the information that she later sough was "unnecessary to the Court's certification decision").   Plaintiff is estopped by those admissions.

### B.    Plaintiff Fails to Establish that the Supplemental Discovery is Necessary to Her Class Certification Motion

Plaintiff contends that PHEAA has failed to produce data that she seeks regarding "the composition of the portfolios serviced by PHEAA" contained in the individual files for each loan. *See* Plaintiff's Memo at 2. Separate from her admissions, plaintiff fails to establish why the requested discovery is necessary to the class certification motion. Specifically, plaintiff now seeks each individual loan file from PHEAA, including "the nature of the loan, the terms of the promissory note, whether the loan was certified by the relevant educational institution, the amount of the loan, whether or not the student was attending a Title-IV institution, and whether or not a nonprofit or governmental entity was involved in funding or guaranteeing the loan." *See id.* at 2.

Certification of a class under Rule 23(a), requires that plaintiff establish:  1) numerosity, 2) commonality, 3) typicality of the claims, and 4) adequacy of representation.  *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  Plaintiff fails to link the need for this discovery to those four elements, or otherwise concede that she cannot satisfy any of those elements prior to a decision on the pending motion.  Rather, the disputed portions of the Supplemental Request go directly to the merits of the case, but not class certification.

On this motion, plaintiff insists that PHEAA must produce the information showing which of the 129,637 loans were guaranteed.  *See* Plaintiff's Memo at 2, 4.  Plaintiff already has that information, and misleads the Court to suggest otherwise. Yet, even assuming that plaintiff did not have it, she is not entitled to it now.

The question of whether the funding or guarantee of each individual loan involved a nonprofit or government entity is strictly a question of merit, not certification.  A critical issue in this adversary proceeding— is whether an individual loan that was funded or guaranteed by a nonprofit or government entity—determines whether a putative class member would prevail on

their claims because it would either bring them within or outside of the bounds of 11 U.S.C. § 523(a)(8)'s exceptions for dischargeability. Data showing what loans in the putative class are guaranteed has nothing to do with the requirements of Rule 23. The only question under rule 23 is whether the existence of guarantees (which has been established and is not controverted) is an individual fact that must be adjudicated for each putative class member.

Similarly, the amount of the loan relates to the merits of each putative class member's claims, as it is necessary only to determine whether the loans exceeded that individual class member's cost of attendance. The same is true of certification of the loan by a school, since Plaintiff repeatedly alleges that certification of a loan is evidence that the loan did not exceed the cost of attendance. Finally, attendance at a Title IV institution also goes only to plaintiff's merits arguments because she believes again that it is indicative of a putative class member's inclusion in the 11 U.S.C. § 523(a)(8)'s exceptions. Not a single one of the open discovery issues that plaintiff alleges is relevant bears on numerosity, commonality, typicality, or adequacy of Plaintiff as a class representative. *See* Plaintiff's Memo at 10–11.

Plaintiff herself concedes that the discovery at issue goes to the merits. To evade the consequence of that concession, plaintiff argues that the requested pre-certification discovery would be helpful to the Court to determine whether there is any merit to defendants' substantive arguments. *See* Plaintiff's Memo at 2–3. That assertion demonstrates that the discovery is related to the merits of defendants' defenses, which is not an issue that the Court may consider under Rule 23. Further, plaintiff states that the information sought would provide insight as to who is in the class. *Id.* at 9. But the identity of the individuals and loans who make up the class are not relevant

to the Rule 23 requirements, and instead go to whether their individual claims have merit under the certified class definition.[1]

In *Jurich*, the court rejected the plaintiffs' request for pre-certification discovery seeking to identify putative class members.  2013 WL 12353646, at *4.  The court held that plaintiff's requested discovery, seeking employment records for each putative class member, amounted to full merits discovery in a wage-related class action.  *Id. at* *4.  The court noted, "Further, aside from vague assertions that the identification of potential class members is necessary, Plaintiffs have not articulated why identification discovery is necessary at the pre-certification stage."  *Id.* Similarly here, plaintiff's express admission that she seeks this discovery purely to know "who is in the class" is insufficient to warrant such discovery at this stage, as it goes to the merits, not class certification.  *See* Plaintiff's Memo at 9.

Further, plaintiff's invocation of the Second Circuit's decision in *In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006), is disingenuous in light of plaintiff's unqualified admission that the discovery is not relevant to class certification.  *See* Plaintiff's Memo at 9–10.  In this context, the Second Circuit underscored that "a district judge must be accorded considerable discretion to limit both discovery and the extent of the hearing on Rule 23 requirements."  *See In re Initial Public Offerings Securities Litigation*, 471 F.3d at 41.

