

H. Peter Haveles, Jr.

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 822 2280
DirF: 212 259 8586
peter.haveles@akerman.com

June 1, 2022

**VIA ECF**

Honorable Elizabeth S. Stong
United States Bankruptcy Court
271-C Cadman Plaza
Suite 1595
Brooklyn, NY  11201

    Re:    <u>Golden v. Firstmark Services, LLC -- Adv. Proc. No. 17-1005</u>

Dear Judge Stong:

    We are attorneys for a defendant Pennsylvania Higher Education Assistance Agency ("PHEAA").  We write in response to the letter dated May 31, 2022 from George Carpinello, one of the attorneys for plaintiff, with which plaintiff submitted a proposed order concerning the Court's partial ruling on plaintiff's motion to compel as it relates to PHEAA..

    PHEAA objects to the proposed order submitted by plaintiff.  For the reasons set forth below, PHEAA respectfully requests that the Court decline to sign the proposed order submitted by plaintiff.

    First, plaintiff did not provide PHEAA and its counsel sufficient opportunity to review the proposed order.  In undue haste, plaintiff submitted the order yesterday without waiting to hear back from PHEAA.  When I returned to New York City last night at approximately 8 PM after the holiday weekend, I saw that there was an email from Mr. Carpinello in my mailbox that was sent at 12:50 PM.  Rather than waiting to hear from me or to check on my status during the afternoon, Mr. Carpinello submitted the proposed order by ECF a little after 5:30 PM yesterday afternoon. There was no good faith effort to await a response from PHEAA, and there was no reason why the order had to be submitted so quickly, especially since plaintiff submitted the order two weeks after the hearing before the Court.

    Second, with respect to the first decretal paragraph regarding the order to produce documents responsive to Request L, that paragraph should be modified to reflect the fact that PHEAA has already made substantial production in response to that request.  In fact, during the course of the May 23 hearing, the discussion was solely about documents relating to the originators of the private loans serviced by PHEAA.  The order as to Request L should contain such a limitation.

Honorable Elizabeth S. Stong
June 1, 2022
Page 2
_____

       Third, and most important, the 30-day window for production is patently unreasonable and unfair. We have not had an opportunity to consult with PHEAA as to how much time is necessary to review the 129,000 files (each of which have numerous papers that must be reviewed to see if they make any reference to the identity of the originator and whether the originators are a nonprofit lender) for responsive documents, but assuredly 30 days is not a reasonable period of time. Such a turnaround date would require more than 5000 files (including the many pages in each file) to be reviewed each and every day, with no time off for weekends or the upcoming Fourth of July holiday, in order to comply with such a deadline. That burden is an impossible one. It is highly doubtful that PHEAA, even with an army of staff attorneys, could review more than 300 to 400 loan files per business day.

       We respectfully request that we be given an opportunity to confer with PHEAA to assess the amount of manpower and time necessary to perform the task before the Court signs the any order. We commit to come back to the Court before the close of business on June 3, 2022 to provide a report as to what would be a reasonable date for production of documents responsive to requests L and M. At that time, PHEAA would also submit a proposed counter order.

       Thank you for Your Honor's consideration.

                                        Respectfully,

                                        /s/ H. Peter Haveles, Jr.

                                        H. Peter Haveles, Jr.

cc:      All counsel of record