UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

In re:                                                                   Chapter 7

TASHANNA B GOLDEN                                                        Case No. 16-40809-ess
*fka* TASHANNA B PEARSON,

                                        Debtor.

-------------------------------------------------------------------------x

TASHANNA B. GOLDEN,                                                      Adv. Pro. No. 17-01005-ess
*fka* TASHANNA B. PEARSON ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED,

                                        Plaintiffs,

v.

FIRSTMARK SERVICES LLC, GS2 2016-A (GS2),
NATIONAL COLLEGIATE STUDENT LOAN TRUST
2006-4 (NCT 2006), PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY, D/B/A
AMERICAN EDUCATION SERVICES,

                                        Defendants.

-------------------------------------------------------------------------x

## ORDER GRANTING MOTION TO COMPEL IN PART AND SCHEDULING CONTINUED HEARING

*The Debtor's Bankruptcy Case*

WHEREAS, on February 29, 2016, Tashanna B. Golden (the "Plaintiff") filed a petition for relief under Chapter 7 of the Bankruptcy Code.

*This Adversary Proceeding*

WHEREAS, on January 18, 2017, the Plaintiff commenced this adversary proceeding by filing a complaint against JP Morgan Chase Bank N.A., GoldenTree Asset Management LP,

Firstmark Services LLC, and National Collegiate Trust, alleging violations of the discharge order entered in her Chapter 7 case; and

WHEREAS, on July 25, 2017, the Court entered a stipulation dismissing JPMorgan Chase Bank N.A. as a defendant in this adversary proceeding; and

WHEREAS, on October 17, 2017, the Plaintiff filed an amended complaint against National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-4 (NCT 2006), GS2 2016-A (GS2), Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("PHEAA"), and Firstmark Services LLC ("Firstmark") (the "Defendants"); and

WHEREAS, in the Memorandum of Law in Support of Motion for Class Certification, the Plaintiff defines the putative class as:

> Individuals who received private loans owned, held, or serviced by Defendants which were not within the cost of attendance at Title IV institutions as defined in 26 U.S.C. § 221(d); who obtained bankruptcy discharges after October 17, 2005; who were subsequently subjected to Defendants' acts to collect on the loans; and who have not reaffirmed their loans.

Plaintiff's Memorandum of Law in Support of Motion for Class Certification, ECF No. 255, at 6; and

WHEREAS, on November 9, 2017, the Court entered an order dismissing GoldenTree Asset Management LP as a defendant in this adversary proceeding; and

WHEREAS, on August 6, 2018, the Court entered a stipulation dismissing National Collegiate Student Loan Trust 2005-3 as a defendant in this adversary proceeding.

*The Motion to Certify Class*

WHEREAS, on July 13, 2020, the Plaintiff filed a motion to certify this adversary proceeding as a class action (the "Motion to Certify Class"); and

WHEREAS, on June 29, 2021, the Defendants each filed opposition to the Motion to Certify Class; and

WHEREAS, pursuant to Federal Rule of Civil Procedure 23, made applicable here by Bankruptcy Rule 7023, in order to meet her burden to certify a class, the Plaintiff must show:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4); and

WHEREAS, "'[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations,'" *Meyers v. Crouse Health Sys., Inc.*, 274 F.R.D. 404, 414 (N.D.N.Y. 2011) (quoting *Gen. Tel. Co. of the Nw., Inc. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980)); and

WHEREAS, the Defendants dispute whether each of the elements necessary to certify a class under Rule 23 has been established by the Plaintiff; and

WHEREAS, in particular, the Defendants dispute whether the putative class is "so numerous that joinder of all members is impracticable."

