UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TASHANNA B. GOLDEN,

        Plaintiff-Appellee,

v.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY,

        Defendant-Appellant.

**MEMORANDUM & ORDER**
22-MC-01899 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") has filed a motion for leave to appeal a discovery order issued in an adversary proceeding pending before Judge Elizabeth Stong of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), on June 13, 2022, following the Bankruptcy Court's oral ruling during a hearing on May 23, 2022. ECF No. 1 at 94, 117.[1] For the reasons set forth below, the Court exercises its discretion under 28 U.S.C. § 158(a)(3) and declines to hear PHEAA's appeal of the Bankruptcy Court's interlocutory order. The Court therefore dismisses PHEAA's appeal and denies as moot PHEAA's accompanying motion to stay its discovery obligations pending appeal. ECF No. 4 at 1–2.

---

[1] The adversary proceeding pending in the Bankruptcy Court includes several additional defendants that have not joined PHEAA's motion for leave to appeal, specifically Firstmark Services LLC, GS2 2016-A, and National Collegiate Student Loan Trust 2006-4. *See* ECF No. 1 at 94–95, 106–07. This decision refers to these other defendants, collectively with PHEAA, as the "Defendants."

## PROCEDURAL HISTORY

In February 2016, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. Bankr. ECF No. 32 ¶ 39.[2] At that time, Plaintiff was the borrower on various loans that she entered into to finance her attendance at the University of Pennsylvania Law School in the mid-2000s. *Id.* ¶¶ 27–40. The Bankruptcy Court issued a discharge order in Plaintiff's bankruptcy proceeding on August 3, 2016. *Id.* ¶ 42. Plaintiff commenced the underlying adversary proceeding in the Bankruptcy Court in January 2017, alleging that Defendants continued attempting to collect certain of her student loans, even though Plaintiff alleges those loans had been discharged. *Id.* ¶ 44–45. Plaintiff alleges that the collection efforts undertaken by Defendants violate 11 U.S.C. § 524 and are punishable by civil contempt pursuant to 11 U.S.C. § 105. *Id.* ¶¶ 72–76.

In the adversary proceeding, Plaintiff seeks to assert these claims not only on behalf of herself, but also on behalf of a class of similarly situated borrowers of certain types of student loans. *Id.* ¶¶ 55–58. Accordingly, on July 13, 2020, Plaintiff filed a motion for class certification pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure and Rule 23 of the Federal Rules of Civil Procedure. *See* Bankr. ECF No. 255. Plaintiff's motion, which is still pending in the Bankruptcy Court, seeks to certify the following class:

> Individuals who received private loans owned, held, or serviced by Defendants which were not within the cost of attendance at Title IV institutions as defined in 26 U.S.C. § 221(d); who obtained bankruptcy discharges after October 17, 2005; who were

---

[2] References in this decision to "Bankr. ECF No." refer to the docket entries in Plaintiff's adversary proceeding pending in the Bankruptcy Court: Adv. No. 1-17-01005. References to "ECF No." refer to the docket entries in this proceeding.

> subsequently subjected to Defendants' acts to collect on the loans; and who have not reaffirmed their loans.

*Id.* at 6. Plaintiff's definition of the class excludes various people affiliated with Defendants, Plaintiff's counsel, and Bankruptcy Judge Stong, as well as "any debtors who have validly reaffirmed their debts to Defendants or whose debts were expressly held to be non-dischargeable." *Id.* at 6–7.

Plaintiff's definition of the putative class includes only individuals who received "private loans . . . which were not within the cost of attendance at Title IV institutions as defined in 26 U.S.C. § 221(d)," *see id.* at 6, because Section 523(a)(8) of the Bankruptcy Code specifically defines the "categories of educational debt that cannot be discharged in bankruptcy absent a showing of undue hardship." *Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595, 600 (2d Cir. 2021) (citing 11 U.S.C. § 523(a)(8)). These discharge exceptions are "confined to those plainly expressed in the Bankruptcy Code," and a "creditor bears the burden of establishing that a debt is excepted from discharge." *Id.* (internal quotation marks omitted). The Bankruptcy Code therefore establishes "that three categories of educational debt cannot be discharged in bankruptcy: (1) loans and benefit overpayments backed by the government or a nonprofit; (2) obligations to repay funds received as an educational benefit, scholarship, or stipend; and (3) qualified private educational loans." *Id.* at 601 (citing 11 U.S.C. § 523(a)(8)). The "qualified private educational loans" encompassed by this third discharge exception include private loans only if they fall "within the cost of attendance at th[e] institution as defined by Internal Revenue Code Section 221(d)." *In re Homaidan*, 640 B.R. 810, 848 (Bankr. E.D.N.Y. 2022); *DiDonato v. GC Servs. Ltd. P'ship*, No. 20-cv-2154, 2021 WL 4219504, at *2 (S.D.N.Y. Sept. 16, 2021) (discussing definition of "qualified education loan" used in discharge exception established by 11 U.S.C. § 523(a)(8)).

