INUNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                          Chapter 7

TASHANNA B GOLDEN                                               Case No. 16-40809-ess
*fka* TASHANNA B PEARSON,

                           Debtor.

------------------------------------------------------------------------x

TASHANNA B. GOLDEN,                                            Adv. Pro. No. 17-01005-ess
*fka* TASHANNA B. PEARSON ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED,

                           Plaintiffs,

v.

FIRSTMARK SERVICES LLC, GS2 2016-A (GS2),
NATIONAL COLLEGIATE STUDENT LOAN TRUST
2006-4 (NCT 2006), PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY, D/B/A
AMERICAN EDUCATION SERVICES,

                           Defendants.
------------------------------------------------------------------------x

## ~~PLAINTIFF'S [PROPOSED]~~ ORDER GRANTING IN PART
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

WHEREAS, on February 29, 2016, Tashanna B. Golden (the "Plaintiff") filed a petition

for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on January 18, 2017, the Plaintiff commenced this adversary proceeding by

filing a complaint against JP Morgan Chase Bank N.A., GoldenTree Asset Management LP,

Firstmark Services LLC, and National Collegiate Trust, alleging violations of the discharge order

entered in her Chapter 7 case; and

WHEREAS, on ~~July 25, 2017~~ ***July 26, 2017***, the Court entered a stipulation dismissing

JPMorgan Chase Bank N.A. as a defendant in this adversary proceeding; and

WHEREAS, on October 17, 2017, the Plaintiff filed an amended complaint against

National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-4

(NCT 2006), GS2 2016-A (GS2), Pennsylvania Higher Education Assistance Agency d/b/a

American Education Services ("PHEAA"), and Firstmark Services LLC ("Firstmark") (the

"Defendants"); and

WHEREAS, on December 6, 2021, the Plaintiff filed a motion to compel the Defendants

to respond to the Plaintiff's supplemental discovery requests relating to the Motion to Certify Class

and certain declarations, including the Supplemental Interrogatories and Requests for Production

of Documents (the "Motion to Compel"); and

WHEREAS, on December 22, 2021, the Defendants each filed a Memorandum of Law in

Opposition to the Motion to Compel; and

WHEREAS, on January 5, 2022, the Plaintiff filed a reply memorandum of law in further

support of the Motion to Compel; and

WHEREAS, on March 2, 2022, the Plaintiff filed a supplemental memorandum of law in

support of the Motion to Compel; and

WHEREAS, on March 16, 2022, the Defendants each filed a sur-reply memorandum of

law in opposition to the Motion to Compel; and

WHEREAS, on May 6, 2022 and May 18, 2022, the Plaintiff filed letters limiting and

reducing the number of requests that are the subject of the Motion to Compel; and

WHEREAS, from time to time, and on May 23, 2022, the Court held hearings on the

Motion to Compel, at which the Plaintiff and the Defendants appeared and were heard; and

WHEREAS, for the reasons set forth on the record of the May 23, 2022 hearing and

incorporated herein by reference, and also as set forth herein, the Court granted the Motion to

Compel in part, with respect to Request L and Request M, as to Defendants PHEAA and Firstmark, and deferred ruling on the balance of the relief sought by the Plaintiffs in that motion.*; and*

WHEREAS, Request N asks "Whether the loan was guaranteed by a nonprofit or governmental entity.   If so, Identify."

WHEREAS, Request O asks "Whether the borrower was an undergraduate or graduate student"; and

WHEREAS, Request P asks, "Whether the borrower was a full-time or part-time student"; and

WHEREAS, Request R asks "Whether the loan was certified as within the cost of attendance by the applicable educational institution at any time prior to, or at any time, the loan was made.  If so, provide all Documents showing such certification."; and

WHEREAS, Request U seeks "The cost of attendance at the applicable educational institution of the person to whom the loan was made and any information concerning any other loans, scholarships, or grants received by the person who obtained the loan. Produce all Documents in Your possession, custody or control relating to such information."; and

WHEREAS, for the reasons set forth on the record at the August 31, 2022 and September 19, 2022 hearings, the Court makes the following additional directions with respect to Requests *N,* O, P, R and U; and

*WHEREAS, on September 30, 2022, the Plaintiff filed a letter and a proposed order based on the Court's findings at the August 31, 2022 and September 19, 2022 hearings, ECF No. 526; and*

*WHEREAS, on October 4, 2022, PHEAA and Firstmark filed a letter and a proposed counterorder responding to the Plaintiff's proposed order, ECF No. 527; and*

*__WHEREAS, on October 4, 2022, the Plaintiff filed a letter responding to PHEAA and Firstmark's letter and proposed counterorder, ECF No. 528; and__*

*__WHEREAS, on October 4, 2022, PHEAA and Firstmark filed a letter in further support of the counterorder and in response to the Plaintiff's October 4, 2022 letter, ECF No. 529.__*

NOW, THEREFORE, it is hereby

ORDERED, that PHEAA is directed to respond to Requests O, P, *__and__* R ~~and U~~ to the extent such information and documents are in its possession, custody or control; and it is further

*__ORDERED, that as set forth on the record of the September 19, 2022 hearing, the Plaintiff and PHEAA are directed to meet and confer on the production of information and documents that are responsive to Request U and to file a status letter by October 14, 2022; and it is further__*

*__ORDERED, that as set forth in the letter dated October 4, 2022, of PHEAA and Firstmark, ECF No. 527, Firstmark is directed to complete a reasonable search of sample loan files from a representative cross-section of for-profit, nongovernmental lenders in its servicing portfolio and, to the extent such search indicates that additional information and documents responsive to Requests N, P, and R are in Firstmark's possession, custody or control and which have not already been produced, to produce information and documents that are responsive to Requests N, P, and R; and it is further__*

ORDERED, that *__the Plaintiff and__* Firstmark *__are directed to meet and confer on any further production of information and documents that are responsive__* ~~is directed to respond~~ to Requests N, P, R and U *__and to file a status letter by October 14, 2022__* ~~to the extent such information and documents are in its possession, custody and contro~~l; *__and it is further__*

ORDERED, that PHEAA and Firstmark are directed to commence production of responsive documents and information on or before October 17, 2022; and it is further

ORDERED, that PHEAA and Firstmark shall complete production of responsive documents on or before November 21, 2022.

**Dated: Brooklyn, New York**
      **October 4, 2022**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**