

October 14, 2022

**VIA ECF**
Hon. Elizabeth S. Stong
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

    Re:    *Golden v. Firstmark Services LLC et al.*
               Adv. Pro. No. 1-17-01005 (ESS)

Dear Judge Stong:

      Pursuant to Your Honor's order of October 4, 2022 (Dkt. No. 530), Plaintiff held a meet and confer with counsel for PHEAA and Firstmark on October 11, 2022. At that meet and confer, the parties agreed as follows:

1. PHEAA has reaffirmed that it is in the process of reviewing its loan files, other than the approximately 600,000 pages already produced, to determine if it has any information responsive to request U (in addition to information responsive to requests O, P and R) contained in Plaintiff's October 13, 2021 document requests, and will produce any such responsive documents in accordance with the schedule set forth in the October 4 order.

2. Firstmark is in the process of reviewing a sampling of individual loan files from each of the 89 separate types of loan products it services on behalf of its servicing clients (and as reflected in the previously-produced bankruptcy datafeed excerpt) to determine if it has any responsive information to requests N, P, R and U. Firstmark is undertaking the sampling as follows: with regard to those loan products that appear in the datafeed to have fewer than forty loan files, Firstmark will take a sample of five individual loan files to determine if any of the documents contain responsive information. With regard to loan products that appear to have more than forty loan files, Firstmark will sample ten loan files to determine if there is responsive information. If the sampling discloses that there is responsive information, Firstmark will review all the individual files in that portfolio to produce any such responsive information.

3. Mr. Kaplan reports, on behalf of Firstmark, that Firstmark does have files in its custody that also show federal loans that were issued to potential class members by federal loan holders. To the extent such federal loans were issued to cover the same academic period(s) as the private student loans reflected in the datafeed excerpt, the



existence of such federal loans relates to request U, which seeks information concerning "any other loans, scholarships or grants received by the person who obtained the loan." Firstmark believes that it cannot produce this information, because of federal privacy laws, without an order of the Court. Plaintiff therefore respectfully requests that the Court enter such an order so as to facilitate such release.

Thank you for your attention to this matter.

                                           Respectfully submitted,

                                           */s/ George F. Carpinello*
                                           George F. Carpinello

GFC/tjc

cc via ECF:  Counsel of Record