REDACTED

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tashanna B. Golden *fka* Tashanna B. Pearson,<br><br>Debtor, | Chapter 7<br><br>Case No. 16-40809 (ESS) |
| Tashanna B. Golden *fka* Tashanna B. Pearson on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Firstmark Services LLC, GS2 2016-A (GS2), National Collegiate Student Loan Trust 2006-4 (NCT 2006), Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services,<br><br>Defendants. | Adv. Proc. No. 17-1005 (ESS) |

**PLAINTIFF's SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii
ARGUMENT ........................................................................................................................ 1
    I.    Several Recent Cases Have Held that the Court has Jurisdiction over a
        Nationwide Class. ................................................................................................... 1
    II.   Recent Case Law Further Demonstrates that Plaintiff Satisfies all of Rule 23's
        Requirements and that Class Certification is Appropriate ..................................... 2
        A.   The Class is Ascertainable ............................................................................. 2
        B.   Numerosity is Satisfied .................................................................................. 5
        C.   Common Issues Predominate, Even When Considering Affirmative Defenses. ..... 8
CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Ajasa v. Wells Fargo, N.A.* (*In re Ajasa*),
 627 B.R. 6 (Bankr. E.D.N.Y. 2021) ...................................................................................1

*Anderson v. Credit One* (*In re Anderson*),
 641 B.R. 1 (Bankr. E.D.N.Y. 2022) ...................................................................................1

*Barrett v. Wesley Fin. Grp., LLC*,
 No. 13-CV-554, 2015 WL 12910740 (S.D. Ca. Mar. 30, 2015)........................................10

*Bitzko v. Weltman, Weinberg & Reis Co., LPA*,
 No. 117-CV-458, 2019 WL 4602329 (N.D.N.Y. Sept. 23, 2019) ....................................4, 5

*Catholic Healthcare W. v. U.S. Foodservice Inc.* (*In re U.S. Foodservice Inc. Pricing Litig.*),
 729 F.3d 108 (2d Cir. 2013)................................................................................................9

*Consolidated Rail Corp. v. Town of Hyde Park*,
 47 F.3d 473 (2d Cir. 1995), *cert. denied*, 515 U.S. 1122 (1995) .......................................5

*Cox v. Spirit Airlines, Inc.*,
 341 F.R.D. 349 (E.D.N.Y. 2022) ....................................................................................3, 4

*Golden v. Discover Bank* (*In re Golden*),
 630 B.R. 896 (Bankr. E.D.N.Y. 2021) ...............................................................................1

*Harte v. Ocwen Fin. Corp.*,
 No. 13-CV-5410, 2018 WL 1830811 (E.D.N.Y. Feb. 8, 2018).......................................2, 5

*Haynes v. Chase Bank, N.A.* (*In re Haynes*),
 Adv. Pro. No. 13-08370, 2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014).................1

*Headly v. Liberty Homecare Options, LLC*,
 No. 3:20-CV-00579, 2022 WL 2181410 (D. Conn. June 16, 2022) ..................................2

*Homaidan v. Sallie Mae, Inc.* (*In re Homaidan*),
 Adv. Pro. No. 17-1085, 2022 WL 10707498 (Bankr. E.D.N.Y. Oct. 17, 2022) ................1

*In re Petrobras Securities*,
 862 F.3d 250 (2d Cir. 2017)................................................................................................8

*In re Ranciato*,
 638 B.R. 275 (Bankr. D. Conn. 2022)................................................................................5

*In re Vale S.A. Sec. Litig.*,
    No. 19-CV-526, 2022 WL 969724 (E.D.N.Y. Mar. 31, 2022)..................................................9

*Iowa Pub. Employees' Ret. Sys. v. Bank of Am. Corp.*,
    No. 17-CV-6221, 2022 WL 2829880 (S.D.N.Y. June 30, 2022)...........................................8, 9

*Johnson v. Nextel Comms., Inc.*,
    780 F.3d 128 (2d Cir. 2015)....................................................................................................8

*Mazloom v. Navient Sols., LLC* (*In re Mazloom*),
    Adv. Pro. No. 20-80033-6, 2022 WL 950932 (Bankr N.D.N.Y. Mar. 29, 2022).......................5

*McRobie v. Palisades Acquisition XVI, LLC*,
    No. 1:15-cv-00018, 2022 WL 1657226 (W.D.N.Y. Mar. 4, 2022)..........................................9

*Mendez v. MCSS Rest. Corp.*,
    No. 16-CV-2746, 2019 WL 2504613 (E.D.N.Y. June 17, 2019) ........................................8, 10

