

H. Peter Haveles, Jr.

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 822 2280
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 8586
peter.haveles@akerman.com

March 9, 2023

**VIA ECF**

Honorable Elizabeth S. Stong
United States Bankruptcy Court
271-C Cadman Plaza
Suite 1595
Brooklyn, NY  11201

      Re:    <u>Golden v. Firstmark Services, LLC -- Adv. Proc. No. 17-1005</u>

Dear Judge Stong:

      We are attorneys for defendant Pennsylvania Higher Education Assistance Agency ("PHEAA").  We write with respect to the supplemental class certification papers that plaintiff filed late in the evening on February 28, 2023 (Dkt. 547).  We submit this letter on behalf of all defendants.

      Among the papers filed by plaintiff are two expert declarations from John DeBois and Mark Kantrowitz.[1]  These declarations contain new opinions by each individual, and are not duplicative of the expert declarations that plaintiff previously filed in support of her motion for class certification.

      In order to look behind the expert opinions and to prepare papers in response to plaintiff's supplemental class certification papers, on March 3, 2023, I wrote George Carpinello, one of plaintiff's attorneys, requesting that plaintiff produce each of Mr. DeBois' and Mr. Kantrowitz's work papers relating to their respective declarations.  A copy of my March 3 letter is annexed hereto as Exhibit A.

      Among the documents that we requested are the email communications between Mr. DeBois and Mr. Kantrowitz.  We specifically requested those documents because, in their respective declarations, the two gentlemen state that they collaborated and shared information in connection with the opinions set forth by Mr. DeBois in his declaration. *See* DeBois Declaration

---

[1] The declarations were filed under seal, and plaintiff sent the unsealed declarations to Chambers via a February 28, 2023 9:28 PM email.

¶ 15; Kantrowitz Declaration ¶ 3. Since such material falls within the discoverable material permitted under Rule 26(a)(2)(B), PHEAA and the other defendants are entitled to examine those communications.

Plaintiff, however, has objected to the request for emails, stating that she has to provide only the materials on which the experts "relied". We promptly disputed that objection. Since our reply, we have had no further response from plaintiff's counsel regarding plaintiff's objection. A copy of the email exchange between George Carpinello and myself regarding the production of emails is annexed hereto as Exhibit B.

As noted in my reply to Mr. Carpinello, plaintiff's objection is unfounded. When Rule 26(a)(2)(B) was amended in 2010, the Advisory Committee made clear in its comments that parties' narrow interpretation of their expert discovery obligations has no basis. The last two sentences of the 2010 Advisory Comments regarding Rule 26(a)(2)(B) state: "At the same time, the intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, **from whatever source**, that contains factual ingredients. **The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert**." (Emphasis added.)

Since that clarification was articulated, the courts in both the Southern and Eastern District have enforced the broad obligation to produce all materials that an expert considers, *i.e.*, even if the expert did not "rely" on the materials. *See In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 293 F.R.D. 568 (S.D.N.Y. 2013) ("In sum, the 2010 Amendment to Rule 26 requires disclosure of 'material of a factual nature' considered by testifying experts, but not the 'theories or mental impressions of counsel….' (quoting 2010 Advisory Committee Note) Or, as one court aptly summarized, '[t]he bright-line rule is no longer valid; attorneys' theories or mental impressions are protected, but everything else is fair game.'" (ellipsis in original, citation omitted)); *Whalen v. CSX Transportation, Inc.*, 2016 WL 5660381 (S.D.N.Y. Sept. 29, 2016); *Gordon v. Hydrohoist Marine Group, Inc.*, 2021 WL 9183823 (E.D.N.Y. July 19, 2021). In *Gordon*, the court considered whether Rule 26(a)(2)(B) required certain emails between the expert and counsel and emails among the expert and plaintiff representatives to be produced. The court analyzed the emails and held that only emails between the expert and counsel were protected. However, the court held that all the other emails were discoverable and compelled production of those emails because of the broad disclosure requirement imposed by the 2010 amendment. 2021 WL 918823 at * 2.

Thus, plaintiff may not refuse to share the email communications between Mr. DeBois and Mr. Kantrowitz. Because the two individuals admitted that they worked together, any communication between them falls within the scope of expert discovery. The Court should direct plaintiff to produce those emails.

Defendants have only a limited period of time to submit their papers. They are due on April 3, 2023.

