```
 1                    UNITED STATES BANKRUPTCY COURT
                       EASTERN DISTRICT OF LOUISIANA
 2

 3   IN RE:                         :     Case No. 21-10624

 4   DESHAWN LAWRENCE DEASON,       :     Chapter 13

 5        Debtor,                   :     New Orleans, Louisiana
                                          Wednesday, March 22, 2023
 6                                  :     3:30 p.m.

 7   : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

 8   DESHAWN LAWRENCE DEASON,       :     AP 22-1008

 9        Plaintiff,                :

10             v.                   :

11   NATIONAL COLLEGIATE STUDENT    :
     LOAN TRUST 2006-2 and
12   NATIONAL COLLEGIATE STUDENT    :
     LOAN TRUST 2007-2,
13                                  :
          Defendants.
14                                  :
     : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :
15

16                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE MEREDITH S. GRABILL,
17                  UNITED STATES BANKRUPTCY JUDGE

18

19   Audio Operator:              SEAN McGINN

20
     Transcript prepared by:      JANICE RUSSELL TRANSCRIPTS
21                                1418 Red Fox Circle
                                  Severance, CO  80550
22                                (757) 422-9089
                                  trussell31@tdsmail.com
23

24   Proceedings recorded by electronic sound recording; transcript
     produced by transcription service.
25
```

```
 1  APPEARANCES (via telephone):

 2  For Debtor/Plaintiff:           KEVIN K. GIPSON, ESQ.
 3                                  3902 General DeGaulle
 4                                  New Orleans, LA   70114

 5  For the Defendants:             Sessions, Israel & Shartle, LLC
                                    BY:  JUSTIN H. HOMES, ESQ.
                                    3850 N. Causeway Blvd., Suite 200
                                    Metairie, LA   70002
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    P R O C E E D I N G S

2         THE COURT:  This is Judge Grabill.  We're here in

3 Adversary No. 22-1008, Deason v. the National Collegiate

4 Student Loan Trust 2006-2, and 2007-2.

5         If it's all right with the parties -- well, let's take

6 appearances, starting with the plaintiff.

7         MR. GIPSON:  Yes, your Honor.  This is Kevin Gipson on

8 behalf of Mr. Deason.

9         THE COURT:  Okay.

10         MR. HOMES:  Good afternoon, your Honor.  Justin Homes.

11 I'm here for the National Collegiate Student Loan Trusts.

12         THE COURT:  All right, perfect.

13         All right, Gentlemen.  What I'd like to do is just

14 read my ruling into the record and once I'm done, I will just

15 go ahead and tell you upfront that if you would like a

16 transcript of the ruling, you can contact Jennifer Nunnery --

17 that's N as in Nancy, U-N-N-E-R-Y -- in the clerk's office.

18 And her telephone number is available on our court's website.

19         All right.  Here we go.

20         Before the Court is the National Collegiate Student

21 Loan Trust 2006-2 and National Collegiate Student Loan Trust

22 2007-2's Motion for Summary Judgment filed by the Defendants

23 pursuant to 7056 of the Federal Rules of Bankruptcy

24 Procedure -- that's ECF Doc. No. 16 -- and the Opposition to

25 that motion filed Deshawn, filed by Deshawn Lawrence Deason,

1  the Debtor in this case, in the main case, at ECF Doc. 21.

2       In the Defendant's Motion, or with the Defendants'
3  Motion the Defendants attached a separate Statement of
4  Undisputed Facts.  The never -- the -- excuse me.  The Debtor
5  never filed a Statement of Undisputed Facts.  Pursuant to Local
6  Rule 7056-1(A), "All material facts in the statement will be
7  deemed admitted for purposes of the motion unless
8  controverted."

9       Also before the Court is the Debtor's Motion for
10 Summary Judgment.  That's ECF Docs. 23 and 24.  The Defendants
11 filed an omnibus response serving as an opposition to the
12 Debtor's Motion for Summary Judgment as well as a reply brief
13 in support of their own Motion for Summary Judgment, and
14 attached as an exhibit to that reply brief additional evidence
15 for this Court to consider.  That's at ECF Doc. 34.  Following
16 that filing, the Court provided the Debtor leave to respond to
17 that evidence, but the Debtor did not file a response.