Plaintiff's assertions that the discovery is needed for the class motion are a series of conclusory, unsubstantiated statements.  Courts disregard conclusory assertions that these requests somehow are relevant, such as those made here by plaintiff.  In *Beaton*, the court rejected plaintiff's request for broad information about what they had deemed to be "covered employees" before

---

[1]     The only issue that the number of borrowers concerns is numerosity, i.e., the approximate number of claims.  That Rule 23 element, however, does not require the Court to drill down to determine who those class members are.

certification of the class as "premature." 2020 WL 6449235 at *2–3. The court stated: "Although plaintiff maintains that the requested information is relevant, he has not provided any evidence why that is true, beyond the allegations in the complaint and his own declaration." *Id. at* *3. Similarly, in *Heras v. Metropolitan Learning Institute*, No. 19-cv-2694 (DG), 2021 WL 3269056 (E.D.N.Y. July 30, 2021), the court rejected the plaintiff's request for detailed information about the entire putative class's work week. *Id.* at *1. The court embraced the reasoning in *Beaton* and held that the plaintiff "has not established her entitlement to class-wide documents." *Id.* at *2.

Plaintiff also relies on *Calabrese v. CSC Holdings, Inc.*, No. 02-cv-5171 (DLI)(JO), 2007 WL 749690 (E.D.N.Y. Mar. 7, 2007), in support of her alleged need for pre-certification discovery, but ignores the analysis in and holding of that decision. *See* Plaintiff's Memo at 9. There, the court denied the plaintiff's motion because the pre-certification discovery at issue concerned solely the sufficiency of the plaintiff's allegations, and not class certification. *Id.* at *5–6. The Court held that any discovery to determine whether each individual could prove their claims could be tested later and did not warrant additional pre-certification discovery. *Id.* at *6.

Plaintiff has made no effort to put forth evidence showing why the additional information sought is relevant to the elements of Rule 23. Instead, she merely states in a conclusory manner that defendants' arguments in opposition to class certification "implicate several of Rule 23's requirements, including numerosity, commonality, typicality, and predominance." Plaintiff's Memo at 10–11. Yet, plaintiff does not explain how the discovery that she seeks addresses the objections to certification raised by PHEAA. In fact, it does not, as discussed above. *See* this Memo at 7–9, supra.

Further, plaintiff's comparison of the circumstances here to purely seeking the names of putative class members is fallacious. *See* Plaintiff's Memo at 11. First and foremost, plaintiff has

had those names since September 2020.  What Plaintiff seeks here is far more than mere names of class members.  She seeks full information concerning all 129,637 loans set forth in the spreadsheet PHEAA produced.  *Id.* at 2.

Additionally, plaintiff's assertion that this additional discovery would facilitate a potential settlement is irrelevant and unfounded.  *See* Plaintiff's Memo at 11–12.  Relevance to settlement may have no bearing on a court's consideration of the appropriateness of pre-certification discovery.  *See Elliott v. Schlumberger Technology Corp.*, No. 3:13-cv-79, 2017 WL 10059262 (D.N.D. Jan. 6, 2017) (denying pre-certification discovery when the plaintiff argued that receiving data prior to a settlement conference might "promote resolution of the case").

### C.    Sufficient Pre-Certification Discovery Has Already Occurred, Including with Respect to the Information Sought in the Supplemental Request

Significant discovery as to the nature of the class has already been undertaken in this matter—a fact Plaintiff conveniently ignores here.  PHEAA alone has produced thousands of pages in response to plaintiff's five Requests for Production of Documents, as well as a database of 129,637 loans and corresponding Compass tables that include key information now sought by plaintiff, such as the identity of the guarantors of each loan.   Haveles Declaration ¶ 14. The previously produced information is responsive to many of plaintiff's present requests.  *See id.* ¶ 17.  PHEAA should not be compelled to produce anything further at this time.

In *Elliott v. Schlumberger Technology Corp.*, No. 3:13-cv-79, 2017 WL 10059262 (D.N.D. Jan. 6, 2017), the court denied plaintiff's request for additional data for the entirety of the putative class before certification when defendant had already produced data for 130 putative class members, finding the produced data "sufficient for purposes of a motion for Rule 23 class certification."  *Id.* Any further discovery in the case prior to certification of the class was "not proportional to the needs of the case."  *Id.* at *4.