*This Motion to Compel*

WHEREAS, on December 6, 2021, the Plaintiff filed a motion to compel the Defendants to respond to the Plaintiff's supplemental discovery requests relating to the Motion to Certify Class and certain declarations, including the Supplemental Interrogatories and Requests for Production of Documents (the "Motion to Compel"); and

WHEREAS, on December 22, 2021, the Defendants each filed a Memorandum of Law in Opposition to the Motion to Compel; and

WHEREAS, on January 5, 2022, the Plaintiff filed a reply memorandum of law in further support of the Motion to Compel; and

WHEREAS, on March 2, 2022, the Plaintiff filed a supplemental memorandum of law in support of the Motion to Compel; and

WHEREAS, on March 16, 2022, the Defendants each filed a sur-reply memorandum of law in opposition to the Motion to Compel; and

WHEREAS, on May 6, 2022 and May 18, 2022, the Plaintiff filed letters limiting and reducing the number of requests that are the subject of the Motion to Compel; and

WHEREAS, from time to time, and on May 23, 2022, the Court held hearings on the Motion to Compel, at which the Plaintiff and the Defendants appeared and were heard; and

WHEREAS, for the reasons set forth on the record of the May 23, 2022 hearing and incorporated herein by reference, and also as set forth herein, the Court granted the Motion to Compel in part, with respect to Request L and Request M, as to Defendants PHEAA and Firstmark, and deferred ruling on the balance of the relief sought by the Plaintiffs in that motion.

*The Applicable Legal Standards*

WHEREAS, on a motion to compel discovery before a putative class is certified, the plaintiff has the burden to establish that the discovery requested is necessary to addressing Rule 23's requirements, *see Charles v. Nationwide Mut. Ins. Co.*, 2010 WL 7132173, *8 (E.D.N.Y. May 27, 2010) (quoting *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007)) (stating that "[p]laintiff must show 'a legitimate need for the requested information' and that it is necessary to 'establish the appropriateness of certification.'"); and

4

WHEREAS, on a motion to compel discovery before a putative class is certified, the plaintiff must also establish that the discovery requested is relevant to addressing Rule 23's requirements, *see Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *5 (S.D.N.Y. May 24, 2007)) (stating that "[d]ocuments, which are relevant to whether there are questions of law or fact common to the class [must be produced]."); and

WHEREAS, on a motion to compel discovery before a putative class is certified, the plaintiff must similarly establish that the discovery requested is not unduly burdensome or disproportionate to the needs of the case, Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(b)(2)(C); and

WHEREAS, in considering a motion to compel discovery before a putative class is certified, courts should take care to avoid effectively conducting a mini-trial of the underlying claims, *see Calabrese v. CSC Holdings, Inc.*, 2007 WL 749690, at *5 (E.D.N.Y. Mar. 7, 2007) (pre-certification discovery must be limited to prevent "a protracted mini-trial of substantial portions of the underlying litigation."); and

WHEREAS, courts recognize that "pre-certification discovery 'is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate,'" *Charles*, 2010 WL 7132173, at *4 (quoting *Rahman*, 2007 WL 1521117, at *3).

*Discussion*

WHEREAS, in the Motion to Compel, the Plaintiff seeks responses to several discovery requests, including Request L and Request M; and

WHEREAS, Request L asks the Defendants to "Identify the lender, originator, servicer or guarantor other than You;" and

WHEREAS, as the Plaintiff acknowledged on the record of the May 23, 2022 hearing, to the extent that the "original lender" of a loan held by a putative class member is "a governmental unit or nonprofit institution," as described in Bankruptcy Code Section 523(a)(8)(A)(i), that loan and putative class member would be outside the scope of the definition of the class;

WHEREAS, Request M asks the Defendants to indicate "Whether the loan was originated or funded by a nonprofit or governmental entity. If so, Identify"; and

WHEREAS, as the Plaintiff acknowledged on the record of the May 23, 2022 hearing, to the extent that a loan held by a putative class member is "funded by a bona fide not-for-profit" or "governmental entity" as described in Bankruptcy Code Section 523(a)(8)(A)(i), that loan and putative class member would be outside the scope of the definition of the class; and