On June 29, 2021, Defendants filed separate oppositions to Plaintiff's motion for class certification. *See* Bankr. ECF Nos. 398–407. In its opposition, PHEAA argued that Plaintiff failed to satisfy several of the class certification requirements in Rule 23, including the requirement "that the proposed class be 'so numerous that joinder of all members is impracticable.'" *See* Bankr. ECF No. 398 at 59 (quoting Fed. R. Civ. P. 23(a)(1)). Other Defendants similarly challenged Plaintiff's proof on the numerosity requirement. *See* Bankr. ECF No. 406 at 37.

Plaintiff filed her reply brief in further support of her motion for class certification on September 2, 2021. *See* Bankr. ECF No. 418. However, both Plaintiff and Defendants, including PHEAA, continued to engage in additional discovery related to class certification after the briefing on Plaintiff's motion was nominally complete. After Plaintiff's reply brief was filed, Defendants asked the Bankruptcy Court for permission: (i) to conduct an additional deposition of Plaintiff's expert regarding opinions relied on in Plaintiff's reply brief, and (ii) to file a sur-reply in further opposition to Plaintiff's motion for class certification. *See* Bankr. ECF No. 421. The Bankruptcy Court discussed that request with the parties during a conference on September 29, 2021, and ultimately adopted a stipulation allowing those requests. *See* Bankr. ECF No. 436.

During that same conference, Plaintiff's counsel raised the issue of needing additional discovery that he believed was responsive to arguments that PHEAA and other Defendants made in opposition to Plaintiff's motion for class certification. Bankr. ECF No. 456 at 16:16–19:8. The Bankruptcy Court directed Plaintiff to serve a supplemental discovery request specifying exactly what information Plaintiff was seeking. *Id.* at 54:8–56:4. Although Plaintiff's counsel made at least one comment during that early stage that the requested discovery was unnecessary "to proceed on the motions that are on your docket," *see id.* at 56:1–12, the Bankruptcy Court

4

made several comments suggesting that the discovery might potentially prove relevant to Plaintiff's pending motion for class certification. *See id.* at 20:8–23 (indicating that the discovery "will inform the Court's determination on the various motions"); *see id.* at 50:16–23 (discussing discovery necessary "fully to address the questions that have come up in the context of the pending motions, including . . . of course, class certification").

Plaintiff served supplemental discovery requests pursuant to the Bankruptcy Court's instruction, *see* ECF No. 8-3, and the Bankruptcy Court discussed Defendants' objections to that discovery during a conference on November 18, 2021, before Plaintiff made a formal motion to compel the discovery. *See* Bankr. ECF No. 475. During that conference, the Bankruptcy Court reiterated that it considered the information addressed by Plaintiff's requested discovery to be relevant to class certification. *See id.* at 28:17–29:17.[3]

Ultimately, Plaintiff made a motion to compel the discovery, and the Bankruptcy Court held two hearings on Plaintiff's motion on February 2 and May 23, 2022. At the end of the first hearing, the Bankruptcy Court instructed Plaintiff "to supplement the record with a description of how each of these categories of discovery requested relates to a disputed matter before the Court on the question of class certification [and] not the merits of the underlying claims." Bankr. ECF No. 462 at 107:13–19. When giving this instruction, the Bankruptcy Court made clear that it would consider additional information related to the issue of class certification even though the parties' briefing on that motion was nominally complete and had been "filed a long time ago." *Id.* at 108:3–14. The Bankruptcy Court emphasized its desire to allow whatever discovery was

---

[3] In particular, the Bankruptcy Court explained, "I need a record to make a good decision on class certification. It's not lost on the Court and the parties on how important that is here as it always is in a case and so discovery that informs any of the contested issues in class certification is going to be likely discovery that I will need . . . ." Bankr. ECF No. 475 at 28:17–21.

necessary to "permit the Court to have the record I need to make a good decision that I realize is an extraordinarily important decision in the case." *Id.* at 110:24–111:4. Plaintiff filed the supplemental information requested by the Bankruptcy Court, *see* Bankr. ECF No. 471, and each Defendant filed an opposition to Plaintiff's arguments therein. *See* Bankr. ECF Nos. 477–480.