*Pearlstein v. BlackBerry Ltd.*,
    No. 13 CV 7060, 2021 WL 253453 (S.D.N.Y. Jan. 26, 2021) .............................................2, 3

*Pryce v. Progressive Corp.*,
    No. 19-CV-1467, 2022 WL 969740 (E.D.N.Y. Mar. 31, 2022)..............................................10

*Rodriguez v. CPI Aerostructures, Inc.*,
    No. 20-CV-0982, 2021 WL 9032223 (E.D.N.Y. Nov. 10, 2021)..............................................8

*Rodriguez v. CPI Aerostructures, Inc.*,
    No. 20-CV-0982, 2023 WL 2184496 (E.D.N.Y. Feb. 16, 2023)..........................................3, 5

*Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*,
    No. 14-cv-6502, 2019 WL 652841 (S.D.N.Y. Feb. 15, 2019)..................................................8

*Sykes v. Mel S. Harris and Assoc., LLC*,
    780 F.3d 70 (2d Cir. 2015)....................................................................................................10

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) ................................................................................................................3

*UFCW Local 1776 v. Eli Lilly & Co.*,
    620 F.3d 121 (2d Cir. 2010)....................................................................................................9

*Zyburo v. NCSPlus, Inc.*,
    44 F. Supp. 3d 500 (S.D.N.Y. 2014) ...................................................................................3, 4

**Statutes**

26 U.S.C. § 221(d) ........................................................................................................................3

Plaintiff Tashanna Golden ("Plaintiff") respectfully submits this Supplemental Memorandum of Law in Support of her Motion for Class Certification.[1] The purpose of this brief is to update the Court on recently produced discovery from Defendants as a result of Plaintiff's motion to compel as well as developments in applicable case law since Ms. Golden's Motion for Class Certification (Dkt. No. 255) was filed on July 13, 2020.

## ARGUMENT

### I. Several Recent Cases Have Held that the Court has Jurisdiction over a Nationwide Class.

Since Plaintiff first moved for class certification, several recent decisions, including several from this Court, have held that exercising jurisdiction over a nationwide class is appropriate in cases alleging violations of the discharge injunction. *See Homaidan v. Sallie Mae, Inc.* (*In re Homaidan)*, Adv. Pro. No. 17-1085, 2022 WL 10707498, at *46–53 (Bankr. E.D.N.Y. Oct. 17, 2022); *Anderson v. Credit One* (*In re Anderson*), 641 B.R. 1, 15–20 (Bankr. E.D.N.Y. 2022); *Golden v. Discover Bank* (*In re Golden*), 630 B.R. 896 (Bankr. E.D.N.Y. 2021); *Ajasa v. Wells Fargo, N.A.* (*In re Ajasa*), 627 B.R. 6 (Bankr. E.D.N.Y. 2021); *see also Haynes v. Chase Bank, N.A.* (*In re Haynes*), Adv. Pro. No. 13-08370, 2014 WL 3608891, at *6–9 (Bankr. S.D.N.Y. July 22, 2014) (note that this decision pre-dates Plaintiff's motion for class certification). In light of the ample authority within this circuit holding that claims for violations of the discharge injunction can be adjudicated on a nationwide basis, there is no reason to depart from this well-reasoned case law.

---

[1] This Memorandum of Law supplements Plaintiff's arguments concerning class certification and incorporates all prior arguments, evidence, and briefs on this issue.

II.  **Recent Case Law Further Demonstrates that Plaintiff Satisfies all of Rule 23's Requirements and that Class Certification is Appropriate.**[2]

    A. **The Class is Ascertainable**

Any argument by Defendants that the proposed class is not ascertainable because it would require the review of individual records, some of which might be difficult to review or find, is simply wrong, and confuses the parties' respective burdens.

Plaintiff, as the party seeking to certify the class, must show that the contours of the class can be established using common, objective criteria. Ascertainability is not a demanding standard; rather, "it is designed only to prevent certification of classes whose membership is ***actually indeterminable***." *Harte v. Ocwen Fin. Corp.*, No. 13-CV-5410, 2018 WL 1830811, at *31 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted*, No. 13 CV 5410, 2018 WL 1559766 (E.D.N.Y. Mar. 30, 2018) (internal quotation marks omitted; emphasis added). Ascertainability is satisfied if a class is "defined using objective criteria that establish membership with definite boundaries." *Headly v. Liberty Homecare Options, LLC*, No. 3:20-CV-00579, 2022 WL 2181410, at *17 (D. Conn. June 16, 2022). And the membership of the class need only be ascertainable at some point in the case—not necessarily prior to class certification. *Harte*, 2018 WL 1830811 at *31 (internal quotation marks and citations omitted).