In order to prevent delay in the submission of those papers and the hearing on the motion for class certification, we respectfully request that the Court direct plaintiff to produce all such

email communications by the end of the day March 10, 2023. If there is a delay beyond that date, however, defendants will regrettably be required to request an extension of the date for submission of their responsive papers.

    Thank you for Your Honor's consideration.

                                        Respectfully,

                                        */s/ H. Peter Haveles, Jr.*

                                        H. Peter Haveles, Jr.

cc:  All counsel of record

Attachment

# **<u>EXHIBIT A</u>**

# **<u>EXHIBIT A</u>**



H. Peter Haveles, Jr.

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 822 2280
DirF: 212 259 8586
peter.haveles@akerman.com

**VIA EMAIL**

March 3, 2023

George F. Carpinello, Esq.
Boies Schiller Flexner LLP
30 S Pearl Street
Albany New York 12207

    Re:  <u>Golden Supplemental Class Certification Papers</u>

Dear George:

    We write with respect to the supplemental papers that plaintiff filed in support of her motion for class certification on February 28, 2023.  Specifically, this letter concerns the two declarations from John DeBois and Mark Kantrowitz.

    Each individual addresses facts and conclusions that neither of them addressed in their earlier declarations submitted by plaintiff in support of her motion for class certification.  Each individual testifies about work and analysis that he has recently performed.

    Accordingly, we are entitled to obtain the workpapers of each individual in order to be able to respond to the supplemental papers filed by plaintiff.

    As to Mr. DeBois, he should produce to defendants all spreadsheets, data files, algorithms or programs and other documents that he used to review the data and materials recited in his declaration and to prepare the schedule that is submitted as Exhibit A to his declaration.

    Further, with respect to Firstmark, Mr. DeBois should also produce a list of the 111 loans he contends exceeded the maximum cost of attendance and the 833 loans that he contends could not be analyzed because they did not have a corresponding school name or were made outside of the 2000-2014 timeline.  For each such loan, Mr. DeBois should provide the corresponding Note ID (as originally included in Firstmark's previously-produced data feed excerpt) or other similar identifier sufficient to enable defendants to determine to which loans from Firstmark's data feed excerpt he is referring.

    As to Mr. Kantrowitz, he should produce the lists of Title IV schools that he provided to Mr. DeBois as well as any spreadsheets, data printouts, algorithms or programs or other documents relating to his individual review of the databases.

George F. Carpinello, Esq.
March 3, 2023
Page 2

      Finally, to the extent that there is correspondence or emails between Mr. DeBois and Mr. Kantrowitz relating to the work that they performed in concert and their collaboration, they should also produce those documents.

      These documents should be produced to us promptly so that we have sufficient time to prepare our opposition papers. Any delay in the production of those documents will necessitate our seeking an extension of defendants' due date from Judge Stong.

      Finally, we reserve our right to notice a deposition of either or both individuals after we have reviewed the documents.

      If you have any questions, please do not hesitate to ask.

                      Sincerely,

                        /s/ H. Peter Haveles, Jr.

                        H. Peter Haveles, Jr.

cc:     Gregory T. Casamento, Esq.
        Charles F. Kaplan, Esq.
        Adam R. Shaw, Esq.

# **EXHIBIT B**

**Akapo, Ashley (Assoc-NY)**

| | |
|---|---|
| **From:** | H. Peter Haveles, Jr. (Ptnr-NY) |
| **Sent:** | Wednesday, March 8, 2023 6:39 PM |
| **To:** | 'George Carpinello' |
| **Cc:** | Adam Shaw; GCasamento@lockelord.com; RDeRose@lockelord.com; ckaplan@perrylawfirm.com; Akapo, Ashley (Assoc-NY) |
| **Subject:** | RE: supplemental class papers |

George
The declarations are the equivalent of expert reports, as experts may not testify without having first proffered a report
Further, the 2010 advisory comment to Rule 26(a)(2)(B) and the subsequent case law reject your narrow interpretation of what must be produced.  In that regard, I refer you to the last sentence of the comment.
The fact that we have the data does not relieve the expert of his broad disclosure obligation.  We are entitled to examine the discussion that occurred between the two individuals in light of their admitted collaboration.