18      Based upon the pleadings, the competent summary
19 judgment evidence, and applicable law, the Court states the
20 following Findings of Fact and Conclusions of Law pursuant to
21 Rule, Bankruptcy Rule 7052:

22      This Court has jurisdiction to grant the relief
23 provided for herein pursuant to 28 U.S.C. 1334.  The matter
24 presently before the Court constitutes a core proceeding that
25 this Court may hear and determine on a final basis under 28

1  U.S.C. 157(b)(2)(A) and (J).  The venue of the adversary
2  proceeding is proper under 28 U.S.C. 1408 and 1409(a).
3             Beginning in 2006, the Debtor's brother took out
4  private student loans to fund his college education.  See
5  Defendants' Exhibits G, G-2, and G-3 as well as the Defendants'
6  Statements of Undisputed Facts at 1 and 2.  The Debtor cosigned
7  at least two of those promissory notes.  The first promissory
8  note originated in April of 2006.  See Defendant Exhibit G and
9  G-2 and the Statement of Undisputed Facts at 1 and 2.  Through
10 promissory notes, JPMorgan Chase extended $20,000.  The
11 secondary promissory note originated in February of 2007.  See
12 Defendant Exhibit G and G-3 and the Statement of Undisputed
13 Facts at 1 and 2.  JPMorgan Chase also extended this loan in
14 the amount of $22,500.
15            Those loans, which I'll call the TERI Loans, were both
16 originated through the Education 1 Undergraduate Loan Program,
17 which I'll refer to as the Program, and both of the TERI Loans
18 were guaranteed by The Education Resources Institute,
19 Incorporated, also known as TERI.  See Statement of Undisputed
20 Facts at 3, Defendants' Exhibit C at Page 128, and also Pages
21 157 through 166 and see generally Defendants' Exhibit B.  The
22 Defendants acquired the first loan in June of 2006 and the
23 second loan in June of 2007.
24            In 2008, the Debtor filed a chapter 7 bankruptcy and
25 received a discharge, but it did not, or he did not list the

1  TERI Loans in his schedules.  You can see Case No. 08-12804,
2  [ECF Docs. 5 and 12].  After that bankruptcy, the Debtor
3  explained through affidavits that the Defendants filed two
4  lawsuits against him and his brother in connection with the
5  promissory notes.  See ECF Doc. 24, the Debtor's affidavit at
6  2.
7         After obtaining a judgment against the Debtor, the
8  Defendants began garnishing the Debtor's wages and then, in
9  2014, the Debtor filed a second bankruptcy and that case can be
10 found at Case No. 14-13299.  In Schedule F of that case the
11 Debtor listed certain TERI Loan debt.  See Case No. 14-13299,
12 [ECF Doc. 6].  The Defendants each filed a proof of claim
13 related to a TERI Loan in the Debtor's second bankruptcy case,
14 but neither party initiated an adversary proceeding to
15 determine the dischargeability of those TERI Loans.  At the
16 conclusion of that second case the Debtor received a discharge.
17 You can see Case No. 14-13299, [ECF Doc. 45].
18        On January 31, 2023, the Debtor filed a third petition
19 for bankruptcy relief, this time under Chapter 13 of the
20 Bankruptcy Code.  In the Debtor's current chapter 13
21 bankruptcy, the Defendants filed Proofs of Claim 3 and 4
22 asserting debts owed under the TERI Loans.  The Debtor filed
23 the instant adversary proceeding seeking a declaration from
24 this Court that the debts related to the Debtor's cosigning of
25 the TERI Loans were discharged in the Debtor's second

1  bankruptcy case.  The Debtor and the Defendants have each moved
2  for summary judgment on that issue.
3        In the context of deciding a motion for summary
4  judgment, "The court shall grant summary judgment if the movant
5  shows that there is no genuine dispute of any," "as to any
6  material fact and that the movant is entitled to judgment as a
7  matter of law."  That's Federal Rule of Civil Procedure 56(a).
8  "A party seeking summary judgment must demonstrate the absence
9  of a genuine dispute of material fact by establishing the
10 absence of evidence supporting an essential element of the non-
11 movant's case." See Northshore Offshore Group, LLC v. A&B Valve
12 & Piping System, LLC (In re Northshore Offshore Group, LLC)
13 [sic], Adversary No. 17-3406, 2018 Westlaw 5880949, at *2.
14 That's a bankruptcy case out of the Southern District of Texas
15 from November 5, 2018.