Here, plaintiff ignores the relevant pre-certification discovery that PHEAA has already produced, both generally and with respect to its Supplemental Requests.   Instead, plaintiff incorrectly asserts that defendants have refused to provide *any* pre-certification discovery.  *See* Plaintiff's Memo at 8–9.  PHEAA has already produced documents in response to plaintiff's five previous Requests for Production.  Haveles Declaration ¶ 6.  PHEAA has already produced all relevant documents related to the named Plaintiff here, including her loans files.  PHEAA has also produced documents, including loan files, for at least six other putative class members.  *Id.* ¶ 16. PHEAA has produced documents regarding TERI and its bankruptcy, servicing guidelines, Form 1098 tax forms, documents reflecting PHEAA's internal procedures, and thousands of emails based on search terms negotiated by the parties through an extensive meet and confer process regarding processes for servicing loans after obtaining notice that a borrower had filed a petition in bankruptcy or obtained a discharge in bankruptcy. *Id.* ¶ 15.

Most importantly, PHEAA produced, at plaintiff's request, a database and corresponding Compass tables that provide plaintiff with more than enough loan-specific information needed for its class certification allegations.[2]  *Id.* ¶¶ 7–9.  The spreadsheet and Compass tables include key loan information for all borrowers who filed bankruptcy petitions between 2005 and May 2020, including financial activity, disbursement and fee history, loan activity, email and phone call communications, credit history, credit bureau reporting, bills, loan balances, management reporting, bankruptcy filings and student identification information.   Wilbert Declaration ¶ 5; Haveles Declaration ¶ 14.  PHEAA likewise provided information on the loans, including the

---

[2]     Plaintiff misrepresents PHEAA's counsel's statements at the November 18, 2021 hearing.  *See* Plaintiff's Memo at 4.  The database spreadsheet itself provides borrower names and information.  Haveles Declaration ¶ 13. That borrower-specific information can be connected to the loan data in the Compass tables.  *Id.*  Plaintiff's counsel is fully aware of this capability, as they, along with their IT expert, participated in a call more than a year ago with PHEAA to learn how to use the database and Compass tables.  *Id.*

guarantor of each loan, in the Compass data.  Haveles Declaration ¶ 14.  Further, to facilitate plaintiff's understanding of how to use the spreadsheet database and Compass tables, PHEAA hosted a call with plaintiff's counsel, her IT expert, and PHEAA's employee most knowledge about the database in September 2020 to answer any and all questions they had with respect to use of the data.  *Id.* ¶ 13.  Plaintiff already has the information it is requesting now from PHEAA, but apparently has made no effort to mine that information.

The decisions cited by plaintiff provide no guidance, as the circumstances in those cases were completely different.  Plaintiff's Memo at 8–9.  For example, in *Rahman v. Smith and Wollensky Restaurant Group, Inc.*, 2007 WL 1521117 (S.D.N.Y. May 24, 2007), plaintiff had not yet moved for class certification and defendant refused to produce any documents whatsoever on the basis that plaintiff could not succeed in class certification.  *Id.* at *3.  The court permitted discovery relevant to class certification, but explicitly noted, "by contrast, pre-certification discovery on the merits of the class claims is generally inappropriate."  *Id.* at *4; *see also Thompson v. Global Contact Services, LLC*, No. 20-CV-651, 2021 WL 1103029, at *1 (E.D.N.Y. Feb. 16, 2021) (granting motion to compel class discovery when defendants objecting to any class discovery whatsoever because it was "premature"); *Chen Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (compelling pre-certification discovery of specific data when defendants had already agreed to provide other pre-certification discovery, including documents and depositions); *Calabrese*, 2007 WL 749690, at *5 (limiting pre-certification discovery to what is relevant to the requirements of Rule 23).

In contrast, here, PHEAA has already responded to five sets of requests for production from plaintiff, including providing (i) PHEAA servicing guidelines for each loan owner, (ii) 2.3 terabytes of loan data in the previously-mentioned Compass tables as, (iii) a native spreadsheet

itemizing all the loans in response to plaintiff's Second Request and (iv) emails relating to PHEAA's practices for loans to borrowers who filed either petitions under Chapter 7 or 13. Haveles Declaration ¶ 15This situation is a far cry from a so-called "blanket refusal" to respond to any pre-certification discovery.

**POINT III**

**THE SUPPLEMENTAL REQUEST IS UNDULY BURDENSOME**

Responding to Plaintiff's requests would require substantial efforts by PHEAA that are entirely disproportionate to the needs of the class certification motion presently before the Court. The unduly burdensome nature of plaintiff's requests is an independent ground that requires denial of this Motion.

Production of the documents responsive to plaintiff's disputed requests would require PHEAA to collect and review more than 129,000 individual loan files one at a time.  Wilbert Declaration ¶¶ 4–5.  To do this, PHEAA would need to collect (i) the loan file that PHEAA had obtained from the loan owner at the time that the loan was transferred to PHEAA for servicing, (ii) all records regarding PHEAA's dealings with each particular borrower since the time that PHEAA began to service the loan and (iii) all accounting records regarding payments on the loans by the particular borrowers from and after the time that those borrowers filed petitions for relief under the Bankruptcy Code.  *Id.* ¶ 6.