WHEREAS, here, the record shows that the Plaintiff has met her burden to show that the discovery requested in Request L and Request M is necessary to addressing Rule 23's requirements because, among other reasons, it is necessary for the Plaintiff to address whether the putative class is sufficiently numerous to satisfy the requirement of Rule 23(a)(1) that "the class is so numerous that joinder of all members is impracticable"; and

WHEREAS, here, the record shows that the Plaintiff has met her burden to show that the discovery requested in Request L and Request M is relevant to addressing Rule 23's requirements because, among other reasons, and here again, it is necessary for the Plaintiff to address whether the putative class is sufficiently numerous to satisfy the requirement of Rule 23(a)(1) that "the class is so numerous that joinder of all members is impracticable"; and

WHEREAS, here, the record shows that the Plaintiff has met her burden to show that the discovery requested in Request L and Request M is not unduly burdensome or disproportionate to the needs of the case because, among other reasons, the information that is requested is

available to the Defendants by reviewing their electronic records, each loan corresponds to a single file with an estimated fifty documents in the file, and that to the extent that this encompasses a large number of files, estimated by PHEAA to be approximately 129,000 individual loans and files and by Firstmark to be 9,400 individual loans and files, that is because the size of the putative class and the alleged violations of the bankruptcy discharge are similarly large; and

WHEREAS, viewed another way, the proportionality of the discovery to the needs of the case may be viewed as *one file* to review containing an estimated fifty documents to *one loan or putative class member*, and that is not disproportionate or unduly burdensome; and

WHEREAS, directing production in response to Request L and Request M at this time will assist the parties in identifying the size of the putative class, and may lead to narrowing and reducing the scope of additional discovery; and

WHEREAS, directing production in response to Request L and Request M at this time is consistent with the directive to take care to avoid effectively conducting a mini-trial of the underlying claims, *see Calabrese*, 2007 WL 749690, at *5; and

WHEREAS, directing production in response to Request L and Request M at this time is consistent with the need "to provide the court with sufficient information to determine whether certification is appropriate,'" *Charles*, 2010 WL 7132173, at *4 (quoting *Rahman*, 2007 WL 1521117, at *3).

NOW, THEREFORE, it is hereby

ORDERED, that PHEAA is directed to respond to Request L, and to "Identify the lender, originator, servicer or guarantor other than You;" and it is further

ORDERED, that PHEAA is directed to respond to Request M, and to indicate "Whether the loan was originated or funded by a nonprofit or governmental entity. If so, Identify"; and it is further

ORDERED, that Firstmark is directed to respond to Request L, and to "Identify the lender, originator, servicer or guarantor other than You;" and it is further

ORDERED, that Firstmark is directed to respond to Request M, and to indicate "Whether the loan was originated or funded by a nonprofit or governmental entity. If so, Identify"; and it is further

ORDERED, that PHEAA and Firstmark are directed to commence production of responsive documents and information by sixty days from the date of this Order, or August 12, 2022; and it is further

ORDERED, that PHEAA and Firstmark shall complete production of responsive documents and information by ninety days from the date of this Order, or September 12, 2022; and it is further

ORDERED, the Court will hold a continued video status conference and hearing on the Motion to Compel on August 31, 2022, at 11:00 a.m., before the Honorable Elizabeth S. Stong, in Courtroom 3585, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201; and it is further

**ORDERED, that this hearing will be conducted remotely, via video. It is not necessary to request prior authorization to appear remotely. All participants, including attorneys, clients, and pro se parties, may register to appear remotely as follows:**

**Please register with eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least two business days before the scheduled hearing. To**

**register, please provide your name, address, e-mail address, telephone number to be used on the hearing date, and if appropriate, the party that you represent. You will receive instructions how to access the hearing via email two business days before the hearing.**

      **On your hearing date, please connect at least ten minutes before your scheduled hearing time, and keep your audio and video on mute until your case is called.**



Dated: Brooklyn, New York  
     June 13, 2022

Elizabeth S. Stong  
United States Bankruptcy Judge