Based on the parties' numerous briefs and court appearances, the Bankruptcy Court granted Plaintiff's motion to compel with respect to two discovery requests in an order dated June 13, 2022. *See* Bankr. ECF No. 501. Those requests asked Defendants, for each loan made to a person who received a bankruptcy discharge within the putative class period, to "[i]dentify the lender, originator, servicer or guarantor other than You" and "[w]hether the loan was originated or funded by a nonprofit or governmental entity." ECF No. 1 at 88–89. The Bankruptcy Court concluded that the information sought by these discovery requests was relevant to whether Plaintiff's putative class could satisfy the numerosity requirement of Rule 23 because, as described above, loans that were originated or funded by a nonprofit or government entity fall within a discharge exception and were therefore excluded from the definition of Plaintiff's proposed class. *Id.* at 89. The Bankruptcy Court further found that such discovery was not "unduly burdensome or disproportionate to the needs of the case." *Id.* at 89–90. The Bankruptcy Court ordered PHEAA to begin producing information responsive to these discovery requests by August 12, 2022, and to complete its production by September 12, 2022. *Id.* at 91. PHEAA timely filed a motion for leave to appeal within the 14-day period allowed by Fed. R. Bankr. P. 8002 and 8004. *See* ECF No. 1.

## LEGAL STANDARD

Although "[t]he concept of finality is more relaxed in the bankruptcy context than in normal civil litigation," *see In re Segal*, 557 B.R. 46, 49 (E.D.N.Y. 2016), PHEAA has not

6

argued that the Bankruptcy Court's discovery order is appealable as of right to this Court. The parties are correct in this understanding because even the more flexible standard of finality in bankruptcy proceedings "is not malleable to a litigant's whim." *Sanchez v. James Gainfort AIA Consulting Architects P.C.*, No. 19-cv-2124, 2020 WL 364158, at *2 (E.D.N.Y. Jan. 22, 2020). Instead, "'for a bankruptcy court order to be final . . . the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *Id.* (quoting *In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993)) (alteration in original). Based on this standard, "[c]ourts have routinely found that bankruptcy court orders granting or denying discovery . . . are not final for the purposes of an appeal to a district court." *Hongkong & Shanghai Banking Corp. Ltd. v. Brandt*, No. 17-cv-6672, 2017 WL 6729191, at *2 (S.D.N.Y. Dec. 29, 2017).

Since the Bankruptcy Court's discovery order is not appealable as of right, PHEAA's motion for leave to appeal is governed by the discretionary appeal provision of 28 U.S.C. § 158(a)(3). *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021). However, that provision does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders of bankruptcy courts. *Id.* To fill this gap, "[c]ourts in this Circuit have invariably held [that] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted." *Id.* (internal quotation marks omitted) (first alteration added). That provision allows courts to accept appeals from interlocutory orders only if "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji v. U.S.*

7

*Bank, N.A.*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018) (internal quotation marks omitted). "[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." *In re Segal*, 557 B.R. at 51 (alteration in original).

"As to the first prong, an order involves a controlling question of law where reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *2178 Atl. Realty*, 2021 WL 1209355, at *4 (internal quotation marks omitted). "In addition, the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy v. Jones ex rel. Tr. of Estate of Veeraswamy*, No. 19-cv-2137, 2019 WL 1876788, at *2 (E.D.N.Y. Apr. 26, 2019) (internal quotation marks omitted). "The second prong, requiring a substantial ground for difference of opinion, is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Osuji*, 285 F. Supp. 3d at 558 (internal quotation marks omitted). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. 181, 186 (E.D.N.Y. 2021). "The third prong, assessing whether an appeal would materially advance termination of the litigation, is satisfied where the appeal promises to advance the time for trial or to shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558 (internal quotation marks omitted).