In addition to the cases cited in Plaintiff's moving brief and reply in support of her motion for class certification, recent cases support the finding that ascertainability is satisfied where membership can be determined by looking at objective criteria, such as defendants' records. *See, e.g.*, *Pearlstein v. BlackBerry Ltd.*, No. 13 CV 7060, 2021 WL 253453, at *13 (S.D.N.Y. Jan. 26, 2021) ("Ascertaining the members of the class will be easily administrable by references to

---

[2] This supplemental brief only addresses those elements of Rule 23 that are the subject of recent case law developments or that warrant further discussion in light of the data recently produced by Defendants.

investor records."); *Rodriguez v. CPI Aerostructures, Inc. et. al.*, No. 20-CV-0982, 2023 WL 2184496, at *6 (E.D.N.Y. Feb. 16, 2023) (finding ascertainability satisfied where "the Class definition clearly defines membership to the Class by the dates of investors' purchases of CPI stock"). In so holding, these courts reiterated that the standard for ascertainability is "not demanding" and that the purpose of this implied requirement is to prevent the certification of a class whose membership is "truly indeterminable." *Pearlstein*, 2021 WL 253453 at *13.

In the present case, the proposed class is composed of the thousands of borrowers with loans that exceed the cost of attendance who received a bankruptcy discharge and were nonetheless subjected to Defendants' continued attempts to collect on these discharged loans. The only facts needed to ascertain membership in the class are (1) whether borrowers received private loans owned or serviced by Defendants that exceeded the cost of attendance as defined in 26 U.S.C. § 221(d) at Title IV schools or did not attend Title IV schools; (2) received loans not funded by nonprofits; (3) received a discharge order from a U.S. bankruptcy court after January 1, 2005; and (4) have not reaffirmed their loans. All of this data should have been readily available from Defendants' own records, and the fact that it is not is because Defendants failed to collect or maintain the data necessary to determine whether a particular borrower's loan was dischargeable.

Recent case law reaffirms the fact that a defendant cannot rely on the inadequacy of its own record keeping to defeat a motion for class certification. *See, e.g., Cox v. Spirit Airlines, Inc.*, 341 F.R.D. 349, 372 (E.D.N.Y. 2022), *amended on reconsideration in part*, No. 17-CV-5172, 2023 WL 1994201 (E.D.N.Y. Feb. 14, 2023); *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 503 (S.D.N.Y. 2014); *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 461 (2016) (noting that failing to keep complete records was a problem of defendant's own making).

In *Cox*, the Court rejected the defendant's argument that ascertainability was not satisfied where the defendants' records were insufficient to establish certain elements of class membership. *Cox*, 341 F.R.D. at 372. The Court soundly rejected this argument and noted that there were alternative ways in which these aspects of membership could be shown, such as the use of sworn affidavits or proofs of claim. *Id*. at 372-373. The Court found that it would be fundamentally unfair to allow the defendant to defeat class certification by relying on the failure or inadequacy of its own record keeping. *Id.*

Similarly, in *Zyburo*, a TCPA action in which defendants argued that a class could not be certified because there was insufficient evidence of whether or not class members had given consent, the Court also held that the defendant could not rely on its failure to keep adequate records to defeat class certification. *Zyburo*, 44 F. Supp. 3d at 503. The Court found that the defendant "ha[d] no policies or procedures for determining whether the telephone numbers it receives from its clients and autodials are cellular numbers, or for determining whether the recipients of its autodialed calls have provided prior express consent to receive such calls" and that defendant was "in effect asking the Court to reward its imperfect record-keeping practices by precluding class certification." *Id*. The Court declined defendant's request and found that defendants' failure to keep adequate records on these elements did not create an ascertainability problem.

A similar approach was endorsed by the Court in *Bitzko v. Weltman, Weinberg & Reis Co., LPA*, No. 117-CV-458, 2019 WL 4602329, at *15 (N.D.N.Y. Sept. 23, 2019). There the Court rejected defendant's arguments that its records were insufficient to show class membership as a basis for denying class certification. As the Court reasoned, "there is evidence in the record that suggests that Defendants' records can identify, at least as a preliminary matter, who is a

consumer. The individuals so identified can be asked a simple [question] about whether their debt at issue qualifies as consumer debt in conjunction with class notification."). *Id.*