Regards
Peter Haveles

**From:** George Carpinello <gcarpinello@BSFLLP.com>
**Sent:** Wednesday, March 8, 2023 4:23 PM
**To:** H. Peter Haveles, Jr. (Ptnr-NY) <peter.haveles@akerman.com>
**Cc:** Adam Shaw <ashaw@BSFLLP.com>; GCasamento@lockelord.com; RDeRose@lockelord.com; ckaplan@perrylawfirm.com; Akapo, Ashley (Assoc-NY) <ashley.akapo@akerman.com>
**Subject:** Re: supplemental class papers

**[External to Akerman]**

We disagree. You are entitled to all the facts relied on, which you will get. Moreover, since you will have all the data you can run your own analysis. In any event, the declarations are not expert reports; they are mere computer calculations. No expert opinion is expressed.

**From:** peter.haveles@akerman.com <peter.haveles@akerman.com>
**Sent:** Wednesday, March 8, 2023 2:49:58 PM
**To:** George Carpinello <gcarpinello@BSFLLP.com>
**Cc:** Adam Shaw <ashaw@BSFLLP.com>; GCasamento@lockelord.com <GCasamento@lockelord.com>; RDeRose@lockelord.com <RDeRose@lockelord.com>; ckaplan@perrylawfirm.com <ckaplan@perrylawfirm.com>; ashley.akapo@akerman.com <ashley.akapo@akerman.com>
**Subject:** RE: supplemental class papers

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

George
First, when can we expect production
Second, as to emails, what is the basis for not producing emails that do not involve counsel in light of the statements in the declarations that Messrs. DuBois and Kantrowitz collaborated?  Such documents fall within the scope of materials considered under Rule 26.

1

Regards
Peter Haveles

**H. Peter Haveles, Jr.**
Partner
Akerman LLP | 1251 Avenue of the Americas, 37th Floor | New York, NY 10020
D: 212 822 2280 | T: 212 880 3800 | F: 212 259 8586
peter.haveles@akerman.com

---

**From:** George Carpinello <gcarpinello@BSFLLP.com>
**Sent:** Tuesday, March 7, 2023 4:58 PM
**To:** H. Peter Haveles, Jr. (Ptnr-NY) <peter.haveles@akerman.com>
**Cc:** Adam Shaw <ashaw@BSFLLP.com>; GCasamento@lockelord.com; RDeRose@lockelord.com; ckaplan@perrylawfirm.com; Akapo, Ashley (Assoc-NY) <ashley.akapo@akerman.com>
**Subject:** Re: supplemental class papers

**[External to Akerman]**

Peter: we will provide all the data you asked for. I am collecting it now and will send as soon as I have it. We will not provide emails .

**From:** peter.haveles@akerman.com <peter.haveles@akerman.com>
**Sent:** Tuesday, March 7, 2023 11:02:04 AM
**To:** George Carpinello <gcarpinello@BSFLLP.com>
**Cc:** Adam Shaw <ashaw@BSFLLP.com>; GCasamento@lockelord.com <GCasamento@lockelord.com>; RDeRose@lockelord.com <RDeRose@lockelord.com>; ckaplan@perrylawfirm.com <ckaplan@perrylawfirm.com>; ashley.akapo@akerman.com <ashley.akapo@akerman.com>
**Subject:** RE: supplemental class papers

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

George
I would appreciate a reply to my letter of last Friday

Regards
Peter Haveles

**H. Peter Haveles, Jr.**
Partner
Akerman LLP | 1251 Avenue of the Americas, 37th Floor | New York, NY 10020
D: 212 822 2280 | T: 212 880 3800 | F: 212 259 8586
peter.haveles@akerman.com

Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** H. Peter Haveles, Jr. (Ptnr-NY)
**Sent:** Friday, March 3, 2023 1:38 PM
**To:** George Carpinello <gcarpinello@BSFLLP.com>
**Cc:** Adam Shaw <ashaw@BSFLLP.com>; Casamento, Greg <GCasamento@lockelord.com>; 'DeRose, R.J' <RDeRose@lockelord.com>; ckaplan@perrylawfirm.com; Akapo, Ashley (Assoc-NY) <ashley.akapo@akerman.com>
**Subject:** supplemental class papers

George
Please see the attached letter

**H. Peter Haveles, Jr.**
Partner
Akerman LLP | 1251 Avenue of the Americas, 37th Floor | New York, NY 10020
D: 212 822 2280 | T: 212 880 3800 | F: 212 259 8586
peter.haveles@akerman.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]