16        In deciding a motion for summary judgment, the judge,
17 the judge's function is not herself to weigh the evidence and
18 determine the truth of the matter, but to determine whether
19 there is a genuine issue for trial.  See Anderson v Liberty
20 Lobby, Incorporated, 477 United States Reporter 242, at 249,
21 from 1986.  In doing so, the court reviews the facts and
22 evidence in the light most favorable to the non-moving parties
23 at all times.  See Campo v. Allstate Insurance Company, 562
24 F.3d 751, at 754.  That's a Fifth Circuit case from 2009.
25        A party asserting that a fact cannot be or is

1  genuinely disputed must support that assertion by citing to
2  particular facts -- excuse me -- particular parts of materials
3  in the record showing that the materials cited do not establish
4  the presence or absence of a genuine dispute, or showing that
5  an adverse party cannot produce admissible evidence to support
6  that fact.  See Federal Rule of Civil Procedure 56(c)(1).  The
7  court need consider only the cited materials, but it may
8  consider other materials in the record.  Federal Rule of Civil
9  Procedure 56(c)(3).  If a party fails to properly support or
10 refute an assertion of fact, the court may consider the fact
11 undisputed for purposes of resolving the summary judgment
12 motion.  And that's Federal Rule of Civil Procedure 56(e).
13         Whereas here, the parties have filed cross-motions for
14 summary judgment.  The Court must rule on each party's motion
15 on an individual and separate basis.  See White Buffalo
16 Ventures, LLC, v. the University of Texas at Austin, 420 F.3d
17 366, at 370, a Fifth Circuit case from 2005.  If there is no
18 genuine issue of material fact and one or the other party is
19 entitled to prevail as a matter of law, a court will render
20 judgment.  See Standard Insurance Company v. Cargill, 2013
21 Westlaw 12101080, at *2.  That's a Northern District of Texas
22 case from July 23, 2013.
23         Section 523 of the Bankruptcy Code governs exceptions
24 to discharge.  Section 523(a)(8) lists three categories of
25 student loans that are excepted from discharge unless a court

1 finds that excepting such debt from discharge would impose an
2 undue hardship on the debtor or the debtor's dependents.  Here,
3 the Defendants assert that only, assert only that the TERI
4 Loans cosigned by the Debtor are nondischargeable under
5 523(a)(8)(A)(i) and the Debtor does not ask this Court to make
6 a finding of undue hardship.  Section 523(a)(8)(A)(i) excepts
7 from discharge any debt for an educational benefit overpayment
8 or loan made, insured, or guaranteed by a governmental unit, or
9 made under any program funded in whole or in part by a
10 governmental unit or nonprofit institution.
11      Because TERI is not a governmental unit, in order for
12 the debt owed under the TERI Loans to be excepted from
13 discharge the debt must satisfy three elements under
14 523(a)(8)(A)(i): (1) the TERI Loans must be debts for an
15 educational loan; (2) the TERI Loans must have been made under
16 a program; and (3) the program must have been at least
17 partially funded by a non-profit institution.  See In re Greer-
18 Allen, 602 Bankruptcy Reporter 831, at 836.  That's a
19 bankruptcy case from the District of Massachusetts from 2019.
20      The Debtor challenges Elements 1 and 3 of that
21 analysis.  The crux of the Debtor's argument regarding the
22 first element is that the debt is not for an educational loan.
23 That argument is based on the Debtor's assertion that tuition
24 at Delgado Community College at the time of the loan's
25 origination was $768 per semester, in addition to nominal fees,

but the Debtor cosigned on a debt of approximately $66,500. Because the value of the loans far exceed the cost of tuition, the Debtor argues that it was not used for educational purposes, but that argument was expressly rejected in In re Murphy, 282 F.3d 868, a Fifth Circuit case from 2002. There, the debtor used his student loan money to purchase a car, pay for housing, food, fraternity dues, and other ordinary life expenses. Nevertheless, the court specifically stated that is the purpose, not the use, of the loan that controls. You can see In re Murphy, 282 F.3d at 870.

Here, the loan agreement specifically states, "The proceeds of this loan will only," "will be used only for my educational expenses at the school." See Defendants' Exhibit G-2 and G-3. See also the Proof of Claim 3, Exhibit 1, Page 8, and Proof of Claim 4, Exhibit 1, Page 8. The Court finds that the purpose of the TERI Loans was to finance educational expenses at Delgado Community College, thus the first element is satisfied.

The Defendants assert that TERI-guarantee, guaranteed loans made through the program and that, therefore, the program is funded by the nonprofit, TERI. The Debtor disagrees with the, that assertion contending that TERI's guarantee of the program is not the same as funding of the program for purposes of 523(a)(8)(A)(i). The United States Court of Appeals for the Second Circuit has addressed that question. See Kelli M.