The files sought by Plaintiff cannot be collected merely by a data system query or the push of a button.  *Id.* ¶¶ 7–8.  Rather, the files for each loan must be identified for individual by inputting the individual loan number for each of the 129,637 loans.  *Id.* ¶ 8. PHEAA would have to then extract the files on a loan by loan basis for each of the 129,637 loans identified in the spreadsheet. *Id.*  The same process would need to be undertaken for the accounting ledger for each of the 129,637 loans.  *Id.*   Once those files are identified and collected, the loan files and accounting

records would need to be reviewed individually by counsel and painstakingly redacted for all PII, *i.e.*, personal identifying information. *Id.* Such an undertaking would require substantial staff devoted to the project and months of work to complete it at significant expense. *Id.* ¶¶ 9–10. Based on the expenses PHEAA previously incurred to review and produce emails in response to plaintiff's Fourth Request, the costs are likely to exceed several hundred thousand dollars. *Id.* ¶ 10. A file by file review like this is grossly disproportional to plaintiff's admitted lack of need. *See Jurich*, 2013 WL 12353646, at *4 n.3. (holding that the plaintiff's requests, which required a "file by file" review for information, were not relevant to class certification and that such a search would be unduly burdensome).

In *Stewart v. Winter*, 669 F.2d 328 (1982), the Fifth Circuit stated that, although discretion to permit discovery related to class certification rests with the district court, it is "imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be necessary or helpful to the certification decision." *Id.* at 331. There, plaintiff sought millions of pages of documents relating to "every aspect of life" in Mississippi jails that had no obvious relevance to class certification. *Id.* The court affirmed the district court's limitation on discovery because the material was "relevant to the merits of the class claims", but "very little of it could have been necessary or helpful to determining the threshold issues of class certification." *Id.* at 332. The Fifth Circuit stated that requiring defendants to produce the requested discovery "would have imposed on defendants one of the major burdens of defending this omnibus class action prior to any determination that the action was maintainable as such." *Id.*

Similarly here, the additional discovery sought by plaintiff has no bearing on this Court's class certification decision. *See* this Memo at __,*supra*. Responding to the discovery will likewise require PHEAA to produce millions of pages of documents after reviewing each of the 129,637

loan and accounting files by hand. Imposition of such a burden on PHEAA before a class is even certified in this case is entirely disproportionate to the needs of Plaintiff on class certification, particularly in light of significant pre-certification discovery that has already occurred.

Even before seeing the evidence of the undue burden that PHEAA would incur, plaintiff presumptuously brushed aside PHEAA's concerns of undue burden as "broad and conclusory statements" without any support. *See* Plaintiff's Memo at 12. To support her flawed dismissal of the burden, plaintiff instead relies on decisions regarding undue burden that do not concern or address the right to discovery before certification of a class. *See Melendez v. Greiner*, No. 01 No. 01 Civ.07888 SAS DF, 2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003) (addressing discovery sought in a section 1983 individual action); *Compagnie Francaise D'assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, No. 81 Civ. 4463 (JFK), 105 F.R.D. 16 (S.D.N.Y. 1984) (ruling on discovery motions in a commercial dispute between the parties). But as explained above, assessing the burden of pre-certification discovery is dependent on whether the information sought is relevant to the Rule 23 requirements for class certification, and not the case in its entirety. Those decision never addressed the balancing required for disputed pre-certification discovery.

Importantly, plaintiff's class certification motion has been fully briefed, and plaintiff has been demanding a hearing since the Spring of 2021. Yet, if the Motion were to be granted, the time required to produce the additional requested discovery would materially delay this Court's consideration of the class certification motion. *See* Haveles Declaration ¶ 22; Wilbert Declaration ¶ 9. And then, if the additional pre-certification discovery that plaintiff seeks is as relevant to class certification as she now claims it is, additional briefing by all parties would occur. This briefing would also significantly delay resolution of the motion for class certification. Haveles Declaration

¶ 22.  The combined time spent producing additional documents and briefing the new evidence is likely to delay ruling on class certification by a year, if not more.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel responses to plaintiff's Supplemental Requests should be denied in its entirety.

Dated:  December 22, 2021

McDERMOTT WILL & EMERY LLP

By:  /s/ H. Peter Haveles, Jr.
        H.  Peter Haveles, Jr.
One Vanderbilt Avenue
New York, New York, 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
phaveles@mwe.com

Attorneys for Defendant Pennsylvania Higher Education Assistance Agency