When considering these requirements, the Court must be mindful of the foundational principle that "interlocutory appeals are strongly disfavored in federal practice." *Id.* Accordingly, "[g]ranting leave for an interlocutory appeal represents extraordinary relief as only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Joe's Friendly Serv. & Son*, 628 B.R. at 185

(internal quotation marks omitted). "Indeed, the considerations underlying the rule against review of interlocutory orders apply with particular force in the discovery context because that process has a special potential for spawning rulings that aggrieved parties would seek to appeal." *In re Traversa*, 371 B.R. 1, 5 (D. Conn. 2007) (quoting *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994)) (internal quotation marks omitted).

## DISCUSSION

### A. PHEAA Has Failed to Identify a Controlling Question of Law.

PHEAA has not met any of the criteria required to take an interlocutory appeal of the Bankruptcy Court's discovery order, starting with the requirement that the Bankruptcy Court's order must present a controlling question of law. PHEAA asserts that the Bankruptcy Court failed to apply two purportedly controlling questions of law. PHEAA's first controlling question of law is a supposed rule that, before a class is certified, "discovery in a putative class action [is] limited to disclosure of information that is ***necessary and*** relevant to the certification of the proposed class." ECF No. 1 at 129 (emphasis added). Second, PHEAA challenges the Bankruptcy Court's supposed failure "to conduct a proportionality analysis weighing the 'benefit' of a plaintiff's proposed precertification discovery against the 'burden' such discovery would impose upon the producing party," as required by Rule 26(b). *Id.*

PHEAA's first purportedly controlling question simply misstates the law applied within the Second Circuit to disputes about discovery related to class certification. "[T]o obtain pre-certification discovery concerning class issues, the plaintiff must show that such discovery would be relevant to [her] future motion for class certification." *Thompson v. Global Contact Servs., LLC*, No. 20-cv-651, 2021 WL 1103029, at *1 (E.D.N.Y. Feb. 16, 2021) (internal quotation marks omitted) (second alteration in original); *see also Chow v. SentosaCare, LLC*, No. 19-cv-

9

3541, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020) (explaining that discovery prior to class certification "must be conducted with an eye to relevance and proportionality and bear some relationship to the claims of the named Plaintiff"). A court deciding discovery disputes prior to class certification must therefore consider: (i) the relevance of the discovery to the plaintiff's class certification motion, and (ii) whether the discovery is proportional to the needs of the case. PHEAA's attempt to add a third, more stringent requirement—that the discovery also be "necessary" to the plaintiff's class certification motion—is not supported by the case law in this Circuit.

PHEAA's attempt to graft its necessity requirement onto the scope of permissible class certification discovery is based principally on case law from district courts outside of the Second Circuit, which the Court need not follow even if PHEAA has accurately characterized those decisions. *See* ECF No. 1 at 130 (citing *Miner v. Gov't Payment Serv., Inc.*, No. 14-cv-7474, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017) and *Jurich v. Compass Marine, Inc.*, No. 12-cv-176, 2013 WL 12353646, at *3 (S.D. Ala. June 11, 2013)); ECF No. 9 at 4–5 (citing the same cases). To the extent PHEAA cites decisions from within the Second Circuit as purported support for the existence of a necessity requirement, those decisions are not persuasive because almost all of them predate the Supreme Court's seminal class certification decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). *See Thompson*, 2021 WL 1103029, at *2. That decision expanded class action plaintiffs' access to discovery prior to class certification by "ma[king] clear that class certification cannot be evaluated without an examination of the merits—a reality that requires giving plaintiff access to discovery." *Id.*[4]

---

[4] PHEAA has cited only one decision from within the Second Circuit that both was decided after *Dukes* and is related to the scope of discovery prior to class certification. *See*

The Bankruptcy Court accurately described the relevance requirement for class certification discovery, explaining that "on a motion to compel discovery before a putative class is certified, the plaintiff must . . . establish that the discovery requested is relevant to addressing Rule 23's requirements." ECF No. 1 at 88 (citing *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06-cv-6198, 2007 WL 1521117, at *5 (S.D.N.Y. May 24, 2007)). The Bankruptcy Court further described the standard required by PHEAA's second purportedly controlling question of law and explained that "the plaintiff must similarly establish that the discovery requested is not unduly burdensome or disproportionate to the needs of the case." *Id.* (citing Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(b)(2)(C)).