Recent case law also reaffirms that, because Defendants have the burden with respect to showing whether a particular loan was discharged in bankruptcy, Defendants' failure to produce evidence that each loan is within the cost of attendance requires a finding that the loan is dischargeable. It is well-established that exceptions to bankruptcy discharge are narrowly construed. *Mazloom v. Navient Sols., LLC* (*In re Mazloom*), Adv. Pro. No. 20-80033-6, 2022 WL 950932, at *4 (Bankr N.D.N.Y. Mar. 29, 2022). Defendants, as creditors bear the burden of proving by a preponderance of the evidence that any particular loan was excepted from discharge. *See, e.g., In re Ranciato*, 638 B.R. 275, 286 (Bankr. D. Conn. 2022), *reconsideration denied*, No. 18-31337, 2022 WL 877198 (Bankr. D. Conn. Mar. 24, 2022). While Defendants may come forward and show that an individual borrower is excluded from the class because his or her loan did not exceed the cost of attendance, their inability to make that showing based on their own records does not render the class unascertainable. *See, e.g.*, *Harte*, 2018 WL 1830811, at *32 (finding that Ocwen's creation of a system that "it can readily maneuver when it needs to find a borrower against whom to file foreclosure" but not when another party seeks an accounting of how many borrowers it sent correspondence to regarding foreclosure was "at best, a treacherous defense."). Defendants cannot hide behind their own failure to establish that borrowers' loans are qualified education loans to defeat class certification.

### B. Numerosity is Satisfied

It is well-established that "numerosity is presumed at a level of 40 members." *See Rodriguez v. CPI Aerostructures, Inc. et al.*, No. 20-CV-0982, 2023 WL 2184496, at *6 (E.D.N.Y. Feb. 16, 2023) (quoting *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), *cert. denied*, 515 U.S. 1122 (1995)). Despite the fact that this non-exacting standard has

easily been met, PHEAA's counsel has maintained that it still contests numerosity of the class. *See* Feb. 2, 2022 Hearing Tr. at pp. 39-42; Exhibit A to the Declaration of George F. Carpinello dated February 28, 2023.

After this Court allowed further discovery concerning loans of individuals who received a bankruptcy discharge, Plaintiff has been able to provide additional data on the number of individuals whose loans exceed the cost of attendance and an estimate of some of the individuals who attended non-Title IV schools. ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████ As the Court is aware, Plaintiff contends that loans that are merely guaranteed by nonprofits (but not funded) are not within the scope of § 523(a)(8)(A)(i). Further, Plaintiff contends that TERI, the largest so-called nonprofit guarantor, is not a proper "nonprofit institution" within the meaning of § 523(a)(8)(A)(i). *See* Plaintiff's Motion for Summary Judgment (Dkt. No. 244 at 7–37). ███████████

███████████████████████████████████████

███████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

Case 1-17-01005-ess    Doc 548    Filed 03/01/23    Entered 03/01/23 16:17:13

7

[redacted]

Also included in the class are individuals who did not attend Title IV schools at the time they received their loans. Defendants have contended that all the loans within their portfolios are

made to students who attended Title IV schools. That does not appear to be the case. An analysis was done of a number of PHEAA loans that did not match up with Title IV schools listed in the IPEDS database. Because of this, a further effort was made to compare the schools with the database of Title IV schools maintained by Mr. Kantrowitz, based upon U.S. government publications. That analysis revealed that there are a number of schools that do not appear to be Title IV schools. ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ Based on the foregoing analysis, numerosity is easily satisfied.

### C. Common Issues Predominate, Even When Considering Affirmative Defenses.

In opposing Plaintiff's motion for class certification, Defendants have employed a consistent strategy of trying to muddy the waters and distract the Court from the obvious common questions that predominate in this case. These attempts should be rejected.

First, the issue of predominance is "more qualitative than quantitative, and must account for the nature and significance of the material common and individual issues in the case." *Iowa Pub. Employees' Ret. Sys. v. Bank of Am. Corp.*, No. 17-CV-6221, 2022 WL 2829880, at *22 (S.D.N.Y. June 30, 2022); *Rodriguez v. CPI Aerostructures, Inc.*, No. 20-CV-0982, 2021 WL 9032223, at *10 (E.D.N.Y. Nov. 10, 2021). The analysis "requires more than simply counting the number of common and individualized issues; the [c]ourt must consider the relative complexity of those issues." *Royal Park Invs. SA/NV v. Bank of N.Y. Mellon*, No. 14-cv-6502, 2019 WL 652841, at *5 (S.D.N.Y. Feb. 15, 2019) (citing *In re Petrobras Securities*, 862 F.3d 250, 271 (2d Cir. 2017)); *Mendez v. MCSS Rest. Corp.*, No. 16-CV-2746, 2019 WL 2504613, at *11 (E.D.N.Y. June 17, 2019). The Court asks "whether issues susceptible to generalized proof outweigh individual issues." *Johnson v. Nextel Comms., Inc.*, 780 F.3d 128, 138 (2d Cir. 2015). "Plaintiffs need not

prove, however, that the legal or factual issues that predominate will be answered in their favor." *Iowa Pub. Employees' Ret. Sys.*, 2022 WL 2829880 at *22. Predominance is met where the individualized issues do not overwhelm the other common issues in the case. *In re Vale S.A. Sec. Litig.*, No. 19-CV-526, 2022 WL 969724, at *5 (E.D.N.Y. Mar. 31, 2022).