O'Brien v. First Marblehead Education Resources, Incorporated (In re O'Brien), 419 F.3d 104.  It's a Second Circuit case from 2005.  There, a student received a student loan through the Law Access Loan Program that was originated by KeyBank and guaranteed by TERI.  When the student defaulted on the loan, TERI paid KeyBank the outstanding balance.  In determining that the entity "funded" the "program" for purposes of 523(a)(8), the court concluded that because TERI devoted financial resources to the Law Access Loan Program as the guarantor of the loans made through that program TERI had funded the Law, Law Access Law Program for purposes of the statute. In so holding, the Second Circuit instructed that, "Section 20" -- "Section 523(a)(8) does not require that TERI fund the student's loan in order for that section to be applicable." See Pinpoint 106.  You can also see In re Greer-Allen, 602 Bankruptcy Reporter at 836 in which that court stated, "Importantly, it is the program, not the individual loan, that must have been funded by a governmental unit or nonprofit institution."

   The competent summary judgment evidence before the Court supports a finding that TERI funded the program for purposes of a 523(a)(8) analysis.  You can see ECF. Doc. 34, Exhibit A, evidencing TERI as the guarantor of the TERI Loans paying the holders of the TERI Loans following the default by the primary obligor.  See also the Defendants' Exhibit C, Pages

1  128 and then 157 through 166, containing a trust agreement
2  explaining that TERI is guaranteeing the loans in a separate
3  agreement.  You can see generally Defendants' Exhibit B,
4  providing purchase agreements where the sale is conditioned
5  upon a TERI guarantee and you can also see the Statement of
6  Undisputed Facts at 3 explaining that TERI guaranteed the
7  loans.
8           In Defendants' reply, Exhibit A is a check showing
9  that TERI wrote a disbursement check for at least one of the
10 TERI Loans at issue.  Additionally, in the Defendants' Motion
11 Exhibit B contains a variety of purchase agreements where
12 commercial entities acquired student loan notes.  The terms of
13 the purchase agreements make clear that the sales are
14 conditioned upon TERI guaranteeing the loans.  Additionally,
15 Exhibit C to the Defendants' Motion contains a trust agreement
16 exhibit, executed by both the Defendants and TERI.  Article 7
17 of the trust agreement explains that TERI will guarantee the
18 loans pursuant to a separate guaranty agreement.  See
19 Defendants' Exhibit C, Page 128.  Exhibit C also includes a
20 deposit and security agreement which is executed by both the
21 Defendant and TERI.  That document explains that TERI must
22 guarantee the underlying loans and it shows TERI's compensation
23 for making such guarantees.  See Defendants' Exhibit C, Pages
24 157 through 166.
25          Accordingly, the Court finds that Defendants have

1  presented unrefuted competent summary judgment evidence showing
2  that the debt at issue here is a student loan debt made through
3  a program and that that program was at least partially funded
4  by the non-profit institution, TERI.  Thus, the Defendants have
5  satisfied their burden under 523(a)(8)(A)(i) to show that the
6  debt incurred by the Debtor as the guarantor of the TERI Loans
7  is excepted from discharge and the Defendants are entitled to
8  judgment as a matter of law.
9           For the reasons stated, it is ordered that the
10 Defendants' Motion for Summary Judgment is granted and the
11 Debtor's Motion for Summary Judgment is denied.
12          A separate judgment on the Complaint filed in the
13 above-captioned adversary proceeding consistent with this
14 Memorandum Opinion and Order will be entered contemporaneously
15 and in accordance with Bankruptcy Rules 7054 and 9021.
16          All right.  Again, if you would like a transcript of
17 that recording, or that ruling, rather, you can contact the
18 clerk's office, Jennifer Nunnery in the clerk's office.
19          I will also tell you that this particular ruling will
20 be posted in, on what we call CourtSpeak, which, if you go to
21 the docket, probably not today but perhaps tomorrow, if you go
22 to the docket and go to the bottom of the docket and look for
23 today's Memo to Record, you will see a little, what looks like
24 a soundwave, audio wave, and that'll have instructions where --
25 it's called CourtSpeak -- and you should be able to click on

14

1 that and also listen to the recording if you need to just
2 listen to it one more time.
3    Okay.  Thank you very much, Gentlemen.
4    We're in recess until 4:00.
5    MR. HOMES:  Thank you, Judge.
6    (Proceedings concluded at 3:48 p.m.)
7
8
9                          CERTIFICATE
10    I, court approved transcriber, certify that the
11 foregoing is a correct transcript from the official electronic
12 sound recording of the proceedings in the above-entitled
13 matter.
14 /s/ *Janice Russell*                          April 4, 2023
15 Janice Russell, Transcriber                   Date
16
17
18
19
20
21
22
23
24
25