PHEAA does not (and cannot) seriously contend that the Bankruptcy Court ignored the proportionality requirement that applies to discovery disputes, *see* ECF No. 1 at 135–38, which the Bankruptcy Court described as a "really, really important question . . . in the context of [its] ruling." ECF No. 1-1 at 90:3–7. Instead, the Bankruptcy Court "applied settled legal standards to the unique facts of this case," and PHEAA's only dispute is "whether the Bankruptcy Judge should have permitted such discovery under the unique factual scenario." *In re China Med. Techs., Inc.*, No. 13-cv-6222, 2013 WL 6667789, at *11 (S.D.N.Y. Dec. 17, 2013). This is the type of "mixed question[] of law and fact" that does not qualify as a controlling issue of law. *Osuji*, 285 F. Supp. 3d at 559.

---

*Heras v. Metro. Learning Institute*, No. 19-cv-2694, 2021 WL 3269056, at *2 (E.D.N.Y. July 30, 2021); ECF No. 1 at 133. That decision addressed whether a putative class representative may obtain discovery revealing the identities of other potential class members before a class has been certified, which is a narrow issue about which "[c]ourts in this district have proved very cautious about compelling disclosure." *Heras*, 2021 WL 3269056, at *1 (internal quotation marks omitted). Even in *Heras*, the court did not assess the discovery according to a necessity requirement. *Id.* at *1–2. Instead, the court weighed the relevance of the putative class members' identities to Rule 23's class certification factors against the defendants' burden of providing that information. *Id.*

This Court will therefore not disturb the Bankruptcy Court's judgment that Plaintiff's requested discovery was proper in light of the issues raised by her motion for class certification.[5] An interlocutory appeal would be especially misguided in these circumstances because the parties' discovery dispute is anything but the "pure question of law that the . . . [C]ourt could decide quickly and cleanly without having to study the record." *Veeraswamy*, 2019 WL 1876788, at *2 (internal quotation marks omitted). Plaintiff's class certification motion and motion to compel discovery collectively resulted in more than 300 pages of briefing by the parties and were discussed by the Bankruptcy Court during no less than four status conferences that yielded more than 330 pages of transcripts. The complexity of the parties' dispute clearly demonstrates why "[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge." *Lynch v. Barnard*, No. 18-cv-6893, 2020 WL 1812504, at *6 (E.D.N.Y. Apr. 9, 2020) (alteration in original).

### B.     The Remaining Requirements for an Interlocutory Appeal Are Absent.

PHEAA's motion for leave to appeal fails for the independent reasons that PHEAA has not demonstrated that the other requirements for an interlocutory appeal are satisfied. As described above, "there is no substantial grounds for difference of opinion" about PHEAA's purportedly controlling questions of law because "the bankruptcy court relied on the controlling

---

[5] The Court assigns little weight to PHEAA's arguments that Plaintiff's counsel purportedly conceded through various isolated statements during the parties' months-long discovery dispute that Plaintiff's requested discovery was not relevant to Plaintiff's motion for class certification. *See, e.g.*, ECF No. 1 at 133. As described in the procedural history section of this decision, the Bankruptcy Court expressly concluded that the discovery was relevant, and it is the Bankruptcy Court's assessment of relevance that controls.

standard." *Veeraswamy*, 2019 WL 1876788, at *3.  Although PHEAA obviously has a different opinion than the Bankruptcy Court about the propriety of Plaintiff's requested discovery, "merely claiming that a court's decision was incorrect is insufficient to establish substantial ground for difference of opinion."  *Osuji*, 285 F. Supp. 3d at 559.

Finally, PHEAA's proposed interlocutory appeal "would not materially advance the ultimate termination of the litigation" because the Bankruptcy Court's discovery order "is irrelevant to the merits of the underlying dispute."  *Veeraswamy*, 2019 WL 1876788, at *3.  Inserting this Court into the parties' discovery dispute would have the opposite effect and "would prolong rather than hasten the termination of the litigation."  *Brandt*, 2017 WL 6729191, at *6 (internal quotation marks omitted).

## CONCLUSION

For the reasons explained above, the Court exercises its discretion to deny PHEAA's motion for leave to appeal, *see* ECF No. 1, and PHEAA's appeal is dismissed.  *2178 Atl. Realty*, 2021 WL 1209355, at *4.  Since the Court has dismissed PHEAA's underlying appeal, it denies "as moot" PHEAA's motion for a stay of its discovery obligations pending the appeal.  *Veeraswamy*, 2019 WL 1876788, at *3; *see* ECF No. 4.  The Court respectfully directs the Clerk of Court to close this case.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                            HECTOR GONZALEZ
                                            United States District Judge

Dated: Brooklyn, New York
       August 10, 2022