Predominance is satisfied "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Catholic Healthcare W. v. U.S. Foodservice Inc.* (*In re U.S. Foodservice Inc. Pricing Litig.*), 729 F.3d 108, 118 (2d Cir. 2013) (quoting *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010)) (internal quotation marks omitted). The common questions raised in this case (both by Plaintiff and Defendants) include: (1) is a private loan that exceeds the cost of attendance dischargeable?; (2) can a boilerplate certification make a loan non-dischargeable even if it exceeds the cost of attendance?; (3) is TERI a bonafide nonprofit institution and does its mere guarantee as opposed to actual funding make a loan nondischargeable; (4) does the fact that borrowers continue to make payments after being notified by Defendants that their loan is non-dischargeable constitute a "voluntary" payment?; (5) does taking a tax deduction for interest paid on interest paid on any of the subject loans constitute an admission by class members that a loan is nondischargeable?; and finally (6) does the failure to join all debt owners defeat the motion for class certification? None of these questions require this Court to engage in an individualized inquiry, rather, each can be answered by looking to common class-wide proof. *See McRobie v. Palisades Acquisition XVI, LLC*, No. 1:15-cv-00018, 2022 WL 1657226, at *8 n.10 (W.D.N.Y. Mar. 4, 2022) (rejecting argument that individualized issues predominated in FDCPA case where

9

liability was dependent on defendant's *lack* of meaningful review (which was resolvable by common proof).

It is well-established that individualized issues of damages do not defeat predominance. *Pryce v. Progressive Corp.*, No. 19-CV-1467, 2022 WL 969740, at *8 (E.D.N.Y. Mar. 31, 2022). That some inquiry may be necessary to determine Class Members' individual damages does not preclude certification or undermine the predominance of the common issues. *Sykes v. Mel S. Harris and Assoc., LLC*, 780 F.3d 70, 81-82 (2d Cir. 2015). The United States District Court for the Eastern District of New York found in *Mendez v. MCSS Restaurant Corporation* that plaintiffs had met the predominance requirement for both liability and damages because their claims based on their employer's uniform pay practices, although there were individualized damages issues such as whether the proposed classes the proposed classes may have included, for example, "some employees who used time cards to clock in and out and some who did not." No. 16-CV-2746, 2019 WL 2504613, at *12 (E.D.N.Y. June 17, 2019). The Court noted that these difference in their experiences did not overcome class certification where plaintiffs alleged "that all Class Members were systematically underpaid due to the same kinds of timekeeping errors." *Id.* The same is true here—the "individualized questions" raised by Defendants cannot defeat the fact that Plaintiff's and putative Class Members' claims arise out of a common course of conduct by Defendants. *See, e.g.*, *Barrett v. Wesley Fin. Grp., LLC*, No. 13-cv-554, 2015 WL 12910740, at *7 (S.D. Ca. Mar. 30, 2015).

Finally, the restitution owed to each class member can be easily determined and would not defeat class certification. The Class Members' outstanding loan balances, payments since discharge, and the cumulative collection attempts made by Defendants can all be determined from Defendants' records. Accordingly, there will be no need for individualized trials.

## **CONCLUSION**

For all of these reasons and the reasons contained in Plaintiff's prior arguments, evidence, and briefs on this issue, Plaintiff respectfully requests that her Motion for Class Certification be granted.

Dated: February 28, 2023

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ George F. Carpinello*
George F. Carpinello
Adam R. Shaw
Jenna C. Smith
30 South Pearl Street
Albany, NY 12207
(518) 434-0600

**JONES, SWANSON, HUDDELL L.L.C.**
Lynn E. Swanson (admitted *pro hac vice*)
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130

**FISHMAN HAYGOOD LLP**
Jason W. Burge (admitted *pro hac vice*)
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

*Counsel for Plaintiff Tashanna B. Golden*

## CERTIFICATE OF SERVICE

I, George F. Carpinello, hereby certify that on the 28th day of February 2023, I served the forgoing document on all counsel of record via ECF.

*/s/ George F. Carpinello*
George F. Carpinello